# EXHIBIT 9



World Wrestling
Entertainment, Inc.

1241 East Main St.
Stamford, CT 06902
Tel: 203 352 8600

**Via Federal Express**

January 21, 2003

Mr. Scott Levy 

Re:   Early Contract Release ("Release")

Dear Mr. Levy:

Reference is hereby made to that certain Booking Contract between Scott Levy ("Levy") and World Wrestling Entertainment, Inc., ("WWE") dated June 30, 2000, and made effective August 27, 2000, and any amendments or modifications thereto, in full force and effect as of the date hereof (collectively, the "Contract"). In consideration of the mutual promises and covenants set forth below and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Levy and WWE hereby agree as follows:

1. Upon mutual agreement by the parties, the Contract shall be and is hereby terminated and canceled effective as of January 15, 2003 (the "Termination Date").

2. Levy acknowledges and agrees that WWE created and owns the "New Intellectual Property" as described in the Contract, including without limitation the name and likeness of the character "Johnny Polo" and that all rights in and to the history, name, likeness and images of such character have belonged to, and forever belong to, WWE. Levy further acknowledges and agrees that WWE retains the exclusive right to retain and exploit in perpetuity history, for whatsoever purpose in any and all media and means of commerce, whether now or hereafter devised, the New Intellectual Property, including without limitation, the name and likeness of the character "Johnny Polo". Levy acknowledges and agrees that he is forever precluded from using any name, likeness, costumes, props, gimmicks, gestures, routines, themes, music, personalities, caricatures or anything else which refer or relate to, or which are confusingly similar to "Johnny Polo". Levy shall also immediately return to WWE all gags, costumes or parts of costumes, accessories, crowns, inventions, championship, title or other belts (if applicable), and any other items of tangible property provided to Levy by WWE.

3. Levy hereby acknowledges and agrees that WWE has performed all of its obligations pursuant to the Contract and WWE hereby acknowledges that Levy has performed all of his obligations pursuant to the Contract, except as required hereunder.

4.   A.   In consideration of the representations and warranties set forth herein by WWE and for WWE's agreement to grant this Release, WWE shall pay Levy the total sum of ███████████████████████████████████████████████, payable in a lump sum payment as a full and complete buyout of Levy's services under the Contract, other than the obligation to pay Levy the royalties due him pursuant to, and as determined by, the Contract.



January 21, 2003
Page 2

    B.    In addition to the foregoing, Levy represents and warrants as follows:

    (i)    Other than as may be required by applicable law, government order or regulations, or by order or decree of the Court, Levy hereby acknowledges and agrees that in further consideration of WWE's entering into this Release, Levy shall not, at any time during the Contract, or after the execution of the Release for any reason whatsoever, disclose to any person, organization, or publication, or utilize for the benefit or profit of Levy or any other person or organization, any sensitive or otherwise confidential business information, idea, proposal, secret, or any proprietary information obtained while with WWE and/or regarding WWE, its employees, independent contractors, agents, officers, directors, subsidiaries, affiliates, divisions, representatives, or assigns. Included in the foregoing, by way of illustration only and not limitation, are such items as reports, business plans, sales information, cost or pricing information, lists of suppliers or customers, talent lists, story lines, scripts, story boards or ideas, routines, gags, costumes or parts of costumes, accessories, crowns, inventions, championship, title or other belts (if applicable) and any other tangible or intangible materials written, composed, submitted, added, improvised, or created by or for Levy in connection with appearances for WWE, information regarding any contractual relationships maintained by WWE and/or the terms thereof, and/or any and all information regarding wrestlers engaged by WWE.

    (ii)    Levy further acknowledges and agrees that his agreement to be bound by the terms hereof is a material condition of WWE's willingness to execute this Release. Other than as may be required by applicable law, government order or regulation, or by order or decree of the court, the parties agree that neither of them shall publicly divulge or announce, or in any manner disclose, to any third party, any of the specific terms and conditions of the Contract or this Release; and both parties warrant and covenant to each other that none of their officers, directors, employees or agents will do so either.

    (iii)    To that end, Levy further agrees that he shall not make any statement or comments (written or otherwise) that criticize, disparage, injure or harm the reputation of WWE and/or the World Wrestling Entertainment including, but not limited to any statements or comments regarding the Levy character, the McMahon Family and/or any representative of WWE/World Wrestling Entertainment. As such, the parties mutually agree that if and when asked about the terms of this Release or the reasons why Levy has left WWE, the parties will state essentially as follows:

> "I ("Scott Levy") have asked the WWF for my early release so that I may pursue other interests."

