# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Marcus Bagwell** and **Scott Levy**, | ) |
| individually and on behalf of all others | ) |
| similarly situated; | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) 3:16-cv-01350-JCH |
| | ) |
| **World Wrestling** | ) |
| **Entertainment, Inc.; WCW, Inc.**, | ) |
| | ) |
| Defendants. | ) |

## REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT

Defendants objection plainly rests on a misinterpretation of the language of Fed. R. Civ.

P. 15(a)(1).  Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure -

(1) *Amending as a Matter of Course*
A party may amend its pleading once as a matter of course within:
(A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Rule 15 was amended in 2009 to its present form.  It seems clear in dividing pleadings

into two types, (A) those which do not require a responsive pleading, for which the time period is

21 days after serving it; and (B) those to which a responsive pleading is required (such as a

complaint) for which the time period runs from the filing of the complaint until 21 days from

service of a responsive pleading or Rule 12 motion.  The construction of this rule as to (A) and

(B) applying to two different types of pleadings is made clear in 3 Moore's Federal Practice

§15.11 (3d ed.)("This simple, 21 day deadline applies to pleadings that do not require a

responsive pleading- generally this means an answer, . . .")

The large majority of judges interpreting the Rule are consistent with this approach, including two cases selected for official publication.  Villery v. District of Colombia, **277 F.R.D. 218**, 219 (D.D.C. 2011) ("Therefore, under Rule 15(a)(1)(B), a party has an absolute right to amend its complaint at any time from the moment the complaint is filed until 21 days after the earlier of the filing of a responsive pleading or a motion under Rule 12(b), (e), or (f). Stone v. Dewey, No. 10-cv-159, 2011 WL 2784595, at *6 (N.D. Fla. July 14, 2011)").

> A complaint is a pleading to which a responsive pleading is required. Fed.R.Civ.P. 7(a)(2). Thus, under Rule 15(a)(1)(B), the plaintiff has an absolute right to amend the complaint at any time from the moment the complaint is filed until 21 days after the earlier of the filing of a responsive pleading or a motion under Rule 12(b), (e), or (f). *Villery v. District of Columbia,* **277 F.R.D. 218**, 219 (D.D.C. 2011); *Stone v. Dewey,* No. 10-159, 2011 WL 2784595, at *6 (N.D. Fla. July 14, 2011).

Barnes v. District of Columbia, 42 F.Supp.3d 111, 114 (D.D.C. 2014).

Numerous unreported decisions have held likewise. "Because no responsive pleading or applicable Rule 12 motion had been filed in the reopened case prior to Plaintiffs amendment, the twenty-one day period for Plaintiff to amend his pleading had not yet started to accrue." Clay v. Colvin, No. 14-cv-02893-BAS BLM, (S.D. Cal. May 27, 2016);  "Because Hamilton moved to amend his complaint before a defendant filed an answer or Rule 12 motion, he may amend it without this Court's approval." Hamilton v. American Public University System, Civil Action No. 3:14-CV-80, (N.D.W.Va, February 11, 2015); Horne v. Doe, 2012 WL 4009887, n.5 (D. Mary. Sep. 5, 2012)("Because Horne moved to amended his Complaint before the Defendants filed either their Answer or Rule 12 motions, this Court will grant Horne's Motion to Amend as a matter of course."); American Realty Investors, Inc. v. Prime Income Asset Management, LLC, 2013 WL 5663069, * (D.Nev. Oct. 15, 2013)("In other words, a plaintiff may amend the complaint `as a matter of course' at any time as to a defendant who has not filed a responsive pleading or eligible motion under Rule 12.");  Rosin v. Thaler, 417 Fed.Appx. 432 (5th Cir.

2011) (stating that plaintiff "was entitled to amend his pleading once as a matter of right because the respondent had not yet filed a responsive pleading") (unpublished).

The Defendants' contention that Rule 15 contemplates a "gap" period after the first 21 days but before any responsive pleading or Rule 12 motion is filed where one amendment as of course is not allowed is clearly misguided, and was specifically identified and rejected by the Rules Committee that enacted the 2009 amendment to Rule 15.

This issue was comprehensively addressed by Judge Brimmer in a decision released in November of 2015 on exactly this issue where Judge Brimmer reversed his prior misinterpretation of the 2009 Rule 15 amendment.  Gentry v. National Multi List Service, Inc. , No. 14-cv-00858-PAB (D. Col. November 5, 2015)(copy attached).   Judge Brimmer's analysis entailed reviewing the history of the 2009 amendment, specifically including a report authored by Connecticut's own Judge Kravitz in his capacity as Chair of the Civil Rules Advisory Committee.  In response to a comment by the Jordan Committee expressing the erroneous "gap" construction, Judge Kravitz made clear in his report that that was a misinterpretation of the Rule, and further opined that the Rule did not need further clarification as it was clear enough as it is.

