```
 1                   UNITED STATES DISTRICT COURT

 2                     DISTRICT OF CONNECTICUT

 3    _____
      Marcus Bagwell, et al     )November 4, 2016
 4               Plaintiffs  )
      v.                          )
 5    World Wrestling             )3:16cv1350(JCH)
      Entertainment, Inc.         )
 6               Defendant  )2:30 p.m.
      _____)
 7
                                  141 Church Street
 8
                                  New Haven, Connecticut
 9

10                        HEARING

11
      B E F O R E:
12                  THE HONORABLE JANET C. HALL, U.S.D.J.

13    A P P E A R A N C E S:

14    For The Plaintiffs  :    Brenden P. Leydon
                                Tooher & Wocl & Leydon LLC
15                              80 Fourth St.
                                Stamford, CT 06905

16
                                Matthew T. Peterson
17                              Clinton A. Krislov (Telephonically)
                                Krislov & Associates
18                              20 N. Wacker Dr., Suite 1300
                                Chicago, IL 60606
19
      For the Defendant  :    Curtis B. Krasik
20                              Jerry S. McDevitt
                                K&L Gates, LLP
21                              K&L Gates Center
                                210 Sixth Ave
22                              Pittsburgh, PA 15222-2613

23                              Jeffrey Mueller
                                Day Pitney LLP
24                              242 Trumbull St.
                                Hartford, CT 06103-1212

25
```

1      THE COURT:  Thank you for your patience.  We're here

2  in the matter of Bagwell versus World Wrestling

3  Entertainment, Inc, Case Number 3:16cv1350.  If I can have

4  appearances please.  In the courtroom, if I can have

5  appearances please.

6      MR. LEYDON:  Brenden Leydon and Matthew Peterson for

7  the plaintiff.

8      MR. MUELLER:  Good afternoon, your Honor.  Jeffrey

9  Mueller from Day Pitney on behalf of the defendant and with

10  me are Jerry McDevitt and Curt Krasik from K&L Gates who have

11  been admitted pro hac vice in this case and Mr. McDevitt will

12  be speak on behalf of defendants today.

13      THE COURT:  Thank you.  Give me just a moment to get

14  my papers out.  I have note from the law clerk.  I can't make

15  sense of.  Here it is.  All right.

16      We're here this afternoon because I wanted to

17  address the Motion to Amend and also generally to address how

18  this case is going to be conducted going forward.

19      So with respect to the Motion to Amend, I don't know

20  who you will handle that for the plaintiff.

21      Whoever is handling it, I would ask if they could

22  rise so I can speak with them.

23      MR. LEYDON:  All right.  So what we want to propose

24  with the defendants is that we have -- we would like to see

25  the Motion to Dismiss.  We have another Amended Complaint

1   that we want to file, but we kind of want to work with them

2   to see maybe if we might not need to file it.  It is going to

3   depend if they are raising a certain defense.

4        THE COURT:  I have to say that's a very unusual

5   argument, sir.  Do I take it to mean you are withdrawing what

6   you filed as a motion to amend?

7        MR. PETERSON:  Yes, we filed a motion to Amend.

8        THE COURT:  I'm looking at it.  So I want to ask you

9   some questions about.  I'm not sure if you wish to withdrew

10  it.

11       MR. PETERSON:  No, no, go ahead.

12       THE COURT:  Why would you file a Motion to Amend if

13  you believe you have a right to amend as a right?

14       MR. PETERSON:  Brenden handled that part.  I will

15  hand it off to Brenden.

16       MR. LEYDON:  The reason I filed that was because the

17  defendants had said that they believe we didn't, so I thought

18  to have it teed up, it would be a motion asserting our right

19  to file, our right to amend which --

20       THE COURT:  But then you spend six pages in a reply

21  brief arguing you have the right.  Did I misread that?

22       MR. LEYDON:  But I recognize there's a dispute.

23  Having a motion would allow to be teed up for the ruling.

24       THE COURT:  I have not said you have a right.  If

25  you think you did, under the reading of the second part of

1  Rule 15(a) then what you do is docket the Amended Complaint.

2  Then they have to strike it under the theory that reading the

3  rule is not supportable.  It is an infinity date I guess I'd

4  call it but anyway.

5      Does the defense have any argument as to whether as

6  of right or not as of right, I shouldn't allow a plaintiff to

7  amend a Complaint approximately 33 days after the lawsuit was

8  filed and no answer had been filed and the Rule 11 letter

9  hadn't been sent?  Would there be any reason I shouldn't

10  allow the Amended Complaint?

