# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS BAGWELL and SCOTT LEVY, individually and on behalf of all others similarly situated, | : | NO.  3:16-CV-01350-JCH |
| | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| WORLD WRESTLING ENTERTAINMENT, INC. and WCW, INC., | : | |
| | : | |
| | : | |
| Defendants. | : | DECEMBER 2, 2016 |

## DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant World Wrestling Entertainment, Inc. ("WWE") hereby moves to dismiss the First Amended Complaint filed by Plaintiffs Marcus Bagwell ("Bagwell") and Scott Levy ("Levy") (collectively, "Plaintiffs") with prejudice.  As set forth more fully in the accompanying Memorandum of Law in support of this motion, all of Plaintiffs' claims against WWE must be dismissed for the following reasons.

First, Plaintiffs' breach of contract claim for non-payment of royalties on the WWE Network (Count I) must be dismissed because the plain and unambiguous language of Plaintiffs' Booking Contracts makes clear that they are not entitled to royalty payments for WWE's use of its copyrighted works on the WWE Network.  The streaming of content to subscribers on the WWE Network is not a "direct sale" under the Booking Contracts because subscribers can only view, but not buy, any of the content on the WWE Network and do not acquire title or ownership of any content.  The streaming content on the WWE Network also is not a "Video Product" under the Booking Contracts because that clause only refers to tangible products that consumers can directly buy to own for a specific price.  Plaintiffs' construction of the royalty provisions of

**ORAL ARGUMENT REQUESTED**

the Booking Contracts also conflicts with other relevant provisions of those contracts and would lead to absurd results contrary to established canons of construction.  Moreover, Plaintiffs are not entitled to royalties for streaming on the WWE Network any copyrighted works that were acquired from World Championship Wrestling, Inc. because neither Plaintiff had a contract with World Championship Wrestling that entitled him to such royalties, WWE did not assume such contracts in any event, and the merger doctrine does not apply to contracts with different entities and cannot transform a promise to pay royalties to include non-royalty bearing works.  Finally, Bagwell cannot assert a breach of contract claim for non-payment of royalties because he was not a party to any contract with WWE, WCW, Inc. no longer exists as a legal entity and lacks the capacity to be sued, and Bagwell does not allege a breach of contract in any event because he admits that he did not provide any services under the Booking Contract for WCW, Inc. that would entitle him to royalty payments.

Second, Plaintiffs' remaining claims (Counts II-IX) also must be dismissed because they all derive from and are dependent on the defective breach of contract claim in Count I.

Third, Plaintiffs' successor liability claim (Count VII) also must be dismissed because it fails to plead that the alleged predecessor corporation, World Championship Wrestling, Inc., owed any royalty obligations to Plaintiffs with respect to its video library and fails to plead facts to establish any exceptions to the general rule that the mere purchase of assets of one corporation by another does not make the purchaser liable for the debts and liabilities of the seller.

Fourth, Plaintiffs' breach of contract claims for non-payment of royalties within 90 days following the end of the quarter (Count IV) and Bagwell's breach of contract claim regarding the examination of WWE's books and records (Count VIII) also must be dismissed as to Bagwell because he was not contractually owed any royalties from WWE, and as to Levy because he

-2-

failed to satisfy the conditions precedent for filing a claim for royalties under the terms of his Booking Contract or to exhaust the remedies set forth in his contract prior to bringing such a claim and because his claim for interest on a nominal amount in a single quarter is *de minimis*.

Fifth, Plaintiffs' declaratory judgment claims (Counts V-VI) also must be dismissed because a declaratory judgment is a remedy and not a substantive cause of action and because the request for a declaratory judgment is unnecessary and duplicative of Plaintiffs' defective breach of contract claims.

Sixth, Plaintiffs' breach of fiduciary duty claim (Count II) also must be dismissed because it is based on the same underlying conduct as their defective breach of contract claim for WWE Network royalties and because their Booking Contracts reflect an arms-length business relationship that does not give rise to fiduciary duties as a matter of law.

Seventh, Plaintiffs' claim under the Connecticut Unfair Trade Practices Act ("CUTPA") (Count III) also must be dismissed because a simple breach of contract is not a CUTPA violation, Plaintiffs lack a relationship with WWE within the scope of CUTPA, and Plaintiffs lack standing to pursue a nationwide CUTPA claim.

Eighth, Plaintiffs' unjust enrichment claim (Count IX) also must be dismissed because it incorporates allegations of an express contract and is based on the same subject matter governed by an express contract and because Plaintiffs cannot establish that WWE was unjustly enriched in the absence of any express contract.

Ninth, Plaintiffs' non-contractual state law claims (Counts II, III, and IX) also must be dismissed because they are all preempted by federal copyright law.

WHEREFORE, the Court should grant WWE's motion to dismiss the First Amended Complaint in its entirety and with prejudice.

DEFENDANT WORLD WRESTLING
ENTERTAINMENT, INC.

By: /s/ Jerry S. McDevitt
     Jerry S. McDevitt (*pro hac vice*)
     Curtis B. Krasik (*pro hac vice*)
     K&L GATES LLP
     K&L Gates Center
     210 Sixth Avenue
     Pittsburgh, PA 15222
     Phone: (412) 355-6500
     Fax: (412) 355-6501
     Email: jerry.mcdevitt@klgates.com
     Email: curtis.krasik@klgates.com

     Jonathan B. Tropp (ct11295)
     Jeffrey P. Mueller (ct27870)
     DAY PITNEY LLP
     242 Trumbull Street
     Hartford, CT 06103
     Phone: (860) 275-0100
     Fax: (860) 275-0343
     Email: jbtropp@daypitney.com
     Email: jmueller@daypitney.com

     Its Attorneys

## CERTIFICATION OF SERVICE

     I hereby certify that on December 2, 2016 a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

          /s/ Jeffrey P. Mueller
          Jeffrey P. Mueller (ct27870)