# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS BAGWELL and SCOTT LEVY, individually and on behalf of all others similarly situated, | : | NO. 3:16-CV-01350-JCH |
| | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| WORLD WRESTLING ENTERTAINMENT, INC., | : | |
| | : | |
| Defendant. | : | JUNE 2, 2017 |

## WORLD WRESTLING ENTERTAINMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' <u>SECOND AMENDED CLASS ACTION COMPLAINT</u>

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits the following Answer and Affirmative Defenses to the second amended class action complaint ("SAC") filed by Plaintiffs Marcus Bagwell ("Bagwell") and Scott Levy ("Levy"), averring as follows:

## I.     NATURE OF THE ACTION

1.     The allegations set forth in paragraph 1 of the SAC constitute Plaintiffs' characterization of this lawsuit to which no response is required. To the extent a response is deemed necessary, WWE denies all such allegations, specifically, it is denied that Bagwell and Levy represent a class of similarly situated individuals; that any such individuals are owed royalty payments from WWE with respect to content made available for subscribers to view on the WWE Network; that WCW, Inc. is the non-surviving corporation of a merger with WWE; that content is sold or licensed by WWE on the WWE Network; and that WWE otherwise

breached any contractual obligations to Bagwell, Levy or the putative class by failing to pay royalties within 90 days following the end of the fiscal quarter.

## II.     JURISDICTION AND VENUE

2.     The allegations set forth in paragraph 2 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, WWE denies all such allegations.

3.     The allegations set forth in paragraph 3 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, WWE denies all such allegations.

4.     WWE lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 4 of the SAC, and on that basis denies all such allegations.

5.     Admitted.

6.     The allegations set forth in paragraph 6 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, WWE denies all such allegations.

7.     WWE lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 7 of the SAC, and on that basis denies all such allegations.

8.     The allegations set forth in paragraph 8 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, WWE admits that it is subject to personal jurisdiction in this Court.

9.     The allegations set forth in paragraph 9 are denied, specifically, it is denied that

WCW, Inc. was the non-surviving corporation of a merger with WWE that occurred on or about August 30, 2011.

10.     The allegations set forth in paragraph 10 are denied, specifically, WWE did not merge with WCW, Inc. and therefore WWE did not succeed to WCW, Inc.'s liabilities.

11.     The allegations set forth in paragraph 11 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, WWE admits that venue is proper in this District.

### III.     PARTIES

12.     It is admitted that WWE is a Delaware corporation with a principal place of business at 1241 East Main Street, Stamford, Connecticut.  It is further admitted that WWE is the successor to Titan Sports, Inc. ("Titan").  It is also admitted that WWE or Titan have promoted sports entertainment programming under the names World Wrestling Entertainment and World Wrestling Federation.  The remaining allegations set forth in paragraph 12 of the SAC are denied.

13.     The allegations set forth in paragraph 13 of the SAC are denied.

14.     WWE lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 14 of the SAC, and on that basis denies all such allegations.

15.     The allegations set forth in paragraph 15 of the SAC are denied, specifically, it is denied that Bagwell was employed by World Championship Wrestling, Inc. ("WCWI") or WCW, Inc.; that WCW, Inc. merged with WWE in 2001; and that WWE assumed all of WCW, Inc.'s liabilities.

16.     WWE lacks knowledge or information sufficient to form a belief about the truth

of the allegations set forth in paragraph 16 of the SAC, and on that basis denies all such allegations.

17.     The allegations set forth in paragraph 17 of the SAC are denied, specifically, it is denied that Levy was employed by WCWI, WWE, or ECW.

### IV.     FACTUAL ALLEGATIONS

18.     It is admitted only that on February 24, 2014 WWE launched the WWE Network, which is a 24/7 direct to consumer video streaming network.  The remaining allegations set forth in paragraph 18 of the SAC are denied.

19.     It is admitted that the WWE Network is available in over 180 countries.  It is further admitted that the subscription fee for the WWE Network currently is, and has been, $9.99 per month in the United States.  The remaining allegations set forth in paragraph 19 of the SAC are denied.

