UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Marcus Bagwell and Scott Levy, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Civil Action No. 3:16-cv-01350-JCH |
| v. | Hon. Janet C. Hall |
| World Wrestling Entertainment, Inc., | |
| Defendant. | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE**
**THIRD AMENDED CLASS ACTION COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs respectfully move for leave to file a Third Amended Class Action Complaint ("TAC"), a copy of which is attached hereto as **EXHIBIT 1**. In support of this motion, Plaintiffs state as follows:

1       On May 19, 2017, Plaintiffs filed their Second Amended Class Action Complaint ("SAC").

2.      On June 2, 2017, Defendant World Wrestling Entertainment, Inc. ("WWE") filed an answer to Plaintiffs' SAC.

3.      Plaintiffs' counsel was out of the office from May 31, 2017 through June 6, 2017.

4.      Upon his return on June 6, 2017, Plaintiffs' counsel reviewed WWE's answer to the SAC. While reviewing the answer, Plaintiffs' counsel discovered for the first time that he uploaded the wrong draft of the SAC to the Court's ECF system.

1

Plaintiffs' counsel inadvertently uploaded a version of the SAC that omitted a Class Definition and paragraphs 140-149, as those paragraphs appeared verbatim in the First Amended Complaint. *See* **EXHIBIT 2** (Declaration of Matthew Peterson).

5.  That counsel inadvertently omitted the allegations is demonstrated by the omitted allegations themselves. Page 31 of the SAC defines the WWE Network Class, then has a heading for "Royalties Not Paid Within 90 Days Following End Of The Quarter Class," but contains no corresponding class definition. **EXHIBIT 3** (SAC, Dkt. No. 51, p. 31).

6.  Page 31 of the SAC also shows that the paragraph numbering mistakenly goes from 139 to 150. **EXHIBIT 3** (SAC, Dkt. No. 51, p. 31).

7.  The SAC also omitted the entirety of paragraphs 103 to 107 of the First Amended Complaint, which contain the class exclusions and Rule 23(a) criteria. (Dkt. No 35, ¶¶103-107.)

8.  Plaintiffs' counsel has prepared a redline of the TAC to make clear that the changes being proposed are simply adding in the paragraphs that were mistakenly omitted. The proposed TAC is attached as **EXHIBIT 1** to this motion, and the redline of the proposed TAC is attached as **EXHIBIT 4**.

9.  The changes proposed in the TAC are as follows:

<u>Royalties Not Paid Within 90 Days Following End Of The Quarter Class</u>

> All individuals entitled to statements of royalties payed to them by WWE or its predecessors in interest within 90 days following the end of each quarter and did not receive their statement of royalties within 90 days following the end of each quarter; and

<u>Paragraphs 140 through 149</u>

140.  Plaintiffs reserve the right to amend the Class definitions if further investigation and discovery indicates that the Class definitions should be narrowed, expanded, or otherwise modified.

141.  Excluded from the Class is Defendant; its officers and directors.

142.  Also excluded is Defendant's affiliates, legal representatives, attorneys, heirs, and assigns of Defendant.

143.  Any federal state or local government entity is excluded.

144.  Any judge, justice or judicial officer presiding over this matter is excluded, and the members of their immediate families and judicial staffs.

Rule 23 (a) Criteria

145.  Plaintiffs do not know the exact size or identities of the members of the proposed Classes, since such information is in the exclusive control of Defendant.

146.  Plaintiffs believe that the Classes encompass hundreds of individuals whose identities and royalties owed can be readily ascertained from Defendant's books and records. Accordingly, the members of the Classes are so numerous that their individual joinder would be impracticable.

147.  Commonality. There are numerous questions of law and fact that are common to the Plaintiffs and all members of the Classes, including, but not limited to the following:

      a)      Whether WWE breached its Booking Contract duties;
      b)      Whether WWE breached its Early Contract Release duties;
      c)      Whether Plaintiffs and Class members have suffered damages; and
      d)      Whether Plaintiffs and Class members are entitled to equitable relief.

148.    Typicality. Plaintiffs are members of the Classes that have claims that are typical of all members of the Classes. Plaintiffs' claims and all of the Class members' claims arise out of the same uniform course of conduct by Defendant and may be remedied under the same legal theories.

149.    Adequacy. Plaintiffs will fairly and adequately represent the interest of the members of the Classes. Plaintiffs have no conflicts of interest with, or interest, that are any different from those of the other class members. Plaintiffs have retained competent counsel experienced in class action and other complex litigation.

10.    The TAC adds only the above-mentioned material and otherwise maintains the same claims and allegations as found in the SAC. See **EXHIBIT 4** (redline version of TAC showing the addition of the applicable class definition and inadvertently omitted paragraphs from the SAC).

11.    Defendant WWE will in no way be prejudiced if the proposed changes are allowed at this point in the proceedings, as it would only need to answer the ten omitted paragraphs. Further, the proposed TAC does not add any new defendants, set forth any new claims, or raise any new legal theories.

12. Plaintiffs are very aware of the Court's prior warnings regarding future amendments in this case; however, they only seek this amendment to correct counsel's clerical error. Prior to filing this motion, Plaintiffs' counsel conferred with WWE's counsel, and WWE's counsel consented to Plaintiffs' counsel's request.

13. This motion is appropriate to correct the clerical error described above.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for leave to file the proposed TAC.

Dated: June 9, 2017               Respectfully submitted,

                                  By: /s/ Matthew T. Peterson

*Admitted Pro Hac Vice*           Matthew T. Peterson (CT08146)
                                  900 W. Jackson Blvd., Suite 4E
                                  Chicago, Illinois 60607
                                  Phone: (815) 999-9130
                                  Email: matthew@matthewtpetersonlaw.com

                                  Brenden P. Leydon (CT16026)
                                  80 Fourth Street
                                  Stamford, Connecticut 06905
                                  Phone: (203) 324-6164
                                  Email: BLeydon@tooherwocol.com

                                  *Counsel For Plaintiffs and the Classes*

### CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2017, a copy of the foregoing Plaintiffs' Motion For Leave To File Third Amended Complaint was served via this Court's electronic case filing system.

                                  /s/ Matthew T. Peterson
                                  Matthew T. Peterson