UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
MARCUS BAGWELL and SCOTT LEVY, :
individually and on behalf     :   Civ. No. 3:16CV01350(JCH)
of all others similarly        :
situated,                      :
                               :
v.                             :
                               :
WORLD WRESTLING ENTERTAINMENT, :
INC.                           :   July 27, 2017
                               :
-------------------------------x
```

## MEMORANDUM OF CONFERENCE AND SCHEDULING ORDER

Chief Judge Janet C. Hall referred this matter to the undersigned for a scheduling conference. See Doc. #73. On July 27, 2017, the Court conducted an in person Scheduling Conference. Attorneys Maura Mastrony and Matthew Silverman[1] appeared for plaintiffs Marcus Bagwell and Scott Levy ("plaintiffs"). Attorneys Curtis B. Krasik, Jerry S. McDevitt, and Jeffrey Mueller appeared for defendant World Wrestling Entertainment, Inc. ("defendant").

At the conference, the parties discussed matters related to the putative class, the parties' 26(f) Report, and scheduling issues. Counsel for plaintiffs indicated that the estimated size of the putative class is as many as 1000 individuals.

---

[1] Attorney Silverman does not have an appearance in this case. Counsel for defendant did not object to his appearance for the purposes of the conference.

1

The parties agreed that prior to the resolution of the plaintiffs' Motion for Class Certification, each side will require a total of no more than ten depositions of fact and expert witnesses. The parties agreed that they will serve no more than 25 written interrogatories, including all discrete subparts, and that they will seek leave to serve additional interrogatories if they so require. Requests for admission are limited to twenty (20) in number (including subsections) without further order of the Court. The parties agreed to meet and confer on the discovery procedures for electronically stored information ("ESI") and to reduce their agreement to writing on or before **August 4, 2017.**

Plaintiffs had previously agreed to provide the "identical formula" referenced in the Third Amended Class Action Complaint to the defendant on or before **August 7, 2017.** See Doc. #65 at 33.

As new counsel has recently appeared for plaintiffs, on or before **August 4, 2017,** plaintiffs shall file a Notice on the docket indicating which attorneys are currently representing them. Any attorney that is no longer representing plaintiffs shall file a Motion to Withdraw as Counsel on or before **August 4, 2017.**

Plaintiffs shall propound initial discovery requests on or before the close of business of **August 4, 2017.** The parties shall file a Joint Status Report on or before the close of business of **August 9, 2017,** that includes copies of the discovery requests served by plaintiffs, and provides a brief description of any

other issues that the parties wish to bring to the Court's attention. The Court will conduct a telephonic Status Conference on **August 11, 2017, at 8:30 AM** to discuss plaintiffs' discovery requests and any other issues noted in the parties' Joint Status Report. A separate calendar will issue.

As the Court noted at the conference, the parties must make a meaningful attempt to meet and confer and to work together to resolve or narrow any disputes that arise going forward.

Based on the discussions held during the July 27, 2017, conference, and in order to ensure that this matter proceeds in a timely matter, the Court hereby enters the following Scheduling Order:

- The parties shall exchange their initial disclosures, in accordance with Rule 26(a) of the Federal Rules of Civil Procedure, on or before **August 4, 2017;**
- Discovery will be conducted in phases. The first phase shall be limited to discovery related to the certification of a class, and discovery on the merits of the two named plaintiffs' cases. Discovery on class certification issues may include discovery as to the viability of the class and a substantive inquiry into a small subset of putative class members. The first phase of discovery shall begin immediately, and shall be completed by **February 23, 2017;**

- Plaintiffs shall disclose any expert witnesses in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure on or before **November 30, 2017**;

- Any depositions of plaintiffs' expert(s) shall be completed on or before **December 22, 2017**;

- Defendant shall disclose any expert witnesses in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure on or before **January 17, 2018**;

- Any depositions of defendant's expert(s) shall be completed on or before **February 7, 2018**;

- Plaintiffs' Motion for Class Certification shall be filed on or before **March 2, 2018**. Responses, if any, shall be filed on or before **March 23, 2018**. Reply, if any, shall be filed on or before **March 30, 2018**;

Any motion for an order compelling disclosure or discovery pursuant to Rule 37(a) of the Federal Rules of Civil Procedure must be filed within 30 days after the due date of the response. Failure to file a timely motion in accordance with this Scheduling Order constitutes a waiver of the right to file a motion to compel. Local Rule 7 does not govern the schedule of any opposition. Any disputes relating to discovery must be brought to the Court's attention quickly, and the parties must engage in meaningful efforts to resolve any such disputes. This Order

4

supersedes the Standing Order Relating to Discovery until resolution of the Motion for Class Certification.

A Joint Status Report of counsel shall be submitted on or before **September 25, 2017.** The report must address the matters that are relevant to the case at the time and include, inter alia, a detailed description of the discovery conducted up to the date of the report, the current deadlines, and any amendments to pleadings or dispositive motions contemplated. Joint status reports of counsel addressing those matters shall be submitted every 90 days thereafter until the matter is resolved. If a motion for summary judgment has been filed, or the case is set for trial, no further status reports are required.

**The parties are advised that agreements regarding particular deadlines will not constitute extensions of those deadlines, and that the Court will not be bound by any informal agreements of the parties. The Court expects the parties to continue to pursue this matter in a timely fashion.**

All dates set forth in this Order are firm and will be extended only for good cause. The good cause standard requires a particularized showing that, despite due diligence, the party seeking the extension could not comply with this Order. Because of the importance of the discovery deadline to the entire schedule, motions to extend the discovery deadline will be viewed with disfavor. A motion to extend the discovery deadline will not be

granted unless the movant shows that discovery was commenced promptly and pursued with due diligence in a good faith effort to comply with the deadline established by this Order.

Counsel shall provide their clients with a copy of this Order.

SO ORDERED at New Haven, Connecticut, this 27th day of July, 2017.

_____/s/_____  
HON. SARAH A. L. MERRIAM  
UNITED STATES MAGISTRATE JUDGE