# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| Marcus Bagwell and Scott Levy, individually and on behalf of all others similarly situated; | : : : : | |
| Plaintiffs, | : : | Civil Action No. 3:16-cv-01350-JCH |
| v. | : : | Hon. Janet C. Hall |
| World Wrestling Entertainment, Inc., | : : | |
| Defendant. | : | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED**
**TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.**

Plaintiffs Marcus Bagwell and Scott Levy hereby propound the following First Set of Interrogatories (the "Interrogatories") to Defendant World Wrestling Entertainment, Inc. to be answered in writing and under oath within thirty (30) days of service hereof. The following definitions and instructions apply to these Interrogatories in addition to the obligations set forth in Rules 26 and 33 of the Federal Rules of Civil Procedure.

**DEFINITIONS & INSTRUCTIONS**

The terms below, as Plaintiffs have used them in these Interrogatories, mean the following:

A. "WWE," "You" or "Your" mean World Wrestling Entertainment, Inc., its officers, directors, employees, subsidiaries, affiliates, predecessors (including but not limited to Titan Sports, Inc., World Wrestling Federation, Inc. or World Wrestling Federation Entertainment, Inc.), attorneys or agents.

B. "Person" means any natural person or any kind of business or legal entity, regardless of the particular form of its organization.

C. "Subsidiary company" means a company whose voting stock is more than 50% controlled by defendant.

D. "Affiliated person," "Affiliate," or "Affiliated Entity" of another person mean: (i) any person directly or indirectly owning, controlling, or holding with power to vote, 5 per centum or more of the outstanding voting securities of such other person; (ii) any person 5 per centum or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by such other person; (iii) any person directly or indirectly controlling, controlled by, or under common control with, such other person; (iv) any officer, director, partner, copartner, or employee of such other person; (v) if such other person is an investment company, any investment adviser thereof or any member of an advisory board thereof; and (vi) if such other person is an unincorporated investment company not having a board of directors, the depositor thereof.

E. "Predecessor" means any entity which, as a result of a merger, consolidation, purchase or acquisition of property or stock, corporate separation, or other similar business transaction, transfers some or all of its employees to the changed corporation or to a related entity or to a predecessor entity of the changed corporation. Predecessor includes an entity that is replaced by a successor and includes any predecessors of the predecessor.

F.  "Performer" means any wrestler or Person that was hired, employed, or paid to engage in professional wrestling exhibitions and/or events.

G.  "Document" means: (i) all writings of every kind in the broadest sense, including but not limited to, internet websites or webpages, computer cards, computer disks, computer files, computer memory cartridges, computer printouts, computer programs, computer tapes, electronic databases, data compilations, diagrams, drawings, electronic mail (e-mail) whether printed or not, text messages whether printed or not, internet chats whether printed or not, facsimiles, films, formulae, graphs, electronic instant messages, charts, microfiche, microfilm, models, motion pictures, photographs, electronic presentations, slides, tape recordings, videotapes, video disks, and any other material or media from which information may be obtained; and (ii) each document known to *you* regardless of whether such document is in *your* custody, control, or possession; and (iii) each copy of a document which is not an identical duplicate of the original (*e.g.*, because handwritten notes appear thereon, because it is an earlier draft of the original, or any other reason that it may not be an identical duplicate of the original), whether or not the original is in *your* possession, custody or control.

H.  "Identify": (1) when used with respect to an individual person, the term "identify" means to state that Person's full name, home address, place of employment, business address, telephone number and current position and job title; (2) when used with respect to a corporation or business entity, the term "identify" means to state the full legal name of such entity and its principal place of business; (3) when used

with respect to a legal action or proceeding, administrative action or proceeding or a disciplinary action or proceeding, the term "identify" means to state the title and caption of such action or proceeding, the forum in which such action or proceeding was filed or is pending, the case number by which such action or proceeding is identified and the disposition of such action or proceeding, if any; (4) when used with respect to a document, the term "identify" means to set forth a description of the document, a summary of its contents, and the date on which the document was created, and to identify each person who authorized the document, each person to whom the document was addressed, and each person who presently has custody or possession of the document or any copy of it; (5) when used with respect to a communication or contract, the term "identify" means to state the date, time, place and means of communication or contact, to state the substance of the communication or contact, to identify each and every person involved in the communication or contact (including, but not limited to, each person involved in the communication or contact in a passive role, e.g., a person who listened to a conversation or received a letter), and to identify each and every document or thing that relates or refers to the communication or contract; and (6) when used with respect to a meeting, the term "identify" means to state the date, time and place of the meeting, to identify each and every person present at the meeting, and to identify each and every document that relates or refers to the meeting.

    I.    "Royalty payment agreement" means any contract, agreement or understanding (whether in writing or not) between You and any other person or

entity including the language "other technology including other technology not yet created."

J.  "Royalty payment" means any payment You made pursuant to a royalty payment agreement.

K.  The use of singular nouns in these requests is intended to include the plural and vice versa.

L.  "Relating to," "related to" or "in relation to" means consisting of, referring to, reflecting or being in any way legally, logically or factually connected with the matter(s) discussed.

