# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Marcus Bagwell and Scott Levy, | : | |
| individually and on behalf of all others | : | |
| similarly situated; | : | Civil Action No. 3:16-cv-01350-JCH |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Hon. Janet C. Hall |
| | : | |
| World Wrestling Entertainment, Inc., | : | |
| | : | |
| Defendant. | : | |

### PLAINTIFFS' FIRST SET OF REQUESTS
### FOR THE PRODUCTION OF DOCUMENTS TO
### <u>DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.</u>

Plaintiffs Marcus Bagwell and Scott Levy hereby propound the following First

Set of Requests for the Production of Documents (the "Requests") to Defendant World

Wrestling Entertainment, Inc. The following definitions and instructions apply to

these Requests in addition to the instructions and obligations set forth in Rules 26

and 34 of the Federal Rules of Civil Procedure.

Defendant is required to produce the documents and things described below

for inspection and copying at the offices of Clendenen & Shea, LLC, 400 Orange

Street, New Haven, Connecticut 06510 or at such other place that is mutually

agreeable, within thirty (30) days of service hereof as provided by Rule 34 of the

Federal Rules of Civil Procedure.

## DEFINITIONS & INSTRUCTIONS

The terms below, as Plaintiffs have used them in these Requests, mean the following:

A.      "WWE," "You" or "Your" mean World Wrestling Entertainment, Inc., its officers, directors, employees, subsidiaries, affiliates, predecessors (including but not limited to Titan Sports, Inc., World Wrestling Federation, Inc. or World Wrestling Federation Entertainment, Inc.), attorneys or agents.

B.      "Person" means any natural person or any kind of business or legal entity, regardless of the particular form of its organization.

C.      "Subsidiary company" means a company whose voting stock is more than 50% controlled by defendant.

D.      "Affiliated person," "Affiliate," or "Affiliated Entity" of another person mean: (i) any person directly or indirectly owning, controlling, or holding with power to vote, 5 per centum or more of the outstanding voting securities of such other person; (ii) any person 5 per centum or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by such other person; (iii) any person directly or indirectly controlling, controlled by, or under common control with, such other person; (iv) any officer, director, partner, copartner, or employee of such other person; (v) if such other person is an investment company, any investment adviser thereof or any member of an advisory board thereof; and (vi) if such other person is an unincorporated investment company not having a board of directors, the depositor thereof.

E.      "Predecessor" means any entity which, as a result of a merger, consolidation, purchase or acquisition of property or stock, corporate separation, or other similar business transaction, transfers some or all of its employees to the changed corporation or to a related entity or to a predecessor entity of the changed corporation. Predecessor includes an entity that is replaced by a successor and includes any predecessors of the predecessor.

F.      "Performer" means any wrestler or Person that was hired, employed, or paid to engage in professional wrestling exhibitions and/or events.

G.      "Document" means: (i) all writings of every kind in the broadest sense, including but not limited to, internet websites or webpages, computer cards, computer disks, computer files, computer memory cartridges, computer printouts, computer programs, computer tapes, electronic databases, data compilations, diagrams, drawings, electronic mail (e-mail) whether printed or not, text messages whether printed or not, internet chats whether printed or not, facsimiles, films, formulae, graphs, electronic instant messages, charts, microfiche, microfilm, models, motion pictures, photographs, electronic presentations, slides, tape recordings, videotapes, video disks, and any other material or media from which information may be obtained; and (ii) each document known to You regardless of whether such document is in Your custody, control, or possession; and (iii) each copy of a document which is not an identical duplicate of the original (*e.g.*, because handwritten notes appear thereon, because it is an earlier draft of the original, or any other reason that

3

it may not be an identical duplicate of the original), whether or not the original is in Your possession, custody or control.

H.      "Identify": (1) when used with respect to an individual person, the term "identify" means to state that person's full name, home address, place of employment, business address, telephone number and current position and job title; (2) when used with respect to a corporation or business entity, the term "identify" means to state the full legal name of such entity and its principal place of business; (3) when used with respect to a legal action or proceeding, administrative action or proceeding or a disciplinary action or proceeding, the term "identify" means to state the title and caption of such action or proceeding, the forum in which such action or proceeding was filed or is pending, the case number by which such action or proceeding is identified and the disposition of such action or proceeding, if any; (4) when used with respect to a document, the term "identify" means to set forth a description of the document, a summary of its contents, and the date on which the document was created, and to identify each person who authorized the document, each person to whom the document was addressed, and each person who presently has custody or possession of the document or any copy of it; (5) when used with respect to a communication or contract, the term "identify" means to state the date, time, place and means of communication or contact, to state the substance of the communication or contact, to identify each and every person involved in the communication or contact (including, but not limited to, each person involved in the communication or contact in a passive role, e.g., a person who listened to a conversation or received a letter),

and to identify each and every document or thing that relates or refers to the communication or contract; and (6) when used with respect to a meeting, the term "identify" means to state the date, time and place of the meeting, to identify each and every person present at the meeting, and to identify each and every document that relates or refers to the meeting.

