# EXHIBIT D

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Marcus Bagwell and Scott Levy, individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiffs, | : : | Civil Action No. 3:16-cv-01350-JCH |
| v. | : : | Hon. Janet C. Hall |
| World Wrestling Entertainment, Inc., | : : | |
| Defendant. | : | |

## PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S FIRST SET OF INTERROGATORIES

Plaintiff Scott Levy ("Plaintiff"), by his attorneys, as and for his supplemental responses to Defendant's First Set of Interrogatories Directed to Plaintiff Scott Levy served by Defendant World Wresting Entertainment, Inc. ("Defendant"), states as follows:

### ANSWERS & OBJECTIONS TO INTERROGATORIES[1]

### INTERROGATORY NO. 1

For any agreement between You and WCWI, WWE or ECW, including the agreements attached to the SAC as Exhibits 1, 6 and 7, identify the persons who participated in any discussions about or negotiation of the identified agreement(s), including any lawyer who represented You in connection with the agreement(s), and describe in detail any proposed contractual terms that were modified as a result of negotiations between You and the other contracting party.

---

[1] Notwithstanding Defendant's various references to the Second Amended Complaint in its Interrogatories, Plaintiff's Supplemental Responses below pertain to the claims and allegations set forth in the Third Amended Class Action Complaint (Dkt. No. 65.)

1

**RESPONSE:**

To the extent this Interrogatory calls for, in part, the disclosure of information or communications regarding contractual terms in the agreements attached to the TAC as Exhibits 1, 6, and 7 after an attorney-client relationship existed between Plaintiff and Plaintiff's attorneys, Plaintiff objects to this Interrogatory because it seeks information or communications protected by the attorney-client and attorney-work product privileges.

Subject to, limited by, and without waiving the foregoing objections, Plaintiff states that he had conversations with one or more of WCWI's, WWE's or ECW's representatives in connection with the agreements attached to the TAC as Exhibits 1, 6, and 7, but Plaintiff has no specific recollection of the persons who participated in those discussions. Plaintiff further states that he has no specific recollection of any proposed contractual terms that were modified as a result of those discussions.

**INTERROGATORY NO. 2**

Identify any contracts with WCWI or ECW which paid royalties to You and describe in detail the products on which You were paid royalties by each organization.

**RESPONSE:**

Plaintiff objects to this Interrogatory on the ground that it seeks information that is within the possession or control of Defendant. Plaintiff further objects to this Interrogatory to the extent it seeks discovery concerning royalties that are not at issue in this lawsuit on the grounds that such Interrogatory is overbroad and burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, limited by, and without waiving the foregoing objections, Plaintiff states that he entered into a merchandising permission agreement dated February 28, 1992 with WCWI that provided for the payment of royalties in connection with certain merchandising and licensing activities, but has no specific recollection of the details of any products on which he was paid royalties. Plaintiff further states that he entered into a merchandising agreement dated June 10, 1997 with WCWI that provided for the payment of royalties in connection with certain merchandising and licensing Activities, but has no specific recollection of the details of any products on which he was paid royalties. Plaintiff also states that he entered into an independent contractor agreement dated August 26, 1999 with ECW that provided for the payment of royalties in connection with certain merchandising and licensing activities, but has no

specific recollection of the details of any products on which he was paid royalties.

## **INTERROGATORY NO. 3**

Identify by year and by entity the income that You have received from WCWI, WWE or ECW, including in Your answer the amount of income in each year attributable to royalty payments.

**RESPONSE:**

Plaintiff objects to this Interrogatory on the ground that it seeks information that is within the possession or control of Defendant. Plaintiff further objects to this Interrogatory to the extent it seeks discovery concerning income and royalties that are not at issue in this lawsuit on the grounds that such Interrogatory is overbroad and burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, limited by, and without waiving the foregoing objections, Plaintiff refers to Defendant to the following quarterly royalty statements, by year, reflecting the payment of royalties from WWE to Plaintiff:

  2007: Q1 (LEVY-000000148)

  2013: Q1 (LEVY-000000323); Q2 (LEVY-000000348);
        Q3 (LEVY-000000344); Q4 (LEVY-000000338)