5.    Effective as of the Termination Date, WWE hereby releases and discharges Levy from any and all further obligations pursuant to the Contract, except: a) those provisions which by their terms survive the expiration of the Contract; and b) the provisions of this Release. Levy shall have no further obligations to render or perform any services of any



nature whatsoever pursuant to the Contract after the Termination Date, and WWE shall have no right to cause Levy to provide any further services under the Contract thereafter.

6. Effective as of the Termination Date, Levy hereby releases and discharges WWE from any and all obligations pursuant to the Contract except as required hereunder. Levy acknowledges that except as expressly set forth herein, no representations of any kind or character have been made to Levy by WWE or by any of WWE's agents, representatives or attorneys to induce the execution of this Release. In order for Levy to induce WWE to sign this Release, Levy hereby releases WWE, its parent companies, affiliates, subsidiaries, successors, assigns, and its and their respective officers, directors, employees, independent contractors, licensees, representatives and agents from any and all claims, liabilities and obligations whatsoever in law or equity (whether now known or hereinafter discovered) which Levy has or may ever have arising out of or in connection with the Contract.

7. This Release shall be binding upon and inure to the benefit of Levy and WWE and their respective heirs, representatives, successors and assigns. This Release contains the entire understanding of the parties hereto and supersedes all prior oral and written communications and agreements with respect to the subject matter hereof.

8. This Release, its validity, construction and effect, shall be governed by and construed in accordance with the laws of the State of Connecticut applicable to contracts to be performed wholly therein, and shall not be modified or amended except by an instrument in writing signed by each of the parties hereto duly authorized to execute such modification or amendment. The invalidity or unenforceability of any provision hereof shall not affect the validity or enforceability of any other provision hereof.

9. Any claim, dispute, or other matter in question arising out of or relating to this Release shall be submitted only to courts in the state of Connecticut. The parties' agreement to submit all claims, disputes or matters in question to the courts in the state of Connecticut shall be specifically enforceable, and each party consents to jurisdiction in Connecticut.

10. In the event a legal action or any other proceeding is commenced to enforce any provision of this Release or as a result of any breach, default, or dispute related to this Release, the successful or prevailing party shall be entitled, in addition to any other relief, to recover all costs of litigation, including expert fees and reasonable attorneys' fees incurred in such action or proceeding.

11. The parties further agree that because of the special and unique obligations of Levy under this Release, a breach by Levy of the provisions in this Release shall cause WWE and/or World Wrestling Entertainment irreparable injury, which cannot be adequately measured by monetary relief. Consequently, without prejudice to or limitation of any other rights, remedies or damages which WWE is legally entitled to obtain, WWE



January 21, 2003
Page 4

shall be entitled to injunctive and other equitable relief against Levy to enforce the provisions of this Release.

Please confirm your acceptance of this Release as set forth above by signing in the space provided below on each of the enclosed two (2) copies and return them to me. One fully executed copy will be returned to you for your files. Thank you in advance for your prompt attention to this matter.

Very truly yours,

John A. Ruzich
Associate Counsel

cc:  Jim Ross
     Ed Kaufman
     John Laurinaitis
     Benny Morales
     Tom Bergamasco

AGREED AND ACCEPTED:

SCOTT LEVY                          WORLD WRESTLING ENTERTAINMENT INC.
("Levy")                            ("WWE")

By:_____          By:_____
       Scott Levy                          James Ross
Its:                                Senior Vice President Talent Relations
                                    and Wrestling Administration

Date: _____       Date: _____

G:\Department\Legal Affairs\Contract Releases\Levy, Scott Early Contract Release.doc
01/21/03



January 21, 2003
Page 5

STATE OF CONNECTICUT )
                                ) ss:  Stamford
COUNTY OF FAIRFIELD )

       On _____, 2003, before me personally came James Ross, Senior Vice President Talent Relations and Wrestling Administration of World Wrestling Entertainment, Inc., to me known, and known to me to be the individual described in, and who executed the foregoing Release, and duly acknowledged to me that he is a duly authorized corporate officer of World Wrestling Entertainment, Inc., and that he executed the same on behalf of said Company.

       WITNESS my hand and notarial seal this _____ day of _____, 2003.

                                                   _____
                                                   Notary Public

My commission expires: _____

STATE OF              )
                         ) ss:
COUNTY OF         )

       I am a Notary Public for said County and State, do hereby certify that Scott Levy personally appeared before me this day and acknowledged the due execution of the attached Release to be his free act and deed for the purposes therein expressed.

       WITNESS my hand and notarial seal this _____ day of _____, 2003.

                                                   _____
                                                 Notary Public

My commission expires: _____