> In response, the Advisory Committee stated that the Jordan Center's comment "misinterpret[s] what is intended" by reading the proposed amendment to Rule 15(a)(1) "to create a gap that suspends and then revives the right to amend once as a matter of course." Hon. Mark R. Kravitz, *Report of the Civil Rules Advisory Committee* 56 (May 9, 2008), *available at* http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/Reports/CV06-2008.pdf (hereinafter "May Report"). In considering the Jordan Center's comment, the Advisory Committee considered whether to revise Rule 15(a)(1) to allow for amendment as a matter of course: "(A) *if the pleading is one to which a responsive pleading is not required*, 21 days after serving it, (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion * * *." *Id.* The Advisory Committee rejected this potential revision as "a matter of style" and stated that "the rule as published seems clear." *Id.*

<u>Gentry,</u> supra.  It is hard to imagine authority more persuasive than a report by Judge Kravitz in his capacity as chair of the Civil Rules Advisory Committee responsible for the subject amendment expressly rejecting the construction of the Rule proffered by Defendants here.

Defendant's objection misleadingly seeks to create the impression that numerous judges in this District have followed the "gap" misinterpretation of the rule.  A careful review of all of the authority cited by Defendant reveals each case is from Judge Haight, the brief mention of the issue is dicta in each case as the amendment was allowed in every one of them, and the party seeking to amend in each case does not appear to have called Judge Haight's attention to the clear authority setting forth the proper construction of Rule 15 as plainly intended by the drafters of the Rule. In fact, in a case where the interpretation of the Rule was actually litigated before Judge Haight, he applied the proper construction of the Rule.

> The amendment was timely: a party may amend a pleading as of right, though only once, if it files the amendment no later than twenty-one days after the service of a responsive pleading or a Rule 12 motion. Fed.R.Civ.P. 15(a)(1)(B). ***Neither Board has filed a pleading or motion responsive to the Counterclaim.***

<u>A. ex rel. A. v. Hartford Bd. of Educ.</u>, No. 3:11-CV-1381 CSH, 2012 WL 3887020, at *1 (D. Conn. Sept. 6, 2012)(emphasis added).  The amendment at issue in <u>A ex rel. A</u> was a May 22, 2012 amendment to a November 7, 2011 prior pleading. No. 3:11-CV-1381 CSH Motion to Amend Counterclaim (the "Motion") [Doc. 33]

Furthermore, it should not escape the Court's attention that this case is in its' infancy, and has not even had a 26(f) conference yet.  It is well settled that even if the right to amend as of course has expired, there is still a very liberal policy for discretionary amendments.  Thus, even if it should somehow be determined that the Plaintiffs request to amend should have been in the form of a request for leave rather than as of course, the Second Circuit, in reversing a denial of an amendment has expressly held that "we will not deem a request for leave to amend

insufficient on the basis of form alone." <u>Loreley Financing v. Wells Fargo Security LLC</u>, 797 F.3d  160, 190 (2d Cir 2015).  It is unclear why the Defendant is wasting the Courts time litigating a first amendment to a complaint sought to be made well prior to the 26(F) conference.

As appears to be a disturbingly common practice of this Defendant, they attempt to prejudice the Court by injecting outrageous claims of knowingly false allegations and misleadingly assert that Plaintiff's counsel "acknowledged" this. The real facts are that Defendant improperly served a Rule 11 motion on Plaintiffs' counsel falsely asserting among other claims that WWE had no royalty obligation to Bagwell (despite them actually paying royalties to him in 2016 as shown in Exhibit 10 to the First Amended Complaint).  Thereafter, on August 25, 2016, Clint Krislov, one of Plaintiff's attorneys, sent a pro forma courtesy email response which said -

> "Thank you for bringing these matters to our attention. We expect to be filing an amended complaint shortly, which should address all of the issues you've raised."

To suggest that this response was intended to acknowledge the validity of the clearly improper Rule 11 motion is misguided at best.  WHEREFORE, Plaintiff respectfully requests this Court enter an order granting its Motion to Amend its Complaint.

Respectfully submitted,

THE PLAINTIFFS
By /s/ *Brenden P. Leydon*
Brenden P. Leydon, Esq.
TOOHER WOCL & LEYDON, L.L.C.
80 Fourth Street
Stamford, CT 06905
Phone: (203) 324-6164
Fax: (203) 324-1407
Email: BLeydon@tooherwocol.com
Federal Bar No.: CT16026

Dated: September 22, 2016

Pro hac

KRISLOV & ASSOCIATES, LTD.
Clinton A. Krislov (clint@krislovlaw.com)
Matthew T. Peterson (matthew@krislovlaw.com)
20 N. Wacker Dr.
Suite 1300
Chicago, Illinois   60606
Tel.:   (312) 606-0500
Fax.: (312) 606-0207


*Counsel for Plaintiffs*


CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2016, a copy of the foregoing Reply in Support of Motion to Amend Complaint was filed electronically and served by mail on another unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


/s/ *Brenden P. Leydon*
Brenden P. Leydon, Esq.