11      MR. McDEVITT: If I may, it is even a little more

12  convoluted then Your Honor may realize right now because

13  what's happened is last week we had a Rule 26 conference,

14  talked about the schedule for responding to the First Amended

15  Complaint on the assumption that they be given leave or it

16  would be deemed filed as of right.  They told us as of

17  yesterday that they want to file another Amended Complaint on

18  Monday.  They now said something even more confusing today.

19      All we want to know, your Honor, no matter what

20  version whether it's the original Complaint, the Amended

21  Complaint, or the one they are talking about filing, in our

22  mind, they are all defective.  We would like to file a Motion

23  to Dismiss at the earliest possible time.  They are like

24  frogs on a lily pad.  They keep jumping around.  If they file

25  another Complaint on Monday, your HONOR, it will be the

1    fourth different version.  The same plaintiff's counsel filed

2    a lawsuit to the docket originally with Judge Underhill on

3    behalf of another former wrestler that's contrary to the

4    agreements they signed.  They withdraw that case.  They filed

5    the Bagwell that had a lot of defects in it.  We told them

6    about that.  They tried to amend that which your Honor is

7    talking about.  We advise them of the defects of that one.

8    Now they tell us again they want to amend on Monday.  We

9    haven't seen that.

10         Whatever your Honor decides, we would like to get to

11   the chase where we can file the motion to dismiss.  They also

12   agree, Your Honor, in the conferences that we had.  It is

13   very straight forward issue that Your Honor is going to have

14   to decide.  I can preview for you if you want me to.

15         THE COURT:  No, I really don't.  I will get to it

16   soon enough.

17         MR. McDEVITT: The point I was going to make, your

18   Honor, because of the simplicity of that issue, they had

19   agreed in our conference, there could be a stay of discovery

20   until such time we could present and the Court could decide

21   the Motions to Dismiss because it is a pretty straightforward

22   issue.  That's where we are on the whole issue, Your Honor.

23         THE COURT:  Does the plaintiff wish to file an

24   Amended Complaint other than the one that's the subject of

25   the pending motion?

```
 1          MR. LEYDON:  Is it okay if he handles that part?

 2          THE COURT:  Whoever wants to answer and can answer,

 3   I would be pleased to hear from.

 4          MR. PETERSON:  For right now, we'll stick with what

 5   we talked to them about the 26(f) and move forward with what

 6   we agreed then.

 7          THE COURT:  I wasn't there so I don't know what you

 8   talked about.  I have Docket 11, a Motion to Amend a

 9   Complaint dated December 7, 2016.  Attached to that is

10   something called a First Amended Class Action Complaint.  Is

11   that what you would like to have docketed and have them file

12   a response to?

13          MR. PETERSON:  Yes.

14          THE COURT:  The Court is granting the plaintiff's

15   Motion to Amend.  The interest of justice would call for it.

16   The defendants are in no way prejudiced by an Amended

17   Complaint the this early stage of the case.  They themselves

18   have suggested the original Complaint is be defective.  I

19   believe the plaintiff's response by requesting leave to file

20   an Amended Complaint is an effort -- I'm sure they think it

21   is an effort.  The defendants obviously don't.  To respond to

22   that.  In my world, Motions to Amend 32 days after the case

23   is initiated are routinely granted so Diahann, I'm granting

24   Number 11.

25          The plaintiff is directed to docket the attachment
```

1  to Document 11 which is known as 11-1 on the docket.  You

2  have to send it in as the First Amended Class Action

3  Complaint.  I presume that will get done today or Monday and

4  then the defendants had asked for until I believe November 7

5  on a consent motion.  Obviously that's next week.  What time

6  does the defense ask to file this Motion to Dismiss that they

7  seem to have already a pretty good idea of what they are

8  doing.

9       MR. McDEVITT: Last week, again subject obviously to

10 the Court's approval, when we talked about the scheduling,

11 and we're under a court order to submit our Rule 26 statement

12 I think on Monday.

13      THE COURT:  Monday is the 26 statement, but the

14 answer to the Complaint or the response I believe.

15      MR. McDEVITT: What we were going to suggest and what

16 we were going to file Monday, Your Honor, was this has been

17 agreed subject the Court's agreement, we'll file our Motion

18 to Dismiss by December 2, plaintiffs will file their

19 opposition to our motion by January 9.  We'll file our reply

20 on January 27.  The only reason for I guess giving the

21 plaintiffs more time and respect for the holidays.

22      THE COURT:  Why do you get to the 27th?  The usual

23 time is 14 days.  It's a mere response of ten pages and you

24 are going to take 19 days.

25      MR. McDEVITT: If you want condense that, I will

1    not --

2              THE COURT:  Why do you need until December 7?

3              MR. McDEVITT: That would be approximately 30 days

4    from whenever they file.

5              THE COURT:  All right.  I thought you wanted to get

6    this filed as soon as possible.