20.     It is admitted only that the programming includes all 12 WWE live monthly pay-per-view events and certain reality shows.  The remaining allegations set forth in paragraph 20 of the SAC are denied.

21.     It is admitted only that the WWE Network reported 1.56 million total subscribers at the end of the second quarter of 2016 and a then-record 1.82 million total subscribers in April 2016.  The remaining allegations set forth in paragraph 21 of the SAC are denied.

22.     It is admitted only that, in 2016, WWE Network subscribers watched a total of 294 million hours of content up 15% from 2015.  The remaining allegations set forth in paragraph 22 of the SAC are denied.

23.     The allegations set forth in paragraph 23 of the SAC are denied.

24.     It is admitted that no royalties have been paid to Plaintiffs with respect to content

4

made available for subscribers to view on the WWE Network but denied that any such royalties are owed.  The remaining allegations set forth in paragraph 24 of the SAC are denied.

## Plaintiff Levy

25.     It is admitted only that Exhibit 1 purports to be a booking contract between Levy and World Wrestling Federation Entertainment, Inc. that was dated June 30, 2000.  The remaining allegations set forth in paragraph 25 of the SAC are denied.

26.     Admitted.

27.     The allegations set forth in paragraph 27 of the SAC do not state any factual averments and therefore no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

28.     The allegations set forth in paragraph 28 of the SAC are denied.

29.     The allegations set forth in paragraph 29 of the SAC are denied, except it is admitted that no royalties have been paid to Plaintiffs with respect to content made available for subscribers to view on the WWE Network but denied that any such royalties are owed.

30.     The allegations set forth in paragraph 30 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 30 of the SAC are inconsistent with that writing, those allegations are denied.

31.     The allegations set forth in paragraph 31 of the SAC are denied.

32.     The allegations set forth in paragraph 32 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 32 of the SAC are inconsistent with that writing, those allegations are denied.

33.     The allegations set forth in paragraph 33 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 33

of the SAC are inconsistent with that writing, those allegations are denied.

34.    The allegations set forth in paragraph 34 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 34 of the SAC are inconsistent with that writing, those allegations are denied.

35.    The allegations set forth in paragraph 35 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 35 of the SAC are inconsistent with that writing, those allegations are denied.

36.    The allegations set forth in paragraph 36 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 36 of the SAC are inconsistent with that writing, those allegations are denied.

37.    It is admitted only that the "Network" segment within WWE's "Media Division" reported net revenue of $180.9 million in 2016 and $159.4 million in 2015.  The remaining allegations set forth in paragraph 37 of the SAC are denied.

38.    The allegations set forth in paragraph 38 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 38 of the SAC are inconsistent with that writing, those allegations are denied.

39.    The allegations set forth in paragraph 39 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 39 of the SAC are inconsistent with that writing, those allegations are denied.

40.    It is admitted only that the "Network" segment within WWE's "Media Division" reported net revenue of $180.9 million in 2016 and $159.4 million in 2015.  The remaining allegations set forth in paragraph 40 of the SAC are denied.

41.    The allegations set forth in paragraph 41 of the SAC are denied, except it is

admitted that no royalties have been paid to Levy with respect to content made available for subscribers to view on the WWE Network but denied that any such royalties are owed.

42.     The allegations set forth in paragraph 42 of the SAC are denied.

43.     It is admitted only that WWE Network LLC currently is listed as a subsidiary of WWE.

44.     The allegations set forth in paragraph 44 of the SAC are denied as stated.  The agreements relating to the WWE Network do not involve any license as contemplated by Levy's 2000 Booking Contract.

45.     The allegations set forth in paragraph 45 of the SAC are denied.

46.     The allegations set forth in paragraph 46 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 46 of the SAC are inconsistent with that writing, those allegations are denied.

47.     The allegations set forth in paragraph 47 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 47 of the SAC are inconsistent with that writing, those allegations are denied.

48.     The allegations set forth in paragraph 48 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 48 of the SAC are inconsistent with that writing, those allegations are denied.