M.  These Interrogatories are intended to cover all documents and information in the possession, custody or control of WWE and any of its agents or representatives, or documents and information to which any of them may have the right of possession, custody or control.

N.  If you cannot answer any of the following Interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible specifying your inability to answer the remainder and stating whatever information or knowledge you may have concerning the unanswered portion.

## INTERROGATORIES

1.  For each person who provided information used to formulate Your responses to any Interrogatories Plaintiffs have served on You (including but not limited to this first set of Interrogatories), identify both the person and all information that person provided which You used to formulate Your responses. If

more than one person provided information used to answer any given Interrogatory, specify which portion of the information each person contributed for the formulation of that answer.

**ANSWER:**

2. State the full name, current address and telephone number of each person who has knowledge or claims to have knowledge of any allegation contained in the Third Amended Complaint, your Answer to the Complaint or your Affirmative Defenses to the Third Amended Complaint and, for each such person, describe the subject matter of his or her knowledge.

**ANSWER:**

3. Identify and describe all accounts from which royalty payments to Performers are drawn (before being distributed to Performers), including but not limited to any bank account or any other type of account.

**ANSWER:**

4. For each year, identify each Performer with whom WWE had a royalty payment agreement and those with which it did not.

**ANSWER:**

5. With respect to Your answer to the preceding Interrogatory, state for each year the royalty payments made to each Performer pursuant to any royalty sharing agreement.

**ANSWER:**

6. Identify all lawsuits against WWE alleging claims based on the same or similar kinds of conduct described in the Third Amended Complaint (Dkt. No. 65), including but not limited to any lawsuit related to the payment of royalties.

**ANSWER:**

7. State all bases for and facts upon which you rely for each of your Affirmative Defenses (Dkt. No. 67 at 26-29).

**ANSWER:**

8. State for each year the total number of royalty payment agreements WWE entered into and for any different versions those royalty payment agreements You used during each of those years (and which Plaintiffs have requested You to produce in response to Plaintiffs' First Request for the Production of Documents No. 10), state the total number of Performers that had each different version of each contract, and state the period during which WWE offered each such version.

**ANSWER:**

9. For each year since WWE entered into royalty payment agreements with Performers, identify each royalty payment agreement that You entered into with each Performer.

**ANSWER:**

10. Identify all people involved in the promotion, marketing, advertising, and sales of the WWE Network, including those individuals responsible for acquiring and/or determining the programming content made available to subscribers. If multiple people have been involved in these functions during the relevant time period, please state the dates that each person had the authority described in this Interrogatory.

**ANSWER:**

11. For each year since it has existed, identify all distribution contracts WWE Network has entered into for the distribution of its programming content.

**ANSWER:**

12. For each year since it has existed, state the total number of subscribers to the WWE Network, the total amount received or revenue generated in exchange for subscriptions to the WWE Network and the total amount received or revenue generated for any other person or entity from subscriptions to the WWE Network, including the methodology for the calculations.

**ANSWER:**

13. For each year since it has existed, identify the total number of times videos in which a Performer with a royalty payment agreement has been accessed and/or viewed on the WWE Network.

**ANSWER:**

14. Identify all royalty payments made to Plaintiffs including the methodology for the calculations and the reasons for the royalty payments.

**ANSWER:**

15. Identify all programs, programming and/or events that are available for subscribers to access or view on the WWE Network. If applicable, identify which programs, programming and/or events are determined to be part of a particular video library.

**ANSWER:**


16. For all programs, programming and/or events incorporated into Your response to the preceding Interrogatory, identify all Performers who participated in such programs, programming and/or events.

**ANSWER:**


17. Identify every lawsuit that has ever been filed by any party against You alleging an injury caused, in whole or in part, by the failure to pay royalties, including without limitation, the date each such lawsuit was filed, the venue where each such lawsuit was filed, the case number of each such lawsuit, the name(s) of the plaintiff(s) and defendant(s) to each such lawsuit and the identity and contact information of their attorneys, and describe the basis for each such lawsuit.

**ANSWER:**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of August, 2017, a copy of the foregoing Plaintiffs' First Set of Interrogatories Directed to Defendant World Wrestling Entertainment, Inc. was served on the following individuals via electronic mail:

Jerry S. McDevitt
*jerry.mcdevitt@klgates.com*
Curtis B. Krasik
*curtis.krasik@klgates.com*
K&L Gates, LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
Phone: 412-355-8608

R. Bruce Allensworth
*bruce.allensworth@klgates.com*
Ryan M. Tosi
*ryan.tosi@klgates.com*
K&L Gates, LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950
Phone: 617-261-3100

Jeffrey Mueller
*jpmueller@daypitney.com*
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212
Phone: 860-275-0164

Stanley A. Twardy, Jr.
*satwardy@daypitney.com*
Jonathan B. Tropp
*jbtropp@daypitney.com*
Day Pitney LLP
One Canterbury Green
201 Broad Street
Stamford, Connecticut 06901
Phone: 203-977-7300

                                                                                    /s/ *Michael L. Silverman*
                                                                                     Michael L. Silverman