I.     "Royalty payment agreement" means any contract, agreement or understanding (whether in writing or not) between You and any other person or entity including the language "other technology including other technology not yet created."

J.     "Royalty payment" means any payment You made pursuant to a royalty payment agreement.

K.     The use of singular nouns in these requests is intended to include the plural and vice versa.

L.     "Relating to," "related to" or "in relation to" means consisting of, referring to, reflecting or being in any way legally, logically or factually connected with the matter(s) discussed.

M.     These Requests are intended to cover all documents and information in the possession, custody or control of WWE and any of its agents or representatives, or documents and information to which any of them may have the right of possession, custody or control.

N.     If You assert any privilege in response to a request, You must comply with the requirements of Federal Rule of Civil Procedure 26(b)(5)(A). If You assert

any privilege or claim of work product immunity with regard to a document otherwise responsive to a request, state the nature of the claimed privilege or immunity and provide the following information for each document: (i) the kind of document in issue (*e.g.*, memorandum, letter, brochure, report, etc.); (ii) the date on which the document originated or was authored or the date which it bears or if the foregoing dates are different, both; (iii) the name, home and business addresses, home and business telephone numbers, job title and current employer of each originator or author of the document; (iv) the name, home and business addresses, home and business telephone numbers, job title and current employer of each recipient of the document; (v) the general subject matter of the document; and (vi) the reason you contend it is privileged or otherwise immune from discovery.

  O. Unless otherwise indicated, when a request would literally require production of only part of a document, the request should be construed to seek the entire document, including all attachments.

  P. To the extent You object to a portion of any request below, respond to so much of the request with respect to which You do not object.

  Q. Documents and materials should be produced in compliance with Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure, organized and labeled to correspond with the categories in the request or produced as kept in the ordinary course of business.

  R. These Requests shall be deemed to be continuing and any information or documents relating in any way to these Requests which You acquire, which become

known to You up to and including the time of trial, shall be furnished by You to Plaintiffs within a reasonable time after such information is acquired or becomes known.

## FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1.      All documents that You intend to offer into evidence or otherwise use to oppose certification of this case as a class action.

2.      All documents upon which you relied or from which you obtained information in formulating your responses to Plaintiffs' First Set of Interrogatories.

3.      All documents identified in any of Your answers to Plaintiffs' First Set of Interrogatories.

4.      For the five (5) years prior to the filing of the Complaint (*i.e.*, August 9, 2011) to the present time, all of Your board meeting minutes relating to: (i) the payment or non-payment of royalties or (ii) the WWE Network.

5.      For the five (5) years prior to the filing of the Complaint (*i.e.*, August 9, 2011) to the present time, a copy of each version of Your document retention policy (including but not limited to any retention policy relating to electronic data).

6.      All documents communicating or implementing WWE's litigation hold for this lawsuit.

7.      For the five (5) years prior to the filing of the Complaint (*i.e.*, August 9, 2011) to the present time, all documents You have submitted to any regulatory body, agency or other governmental entity (state or local) that discuss, refer or relate to any royalty payment agreement or royalty payment.

8.      All documents (including but not limited to corporate organizational charts) which discuss or depict Your relationship to or the relationship of companies owned directly or indirectly by You including but not limited to any subsidiary, predecessor or affiliate entities.

9.      All organization charts and other documents sufficient to show WWE's and the WWE Network's departmental organization, including, but not limited to, its marketing department, advertising department, sales department, finance and accounting departments, customer service department, together with the names of persons employed in all executive, managerial, or employment positions in the organization.

10.     All documents that memorialized (including but not limited to all contracts and all addenda or other amendments or modifications thereto, as well as any e-mail, text messages, Internet chats, or other informal documents) any royalty payment agreement between You and any other person or entity. Notwithstanding the definition of "document" in the "Definition and Instructions" section of these Requests, for documents responsive to this Request that were entered into between You and more than one Performer, do not produce multiple copies of documents which are not materially different; production of a template or exemplar is sufficient.

11.     For each year, produce all versions of standardized or prototype contracts entered into between You and Performers. Notwithstanding the definition of "document" in the "Definition and Instructions" section of these Requests, for documents responsive to this Request that were entered into between You and more

than one Performer, do not produce multiple copies of documents which are not materially different; production of a template or exemplar is sufficient.

12.     All documents that discuss, state, detail, show, reflect or refer to how the WWE Network assesses, charges or receives payment from its subscribers.

13.     All documents that discuss, state, detail, show, reflect or refer to the number of subscribers of the WWE Network.

14.     All documents that discuss, state, detail, show or reflect pricing policies or practices with respect to subscriptions for the WWE Network.