  2014: Q1 (LEVY-000000333); Q2 (LEVY-000000328);
        Q3 (LEVY-000000319); Q4 (LEVY-000000315)

  2015: Q1 (LEVY-000000310); Q2 (LEVY-000000305);
        Q3 (LEVY-000000297); Q4 (LEVY-000000292)

  2016: Q1 (LEVY-000000287); Q2 (LEVY-000000283);
        Q3 (LEVY-000000279); Q4 (LEVY-000000274)

  2017: Q1 (LEVY-000000270)

## **INTERROGATORY NO. 4**

Identify and describe in detail all facts and bases for Your contention that You are entitled to royalty payments for video content streamed on the WWE Network, including all facts and bases for Your contentions that:

3

(a) streaming video on the WWE Network is "other technology and/or technology not yet created" under Your 2000 Booking Contract;
(b) streaming video on the WWE Network is a sale either by WWE or a licensee that triggers a royalty payment under Your 2000 Booking Contract or Your 1993 Booking Contract;
(c) the ECW and WCWI video libraries acquired by WWE are subject to royalty payments under Your 2000 Booking Contract or Your 1993 Booking Contract; and
(d) streaming video on the WWE Network constitutes a "Video Product" under Your 1993 Booking Contract.

**RESPONSE:**

Plaintiff objects to this Interrogatory to the extent it seeks information in support of allegations Plaintiff has made in his complaint. Such contention discovery directed to Plaintiff is improper and premature at this stage of the litigation before Plaintiff has had an opportunity to adequately discover factual information upon which to properly answer this Interrogatory. *See McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (because of their nature, contention interrogatories are more appropriate after a substantial amount of discovery has been completed). Plaintiff further objects to this Interrogatory, in its entirety, pursuant to the work-product doctrine. Plaintiff also objects to this Interrogatory as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Orders, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Subject to, limited by, and without waiving the foregoing objections, in response to Interrogatory No. 4(a), Plaintiff states that Section 7.5(a)(i) of his 2000 Booking Contract expressly defines "Video Products" as "video cassettes, videodiscs, CD ROM, or other technology, including technology not yet created . . . ." (Dkt. No. 65, Ex. 1 at 8.) Plaintiff further states that the "other technology, including technology not yet created" language constitutes a catchall provision that mandates a broad interpretation. As described in Plaintiffs' opposition to WWE's motion to dismiss (Dkt. No. 46 at 12-13), in 2000 and 2001, the state of video/media technology was in flux. No one knew what was going on or what direction technology was heading, and rapid technological advances and changes in digital transmissions was clearly in the public consciousness. *See A& M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1016-17 (9th Cir. 2001). Reading and interpreting the catchall provision broadly, the contract language explicitly and intentionally captured future technological developments in the distribution of Plaintiff's recorded work. Accordingly, the definition of "Video Product" in Plaintiff's Booking Contract includes the WWE Network as "other technology, including technology not yet created[.]"

4

In response to Interrogatory No. 4(b), Plaintiff states that a WWE Network subscription sale of pay-per-view and non-pay-per-view videos involves a subscriber paying WWE $9.99 per month in consideration for WWE's conveyance of a special, limited interest or right in the pay-per-view and non-pay-per-view videos sold on the WWE Network. Because WWE sells a limited right to its pay-per-view and non-pay-per-view videos featuring Plaintiff on the WWE Network, there is a "direct sale" under section 7.5 of Plaintiff's 2000 Booking Contract.

In response to Interrogatory No. 4(c), Plaintiff states that pursuant to his 2000 Booking Contract, WWE is subject to royalty payments for WWE's direct sales (including WWE's licensees' sales) of "Video Products."

In response to Interrogatory No. 4(d), Plaintiff makes no such contention in his Third Amended Complaint.

**INTERROGATORY NO. 5**

Identify and describe in detail the alleged "identical formula" that You contend in Paragraph 150 of the SAC can be used to calculate the supposed "royalty amount" You claim is owed to You and other putative class members in this lawsuit, including in Your answer how the formula was generated or created, who was involved in its generation or creation, and all facts and documents considered or relied upon in generating or creating the formula.