7              Mr. McDEVITT: Again, Your Honor, whatever the Court

8    orders.  I will not tell you we haven't looked at the motion

9    to dismiss because we have.  If you want to condense it, we

10   can condense that.

11             THE COURT:  I will leave it on the 7th and the

12   plaintiff's opposition will be the 9th.

13             MR. McDEVITT: It was actually the 2nd.

14             December 2 we'll file our motion.  And January 9

15   they will file their opposition.  We had the 27th. Whatever

16   the Court wants to give us, that's fine.

17             Could I ask this clarification of the Court, your

18   Honor?  Is the First Amended Complaint being filed as of

19   right or with leave of the court?

20             THE COURT:  I'm granting the motion.  There's a

21   Motion to Amend.  I'm granting the motion.

22             MR. McDEVITT: The way they style it, your Honor, it

23   was a motion for leave to amend.

24             THE COURT:  I know.  The caption is a motion.  I'm

25   treating it as a motion and I'm granting the motion.

1          Mr. McDEVITT: Could I ask this.  Do they still then

2     have another right to amend as of right or do they need leave

3     to amend further?

4          THE COURT:  I haven't decided that.  But they are

5     not going to need to amend until I rule on your Motion to

6     Dismiss and I presume on that if I rule in your favor, they

7     don't need to amend.  If I rule against them, I will decide

8     at that time whether it is futile to give them leave to amend

9     or whether they have another right.  I will give them the

10    right to amend in that motion to dismiss ruling.

11          Mr. McDEVITT: We assumed the Court would govern any

12    further amendments.  Okay.

13          THE COURT:  Once you file your Motion to Dismiss, I

14    think that is going to close out their as of right even under

15    their ruling.  I don't think they will amend the Complaint

16    while the motion is pending.

17          Mr. McDEVITT: On the interpretation they advanced

18    the amendment as of right, they probably could claim under

19    their argument that a Motion to Dismiss is not a responsive

20    pleading.  Therefore, they could amend again which is what

21    they suggested when they opened up today.  They want to see

22    our Motion to Dismiss, then they might amend again.  Then we

23    have to file a brief, then another brief.

24          THE COURT:  We'll see, sir. That brings me to one of

25    the other reasons I decided to have this hearing.  I haven't

1    had any of the lawyers except maybe Attorney Mueller may have

2    been here as a second chair awhile ago.  I don't know.  I

3    know from other outside bar matters, et cetera, maybe

4    forgetting another case he's on.  I don't know lead counsel

5    for the defendants. I know of plaintiff's counsel.  I don't

6    know, Attorney Leydon, whether I had you.  You seem familiar

7    to me but I don't remember the case I had you on.

8              MR. LEYDON:  We tried Lee Vanacore versus Kennedy.

9              THE COURT:  I haven't had a lot of dealings with

10   counsel in front of me, but I guess if this motion/as of

11   right/opposition/reply is any indication of how counsel

12   expect to conduct this case, you better get your

13   checkbooks ready.  I don't know who is going to be the

14   problem in the case or who is causing problems or will cause

15   problems.  If there are problems, I will eventually figure it

16   out.

17             When I figure it out, I will begin entering

18   sanctions.  They will be sanctions against you counsel and

19   your client so I'm ordering you to tell your client that will

20   be a consequence of what I consider inappropriate litigation

21   conduct.  By "inappropriate," I mean things that violate not

22   only specific rules of the court and orders of the court and

23   local and federal civil rules of procedure and in particular

24   Rule One.  So I don't expect to have any difficulties with

25   counsel but I'm troubled by the first go-around with this

1   motion.  So I thought it might be wise to call everybody in

2   and just make that very clear.  If people are going to

3   conduct themselves professionally and reasonably, we won't

4   have any problem.  I don't know if anybody wants to say

5   anything in response or thinks I'm being anticipatorily

6   unfair.  I don't mean to be.  Most of that is motion to

7   amend.  These filings are -- it seems to me parties could

8   have had a conversation, agreed what's going to be the

9   Amended Complaint, get it filed and file your motion to

10  dismiss.  Doesn't seem hard to me.  I have been out of

11  practice a long time.  Maybe I lost the feel for it.  Maybe

12  it is hard.

13        So is there anything else that the Court can take up

14  at this time on the matter?  No.  All right.  Thank you all

15  very must have.

16  (Whereupon, the above hearing adjourned at 2:50 p.m.)

17  COURT REPORTER'S TRANSCRIPT CERTIFICATE

18  I hereby certify that the within and foregoing is a true and

19  correct transcript taken from the proceedings in the

20  above-entitled matter.

21

22  /s/  Terri Fidanza

23  Terri Fidanza, RPR

24  Official Court Reporter

25