49.     The allegations set forth in paragraph 49 of the SAC are denied.

50.     The allegations set forth in Paragraph 50 of the SAC are denied, except it is admitted that no royalties have been paid to Levy with respect to content made available for subscribers to view on the WWE Network but denied that any such royalties are owed.

51.     It is admitted only that Exhibit 6 purports to be a booking contract between Levy

and Titan Sports, Inc. that was made on May 4, 1993. The remaining allegations set forth in paragraph 51 of the SAC and footnote 4 that is referenced in paragraph 51 of the SAC are denied.

52.     The allegations set forth in paragraph 52 of the SAC purport to describe the contents of a writing that speaks for itself. To the extent the allegations set forth in paragraph 52 of the SAC are inconsistent with that writing, those allegations are denied.

53.     The allegations set forth in paragraph 53 of the SAC purport to describe the contents of a writing that speaks for itself. To the extent the allegations set forth in paragraph 53 of the SAC are inconsistent with that writing, those allegations are denied.

54.     The allegations set forth in paragraph 54 of the SAC purport to describe the contents of a writing that speaks for itself. To the extent the allegations set forth in paragraph 54 of the SAC are inconsistent with that writing, those allegations are denied.

55.     It is admitted only that Levy appeared in the 1993 Survivor Series. The remaining allegations set forth in paragraph 55 of the SAC are denied.

56.     The allegations set forth in paragraph 56 of the SAC are denied, except it is admitted that no royalties have been paid to Levy with respect to making Survivor Series 1993 available for subscribers to view on the WWE Network but denied that any such royalties are owed.

57.     WWE lacks knowledge or information sufficient to form a belief about the truth of the allegations as to what Plaintiff Levy believes, and on that basis denies them. The remaining allegations set forth in paragraph 57 of the SAC are denied.

58.     The allegations set forth in paragraph 58 of the SAC purport to describe the contents of a writing that speaks for itself. To the extent the allegations set forth in paragraph 58

of the SAC are inconsistent with that writing, those allegations are denied. It is specifically denied Levy has submitted the required written objection to any WWE royalty statement in accordance with Paragraph 7.11(a) of Levy's 1993 Booking Contract.

59.     It is admitted only that Levy performed for ECW at certain times, although WWE lacks knowledge or information as to the precise dates. The remaining allegations set forth in paragraph 59 of the SAC are denied.

60.     Admitted.

61.     Admitted.

62.     The allegations set forth in paragraph 62 of the SAC do not state any factual averments and therefore no response is required. To the extent a response is deemed necessary, all such allegations are denied.

63.     The allegations set forth in paragraph 63 of the SAC are denied, except it is admitted that no royalties have been paid to Levy with respect to ECW content made available for subscribers to view on the WWE Network but denied that any such royalties are owed.

64.     The allegations set forth in paragraph 64 of the SAC are denied.

65.     It is admitted that Levy has not been paid royalties with respect to WCW content made available for subscribers to view on the WWE Network but denied that any such royalties are owed. The remaining allegations set forth in paragraph 65 of the SAC are denied.

66.     The allegations set forth in paragraph 66 of the SAC and Exhibit 7 refer to an unsigned document that speaks for itself. To the extent the allegations set forth in paragraph 66 of the SAC are inconsistent with that document, those allegations are denied. WWE further denies that the referenced document was executed by Levy.

67.     The allegations set forth in paragraph 67 purport to describe the contents of an

unsigned document that speaks for itself.  To the extent the allegations set forth in paragraph 67 of the SAC are inconsistent with that document, those allegations are denied.  WWE further denies that the referenced document was executed by Levy.

68.     The allegations set forth in paragraph 68 purport to describe the contents of an unsigned document that speaks for itself.  To the extent the allegations set forth in paragraph 68 of the SAC are inconsistent with that document, those allegations are denied.   WWE further denies that the referenced document was executed by Levy.

69.     The allegations set forth in paragraph 69 are denied.

70.     The allegations set forth in paragraph 70 purport to describe the contents of an unsigned document that speaks for itself.  To the extent the allegations set forth in paragraph 70 of the SAC are inconsistent with that document, those allegations are denied.  WWE further denies that the referenced document was executed by Levy.