15.     All documents that discuss, refer to or relate to WWE's status as a fiduciary with respect to any royalty payment agreements, royalty payments or any monies otherwise owed to Performers. Notwithstanding the definition of "document" in the "Definition and Instructions" section of these requests, for documents responsive to this request that were entered into between You and more than one Performer, do not produce multiple copies of documents which are not materially different; production of a template or exemplar is sufficient.

16.     All versions of contracts You have made available or offered to any Performer that provide for the payment of royalties. Notwithstanding the definition of "document" in the "Definition and Instructions" section of these Requests, for documents responsive to this Request that were entered into between You and more than one Performer, do not produce multiple copies of documents which are not materially different; production of a template or exemplar is sufficient.

17.     For each year since the WWE Network has existed, all documents, (including but not limited to every filing with any governmental body, state or federal) (*e.g.*, registration statements, 10-Ks, 10-Qs, or prospectuses filed with the Securities and Exchange Commission) in which You have made any disclosure(s) about (a) any royalty payment agreements with any Performers or (b) any royalty payment obligations to any Performers.

18.     All contracts and all addenda or other amendments or modifications thereto relating to a Your promotion, sales and marketing of the WWE Network.

19.     All documents relating to or describing Your promotion, sales, advertising or marketing of the WWE Network.

20.     For each year since You entered into royalty payment agreements with Performers, produce each agreement (including all contracts and all addenda or other amendments or modifications thereto) that contained a royalty payment agreement that You entered into with each Performer. Notwithstanding the definition of "document" in the "Definition and Instructions" section of these Requests, for documents responsive to this Request that were entered into between You and more than one Performer, do not produce multiple copies of documents which are not materially different; production of a template or exemplar is sufficient.

21.     All agreements (including all contracts and all addenda or other amendments or modifications thereto) between You and any Performer that do not contain any type of royalty payment agreement. Notwithstanding the definition of "document" in the "Definition and Instructions" section of these Requests, for

documents responsive to this Request that were entered into between You and more than one Performer, do not produce multiple copies of documents which are not materially different; production of a template or exemplar is sufficient.

22.     For each year since You entered into royalty payment agreements with Performers, produce all accounts into which royalty payments were held. For each account, provide all statements.

23.     For each year since You entered into royalty payment agreements with Performers, produce all documents (including but not limited to bank statements, payment statements or any other books or records) that reference the aggregate amount of money that You paid to the Performers.

24.     For each year since You entered into royalty payment agreements with Performers, produce all documents (including but not limited to bank statements, payment statements or any other books or records) that reference any liabilities (realized or unrealized) that You owe to the Performers including the methodology for such royalty payment calculations.

25.     For each year since You entered into royalty payment agreements, produce all documents reflecting the total amount of money collected or otherwise received by You for which royalty payments were owed to Performers, including the methodology for the calculations.

26.     For each year since You entered into royalty payment agreements, produce all documents reflecting the total amount of money paid or otherwise distributed by You to Performers, including the methodology for the calculations.

11

27.     All documents (including but not limited to all contracts and all addenda or other amendments or modifications thereto, as well as any e-mail, text messages, Internet chats, or other informal documents) relating to payment of, obligation to pay or any other discussion of payment of royalties to Performers for any revenue generated by the WWE Network.

28.     All documents (including but not limited to all contracts and all addenda or other amendments or modifications thereto, as well as any e-mail, text messages, Internet chats, or other informal documents) relating to payment of, obligation to pay or any other discussion of payment of royalties for any revenue generated by the WWE Network.

29.     All documents (including but not limited to all contracts and all addenda or other amendments or modifications thereto, as well as any e-mail, text messages, Internet chats, or other informal documents) with all Performers (including but not limited to communications with his managers, agents, attorneys or other designee) relating to the payment of royalties from revenue generated by the WWE Network.

30.     Any provision contained in any agreement between You and any Performer that exempts you from payment of royalties for revenue generated by the WWE Network.

31.     For the six (6) years prior to the filing of the complaint, all federal, state, local or foreign tax returns filed by You or on behalf of You or the WWE Network.

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of August, 2017, a copy of the foregoing Plaintiffs' First Set of Requests for the Production of Documents to Defendant World Wrestling Entertainment, Inc. was served on the following individuals via electronic mail:

Jerry S. McDevitt
*jerry.mcdevitt@klgates.com*
Curtis B. Krasik
*curtis.krasik@klgates.com*
K&L Gates, LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
Phone: 412-355-8608

R. Bruce Allensworth
*bruce.allensworth@klgates.com*
Ryan M. Tosi
*ryan.tosi@klgates.com*
K&L Gates, LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950
Phone: 617-261-3100

Jeffrey Mueller
*jpmueller@daypitney.com*
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212
Phone: 860-275-0164

Stanley A. Twardy, Jr.
*satwardy@daypitney.com*
Jonathan B. Tropp
*jbtropp@daypitney.com*
Day Pitney LLP
One Canterbury Green
201 Broad Street
Stamford, Connecticut 06901
Phone: 203-977-7300

/s/ *Michael L. Silverman*
Michael L. Silverman