**RESPONSE:**

Plaintiff objects to this Interrogatory, in its entirety, pursuant to the work-product doctrine. Plaintiff further objects to this Interrogatory as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Orders, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff filed this case as a class action and is seeking relief on a class-wide basis. Because no class has yet been certified, Plaintiff lacks the required information to calculate damages for the entire class, because Defendant is in possession of all of the documents and other information needed to make those calculations. Plaintiff estimates that there are hundreds, if not thousands, of class members.

Subject to, limited by, and without waiving the foregoing objections, Plaintiff states that pursuant to his 2000 Booking Contract, depending on whether the WWE Network constitutes a direct sale or a sale by a licensee, the first step in the royalty calculation is the creation of a talent royalty pool based on 5% or 25% of the net receipts paid directly to WWE or paid to WWE for any licensee's sale of WWE

5

Network subscriptions. (TAC, Ex. 1 at 8-10.) Plaintiff's 2000 Booking Contract defines "net receipts" as the gross amount received by WWE for the sale of pay-per-views and non-pay-per views. (*Id*.)

Once a talent royalty pool is properly created (depending on whether the sale of WWE Network subscriptions constitutes a direct sale by WWE or a sale by a licensee), royalties will be appropriately allocated to class members. The formula used for allocation of damages will be further developed using information learned in discovery and with the assistance of experts.

### INTERROGATORY NO. 6

Identify and describe in detail all damages that You are claiming in this action, including in Your answer all facts and documents relied upon to calculate such damages, the methodology used to calculate all such damages, and the amount of all such damages.

### RESPONSE:

Plaintiff objects to this Interrogatory as premature because it seeks information and evidence to be elicited from and developed with the assistance of experts. Plaintiff will adhere to the Court's scheduling Orders, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

Plaintiff filed this case as a class action and is seeking relief on a class-wide basis. Because no class has yet been certified, Plaintiff lacks the required information to calculate damages for the entire class, because Defendant is in possession of all of the documents and other information needed to make those calculations. Plaintiff estimates that there are hundreds, if not thousands, of class members.

Subject to, limited by, and without waiving the foregoing objections, Plaintiff states that he is seeking compensatory and punitive damages for Defendant's failure to pay contractually-owed royalties arising from revenue generated from the WWE Network. For detailed information regarding the damages sought in this lawsuit, Plaintiff refers Defendant to the Prayer for Relief contained in Plaintiffs' Third Amended Class Action Complaint (Dkt. No. 65, pp. 40-41).

### INTERROGATORY NO. 7

Have You or anyone You know ever been a subscriber to the WWE Network? If You answer the question "yes:" (i) identify the subscriber by name and, if known, the email address used for the subscription; and (ii) identify the date the subscription began and, if not currently subscribed, the date that the subscription was cancelled.

**RESPONSE:**

Plaintiff objects to this Interrogatory to the extent it seeks discovery related to subscribers to the WWE Network on the grounds that such Interrogatory is overbroad and burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, limited by, and without waiving the foregoing objections, Plaintiff states that he is not a subscriber to the WWE Network.

**INTERROGATORY NO. 8**

Identify any expert witness whom You intend to rely upon for any purpose in this litigation, including for class certification and, for each, identify and describe in detail all information required under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

**RESPONSE:**

Plaintiff objects to this Interrogatory as being premature. Plaintiff will adhere to the Court's scheduling Orders, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert testimony and evidence.

**INTERROGATORY NO. 9**

Identify when and how You became aware that You may have the claims asserted in the SAC.

**RESPONSE:**

To the extent this Interrogatory calls for information regarding when and how Plaintiff learned about any claims asserted in this matter after an attorney-client relationship existed between Plaintiff and Plaintiff's attorneys, Plaintiff objects to this Interrogatory because it seeks information or communications protected by the attorney-client and attorney-work product privileges.

Subject to, limited by, and without waiving the foregoing objections, Plaintiff states that he first became aware in late 2014 that he was displayed in wrestling events which were available to stream on the WWE Network, but had not received any royalties from revenues generated from the WWE Network. In 2016, Plaintiff subsequently learned he had a claim as a result of discussing the matter with one of Plaintiff's attorneys.