71.     The allegations set forth in paragraph 71 purport to describe the contents of an unsigned document that speaks for itself.  To the extent the allegations set forth in paragraph 71 of the SAC are inconsistent with that document, those allegations are denied.  WWE further denies that the referenced document was executed by Levy.

72.     The allegations set forth in paragraph 72 of the SAC are denied.

**Plaintiff Bagwell**

73.     It is admitted only that a WWE subsidiary acquired, among other things, the WCW trademark and copyrighted video library from WCWI.  The remaining allegations set forth in paragraph 73 of the SAC are denied.

74.     The allegations set forth in paragraph 74 of the SAC are denied.

75.     The allegations set forth in paragraph 75 of the SAC are denied.

76.     It is admitted only that Exhibit 9 purports to be a booking contract between Bagwell and WCW, Inc. that was made effective as of June 4, 2001.  The remaining allegations set forth in paragraph 76 of the SAC and footnote 6 that is referenced in paragraph 76 of the SAC are denied.

77.     The allegations set forth in paragraph 77 of the SAC are denied.

78.     The allegations set forth in paragraph 78 of the SAC are denied, except it is admitted that no royalties have been paid to Bagwell with respect to WCW content made available for subscribers to view on the WWE Network but denied that any such royalties are owed.

79.     The allegations set forth in paragraph 79 of the SAC are denied.

80.     The allegations set forth in paragraph 80 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 80 of the SAC are inconsistent with that writing, those allegations are denied.

81.     The allegations set forth in paragraph 81 of the SAC are denied.

82.     The allegations set forth in paragraph 82 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 82 of the SAC are inconsistent with that writing, those allegations are denied.

83.     The allegations set forth in paragraph 83 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 83 of the SAC are inconsistent with that writing, those allegations are denied.

84.     The allegations set forth in paragraph 84 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 84 of the SAC are inconsistent with that writing, those allegations are denied.

85. The allegations set forth in paragraph 85 of the SAC purport to describe the contents of a writing that speaks for itself. To the extent the allegations set forth in paragraph 85 of the SAC are inconsistent with that writing, those allegations are denied.

86. The allegations set forth in paragraph 86 of the SAC purport to describe the contents of a writing that speaks for itself. To the extent the allegations set forth in paragraph 86 of the SAC are inconsistent with that writing, those allegations are denied.

87. It is admitted only that the "Network" segment within WWE's "Media Division" reported net revenue of $180.9 million in 2016 and $159.4 million in 2015. The remaining allegations set forth in paragraph 87 of the SAC are denied.

88. The allegations set forth in paragraph 88 of the SAC purport to describe the contents of a writing that speaks for itself. To the extent the allegations set forth in paragraph 88 of the SAC are inconsistent with that writing, those allegations are denied.

89. The allegations set forth in paragraph 89 of the SAC purport to describe the contents of a writing that speaks for itself. To the extent the allegations set forth in paragraph 89 of the SAC are inconsistent with that writing, those allegations are denied.

90. It is admitted only that the "Network" segment within WWE's "Media Division" reported net revenue of $180.9 million in 2016 and $159.4 million in 2015. The remaining allegations set forth in paragraph 90 of the SAC are denied.

91. The allegations set forth in Paragraph 91 of the SAC are denied, except it is admitted that no royalties have been paid to Bagwell with respect to WCW content made available for subscribers to view on the WWE Network but denied that any such royalties are owed.

92. The allegations set forth in paragraph 92 of the SAC and Exhibit 13 refer to an

unsigned document that speaks for itself.  To the extent the allegations set forth in paragraph 92 of the SAC are inconsistent with that document, those allegations are denied.

93.     The allegations set forth in paragraph 93 of the SAC purport to describe the contents of an unsigned document that speaks for itself.  To the extent the allegations set forth in paragraph 93 of the SAC are inconsistent with that document, those allegations are denied.