7

### INTERROGATORY NO. 10

Identify when You first became aware that WWE was not paying You royalties for its exploitation of WCWI and ECW works in which you performed and all actions taken by You after You became aware that WWE was not paying You such royalties.

### RESPONSE:

To the extent this Interrogatory calls for information regarding when and how Plaintiff learned that WWE has not been paying him royalties for its exploitation of WCWI and ECW works in which Plaintiff performed after an attorney-client relationship existed between Plaintiff and Plaintiff's attorneys, Plaintiff objects to this Interrogatory because it seeks information or communications protected by the attorney-client and attorney-work product privileges.

Subject to, limited by, and without waiving the foregoing objections, Plaintiff states that he first became aware that WWE was not paying him royalties for its exploitation of certain WCWI and ECW works in or around 2009. In or around February 2009, Plaintiff hired an attorney who contacted WWE regarding royalties purportedly owed to Plaintiff for certain DVDs. In or around April 2009, WWE responded to Plaintiff in the form of a letter and stated that Plaintiff was not entitled to any royalties at issue.

Plaintiff further states that after learning of WWE's failure to pay royalties in connection with the WWE Network, Plaintiff retained counsel and filed suit against WWE and WCW, Inc. on November 7, 2016. (*See* First Amended Class Action Complaint, Dkt. No. 35.)

### INTERROGATORY NO. 11

Identify any and all interviews and/or statements made by You regarding this lawsuit, including the purpose of the lawsuit and/or how You came to be a plaintiff in this case.

### RESPONSE:

To the extent this Interrogatory calls for the disclosure of communications regarding this lawsuit after an attorney-client relationship existed between Plaintiff and Plaintiff's attorneys, Plaintiff objects to this Interrogatory because it seeks information or communications protected by the attorney-client and attorney-work product privileges.

Subject to, limited by, and without waiving the foregoing objections, Plaintiff states that he is not aware of any such interviews or statements.

## INTERROGATORY NO. 12

Identify and describe in detail any compensation that You will receive for serving as a class representative in this lawsuit.

**RESPONSE:**

To the extent this Interrogatory calls for the disclosure of communications regarding Plaintiff's potential financial compensation for serving as a class representative in this lawsuit after an attorney-client relationship existed between Plaintiff and Plaintiff's attorneys, Plaintiff objects to this Interrogatory because it seeks information or communications protected by the attorney-client privilege.

Subject to, limited by, and without waiving the foregoing objections, Plaintiff states that he has not been promised any type of compensation for serving as a class representative in this lawsuit.

## VERIFICATION OF SCOTT LEVY

Scott Levy, being duly sworn, on oath deposes and states that he has read the foregoing responses to interrogatories, as contained in Plaintiff's Supplemental Responses To Defendant World Wrestling Entertainment, Inc.'s First Set Of Interrogatories, and that, to the best of his knowledge, information and belief, the responses contained therein are true and correct.

_____   Aug 6, 2017
Scott Levy                Date

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of August, 2017, a copy of the foregoing Plaintiff's Supplemental Responses To Defendant's World Wrestling Entertainment, Inc.'s First Set Of Interrogatories was served on the following individuals via electronic mail:

Jerry S. McDevitt
*jerry.mcdevitt@klgates.com*
Curtis B. Krasik
*curtis.krasik@klgates.com*
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
Telephone: (412) 355-8608

R. Bruce Allensworth
*bruce.allensworth@klgates.com*
Ryan M. Tosi
*ryan.tosi@klgates.com*
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950
Telephone: (617) 261-3100

Jeffrey Mueller
*jpmueller@daypitney.com*
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212
Telephone: (860) 275-0164

Stanley A. Twardy, Jr.
*satwardy@daypitney.com*
Jonathan B. Tropp
*jbtropp@daypitney.com*
Day Pitney LLP
One Canterbury Green
201 Broad Street
Stamford, Connecticut 06901
Telephone: (203) 977-7300

/s/ <u>*Michael Silverman*</u>
Michael Silverman
(admitted *pro hac vice*)
**THE BRUNO FIRM, LLC**
500 N. Michigan Avenue, Suite 600
Chicago, Illinois 60611
Telephone: (312) 321-6481
*msilverman@brunolawus.com*