94.     The allegations set forth in paragraph 94 of the SAC purport to describe the contents of an unsigned document that speaks for itself.  To the extent the allegations set forth in paragraph 94 of the SAC are inconsistent with that document, those allegations are denied.

95.     The allegations set forth in paragraph 95 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

96.     The allegations set forth in paragraph 96 of the SAC purport to describe the contents of an unsigned document that speaks for itself.  To the extent the allegations set forth in paragraph 96 of the SAC are inconsistent with that document, those allegations are denied.

97.     The allegations set forth in paragraph 97 of the SAC are denied.

98.     The allegations set forth in paragraph 98 of the SAC are denied, except it is admitted that no royalties have been paid to Bagwell with respect to WCW content made available for subscribers to view on the WWE Network but denied that any such royalties are owed.

99.     The allegations set forth in paragraph 99 of the SAC are denied.

100.     It is admitted only that WWE Network, LLC currently is listed as a subsidiary of WWE.

101.     The allegations set forth in paragraph 101 of the SAC are denied as stated.  The

agreements relating to the WWE Network do not involve any license as contemplated by Bagwell's 2001 Booking Contract with WCW, Inc.

102.     The allegations set forth in paragraph 102 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 102 of the SAC are inconsistent with that writing, those allegations are denied.

103.     The allegations set forth in paragraph 103 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 103 of the SAC are inconsistent with that writing, those allegations are denied.

104.     The allegations set forth in paragraph 104 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 104 of the SAC are inconsistent with that writing, those allegations are denied.

105.     The allegations set forth in paragraph 105 of the SAC are denied, except it is admitted that no royalties have been paid to Bagwell with respect to WCW content made available for subscribers to view on the WWE Network but denied that any such royalties are owed.

106.     The allegations set forth in paragraph 106 of the SAC are denied as stated. Consistent with industry practice, WWE sends out royalty statements once accrued royalties rise above the de minimis threshold of $50.

107.     The allegations set forth in paragraph 107 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 107 of the SAC are inconsistent with that writing, those allegations are denied.

108.     The allegations set forth in paragraph 108 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all

such allegations are denied.

109.     The allegations set forth in paragraph 109 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 109 of the SAC are inconsistent with that writing, those allegations are denied.

110.     The allegations set forth in paragraph 110 of the SAC are denied as stated. Bagwell was erroneously paid royalties on WWE-produced videos depicting WCWI works to which he was not legally entitled.

111.     The allegations set forth in paragraph 111 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 111 of the SAC are inconsistent with that writing, those allegations are denied.

112.     The allegations set forth in paragraph 112 of the SAC are denied as stated. Bagwell was not legally entitled to any such royalties on WWE-produced videos depicting WCWI works.

113.     The allegations set forth in paragraph 113 of the SAC are denied as stated. Bagwell was not legally entitled to any such royalties on WWE-produced videos depicting WCWI works.

114.     It is admitted that Bagwell has not been paid royalties with respect to content made available for subscribers to view on the WWE Network but denied that any such royalties are owed.  The remaining allegations set forth in paragraph 114 of the SAC are denied.

115.     The allegations set forth in paragraph 115 of the SAC are denied.

116.     The allegations set forth in paragraph 116 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 116 of the SAC are inconsistent with that writing, those allegations are denied.

117.    The allegations set forth in paragraph 117 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 117 of the SAC are inconsistent with that writing, those allegations are denied.

118.    The allegations set forth in paragraph 118 of the SAC are denied.

119.    It is admitted only that Levy's Second Quarter 2016 WWE royalty statement does not identify any "Previously Unpaid Royalties Earned."  The remaining allegations set forth in paragraph 119 of the SAC are denied.

120.    It is admitted that Levy has not been paid royalties with respect to content made available for subscribers to view on the WWE Network but denied that any such royalties are owed.  The remaining allegations set forth in paragraph 120 of the SAC are denied.

121.    The allegations set forth in paragraph 121 of the SAC are denied.

122.    The allegations set forth in paragraph 122 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 122 of the SAC are inconsistent with that writing, those allegations are denied.

123.    It is admitted only that WWE received a letter from Michael A. Totilo, purportedly a certified public accountant and a member in good standing of the AICPA, who claimed that he had been retained by Bagwell to audit the accounting records of WWE for purposes of verifying the accuracy of royalty payments received by Bagwell.  The remaining allegations set forth in paragraph 123 of the SAC are denied.

124.    It is admitted only that Mr. Totilo sent WWE letters dated June 28, 2016 and July 22, 2016 in which he proposed dates in July 2016 and the first week of August 2016 to conduct an audit.  The remaining allegations set forth in paragraph 124 of the SAC are denied.

125.    It is admitted only that K&L Gates LLP, counsel to WWE, sent Matthew Peterson

a letter dated August 5, 2016, the contents of which speak for themselves.  The remaining allegations set forth in paragraph 125 of the SAC are denied.

126.    The allegations set forth in paragraph 126 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 126 of the SAC are inconsistent with that writing, those allegations are denied.

127.    The allegations set forth in paragraph 127 of the SAC are denied.

128.    The allegations set forth in paragraph 128 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

129.    The allegations set forth in paragraph 129 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 129 of the SAC are inconsistent with that writing, those allegations are denied.

130.    The allegations set forth in paragraph 130 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

131.    The allegations set forth in paragraph 131 do not state any factual averments and therefore no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

132.    The allegations set forth in paragraph 132 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 132 of the SAC are inconsistent with that writing, those allegations are denied.

133.    It is admitted only that K&L Gates LLP, counsel to WWE, sent Matthew Peterson a letter dated August 5, 2016 with respect to Bagwell.  The remaining allegations set forth in

paragraph 133 of the SAC are denied, specifically, that letter did not reference Levy and, to WWE's knowledge, neither Peterson nor Krislov & Associates represented Levy at that time.

134. The allegations set forth in paragraph 134 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, all such allegations are denied.

135. The allegations set forth in paragraph 135 of the SAC purport to describe the contents of a writing that speaks for itself. To the extent the allegations set forth in paragraph 135 of the SAC are inconsistent with that writing, those allegations are denied.

136. The allegations set forth in paragraph 136 of the SAC constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, all such allegations are denied.

137. The allegations set forth in paragraph 137 do not state any factual averments and therefore no response is required. To the extent a response is deemed necessary, all such allegations are denied.

## V. CLASS ACTION ALLEGATIONS

138. The allegations set forth in paragraph 138 of the SAC constitute Plaintiffs' characterization of the putative class to which no response is required. To the extent a response is deemed necessary, WWE denies the substance of the allegations set forth in paragraph 138 of the SAC and denies that the putative class is entitled to certification under Fed. R. Civ. P. 23.

139. The allegations set forth in paragraph 139 of the SAC constitute Plaintiffs' characterization of the putative class to which no response is required. To the extent a response is deemed necessary, WWE denies the substance of the allegations set forth in paragraph 139 of the SAC and denies that the putative class is entitled to certification under Fed. R. Civ. P. 23.

140-149.    WWE states that the SAC omits any allegations numbered as paragraphs 140-149.

150.    The allegations set forth in paragraph 150 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

151.    The allegations set forth in paragraph 151 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

152.    The allegations set forth in paragraph 152 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

153.    The allegations set forth in paragraph 153 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

154.    The allegations set forth in paragraph 154 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

155.    The allegations set forth in paragraph 155 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

156.    The allegations set forth in paragraph 156 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

## VI.   CAUSES OF ACTION

## COUNT I

157.    WWE repeats and re-alleges its responses to every allegation above as if set forth herein in full.

158.    The allegations set forth in paragraph 158 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, WWE denies the substance of the allegations set forth in paragraph 158 of the SAC and denies that the putative class is entitled to certification under Fed. R. Civ. P. 23.

159.    The allegations set forth in paragraph 159 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

160.    The allegations set forth in paragraph 160 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 160 of the SAC are inconsistent with that writing, those allegations are denied.

161.    The allegations set forth in paragraph 161 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 161 of the SAC are inconsistent with that writing, those allegations are denied.

162.    The allegations set forth in paragraph 162 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

163.    The allegations set forth in paragraph 163 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

164.     The allegations set forth in paragraph 164 of the SAC are denied, except it is admitted that no royalties have been paid to Plaintiffs with respect to content made available for subscribers to view on the WWE Network but denied that any such royalties are owed.

165.     The allegations set forth in paragraph 165 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

**COUNT II**

166.     WWE incorporates by reference its response to each and every prior and subsequent allegation as though fully set forth at this point.

167.     The allegations set forth in paragraph 167 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

168.     The allegations set forth in paragraph 168 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

169.     The allegations set forth in paragraph 169 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

170.     The allegations set forth in paragraph 170 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

171.     The allegations set forth in paragraph 171 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such

allegations are denied.

**COUNT III**

172.    WWE incorporates by reference its response to each and every prior and subsequent allegation as though fully set forth at this point.

173.    The allegations set forth in paragraph 173 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

174.    The allegations set forth in paragraph 174 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

175.    The allegations set forth in paragraph 175 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

176.    The allegations set forth in paragraph 176 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

177.    The allegations set forth in paragraph 177 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

178.    WWE lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 178 of the SAC, and on that basis denies all such allegations.

**COUNT IV**

179.    WWE incorporates by reference its response to each and every prior and subsequent allegation as though fully set forth at this point.

180.    The allegations set forth in paragraph 180 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, WWE denies the substance of the allegations set forth in paragraph 180 of the SAC and denies that the putative class is entitled to certification under Fed. R. Civ. P. 23.

181.    The allegations set forth in paragraph 181 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such allegations are denied.

182.    The allegations set forth in paragraph 182 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 182 of the SAC are inconsistent with that writing, those allegations are denied.

183.    The allegations set forth in paragraph 183 of the SAC purport to describe the contents of a writing that speaks for itself.  To the extent the allegations set forth in paragraph 183 of the SAC are inconsistent with that writing, those allegations are denied.

184.    Denied as stated.  Paragraph 7.12(a) of Bagwell's and Levy's Booking Contracts provide that "statements as to royalties payable hereunder [shall be sent] to WRESTLER within ninety (90) days following the end of each quarter, based upon the royalties received and processed by [WWE/WCW, Inc.] in the previous quarter."  The remaining allegations set forth in Paragraph 184 of the SAC are denied.

185.    The allegations set forth in paragraph 185 are denied.

186.    The allegations set forth in paragraph 186 of the SAC constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, all such

allegations are denied.

**COUNT V**

187. WWE incorporates by reference its response to each and every prior and subsequent allegation as though fully set forth at this point.

188. The allegations set forth in paragraph 188 of the SAC purport to describe the contents of a writing that speaks for itself. To the extent the allegations set forth in paragraph 188 of the SAC are inconsistent with that writing, those allegations are denied.

189. The allegations set forth in paragraph 189 of the SAC are denied, except it is admitted that no royalties have been paid to Levy with respect to content made available for subscribers to view on the WWE Network but denied that any such royalties are owed.

190. The allegations set forth in paragraph 190 of the SAC purport to describe the contents of a writing that speaks for itself. To the extent the allegations set forth in paragraph 190 of the SAC are inconsistent with that writing, those allegations are denied.

191. The allegations set forth in paragraph 191 of the SAC are denied, except it is admitted that no royalties have been paid to Levy with respect to content made available for subscribers to view on the WWE Network but denied that any such royalties are owed.

192. The allegations set forth in paragraph 192 of the SAC purport to describe the contents of a writing that speaks for itself. To the extent the allegations set forth in paragraph 192 of the SAC are inconsistent with that writing, those allegations are denied.

193. The allegations set forth in paragraph 193 of the SAC are denied, except it is admitted that no royalties have been paid to Bagwell with respect to WCW content made available for subscribers to view on the WWE Network but denied that any such royalties are owed.

194. The allegations set forth in paragraph 194 of the SAC constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, all such allegations are denied.

## PRAYER FOR RELIEF

WHEREFORE, the Court should deny certification of the putative plaintiff class; deny any and all relief requested by Plaintiffs in the SAC; and award WWE its costs of litigation, including expert fees and reasonable attorneys' fees and expenses incurred in defending this action as well as such other and further relief that this Court deems appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, for failure to state claims on which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred by this Court's lack of subject matter jurisdiction.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations under Connecticut law.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver based on their knowing failure to contest the non-payment of royalties on the WWE Network and/or WWE's exploitation of copyrighted works acquired from WCWI or HHG Corp.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of acquiescence based on their knowing failure to contest the non-payment of royalties on the WWE Network and/or WWE's exploitation of copyrighted works acquired from WCWI or HHG Corp.

## Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel based on their knowing failure to contest the non-payment of royalties on the WWE Network and/or WWE's exploitation of copyrighted works acquired from WCWI or HHG Corp.

## Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by laches based on their knowing failure to contest the non-payment of royalties on the WWE Network and/or WWE's exploitation of copyrighted works acquired from WCWI or HHG Corp.

## Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of account stated based on their failure to object to statements of royalties in accordance with their booking contracts.

## Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by their failure to satisfy conditions precedent to the filing of suit under their booking contracts, including, specifically, (a) failure to object to statements of royalties within one year; and (b) failure to conduct an audit.

## Tenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the failure to exhaust their remedies under their booking contracts, including, specifically, (a) failure to object to statements of royalties within one year; and (b) failure to conduct an audit.

## Eleventh Affirmative Defense

26

Plaintiffs' claims are barred, in whole or in part, by their failure to provide a specific objection in writing stating the basis for their objection to any statement of royalties within one year in accordance with paragraph 7.12(c) of their booking contracts

### Twelfth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction based on their failure to object to statements of royalties in accordance with their booking contracts.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification based on their failure to object to statements of royalties in accordance with their booking contracts.

### Fourteenth Affirmative Defense

Insofar as Plaintiffs claim punitive or exemplary damages, such claims are barred by paragraphs 12.4 and 13.9 of Plaintiffs' booking contracts under which Plaintiffs each expressly waived punitive or exemplary damages in two different provisions.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by their unclean hands.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the asserted claims were released.

### Seventeenth Affirmative Defense

Levy's claims under his 1993 booking contract are barred by the merger clause of his 2000 booking contract.

### Eighteenth Affirmative Defense

Levy's claims are barred, in whole or in part, by res judicata.

### Nineteenth Affirmative Defense

Plaintiffs' CUTPA claim is barred by lack of standing.

### Twentieth Affirmative Defense

Levy's claims are barred, in whole or in part, by the sale order issued by the U.S.

Bankruptcy Court for the Southern District of New York in the matter of In re: HHG Corp., Case

No. 01-B-11982(ASH).


WWE hereby gives notice that it intends to rely on any other defense that may hereafter

become available or discovered during these proceedings and hereby reserves its right to amend

its Answer and Affirmative Defenses accordingly.

DEFENDANT WORLD WRESTLING
ENTERTAINMENT, INC.,

By:  _/s/ Jerry S. McDevitt_____
    Jerry S. McDevitt (pro hac vice)
    Curtis B. Krasik (pro hac vice)
    K&L GATES LLP
    K&L Gates Center
    210 Sixth Avenue
    Pittsburgh, PA 15222
    Phone: (412) 355-6500
    Fax: (412) 355-6501
    Email: jerry.mcdevitt@klgates.com
    Email: curtis.krasik@klgates.com

    Jonathan B. Tropp (ct11295)
    Jeffrey P. Mueller (ct27870)
    DAY PITNEY LLP
    242 Trumbull Street
    Hartford, CT 06103
    Phone: (860) 275-0100

Fax: (860) 275-0343
Email: jbtropp@daypitney.com
Email: jmueller@daypitney.com

Its Attorneys.

<u>CERTIFICATION</u>

I hereby certify that on June 2, 2017 a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

 /s/ *Jeffrey P. Mueller*