# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS BAGWELL and SCOTT LEVY, individually and on behalf of all others similarly situated, | : : : : | Civil Action No. 3:16-cv-01350-JCH |
| Plaintiffs, | : : | |
| vs. | : : | Hon. Janet C. Hall |
| WORLD WRESTLING ENTERTAINMENT, INC., | : : : | |
| Defendant. | : : | |

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT WORLD
WRESTLING ENTERTAINMENT, INC.'S FIRST REQUESTS
FOR THE PRODUCTION OF DOCUMENTS**

Plaintiff, Scott Levy ("Levy"), hereby serves, pursuant to the agreement of

counsel for the parties, his Supplemental Responses to the First Requests for the

Production of Documents ("First Requests") served by Defendant, World Wresting

Entertainment, Inc. ("WWE").  Notwithstanding WWE's various references to the

Second Amended Complaint in its First Requests, Levy's Supplemental Responses to

the First Requests below pertain to the claims and allegations set forth in the Third

Amended Complaint filed in this case.

**LEVY'S SUPPLEMENTAL RESPONSES AND
OBJECTIONS TO WWE'S FIRST REQUESTS**

**REQUEST NO. 1**

Copies of all agreements or contracts entered into by and between [Levy] and

WWE, including all drafts of any such agreements or contracts.

1

**RESPONSE:**

Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 2

All documents reflecting and/or relating to communications between [Levy] and WWE regarding any contract or agreement with WWE, including all communications reflecting and/or relating to the negotiation of any such contracts or agreements and/or the terms of any such contracts or agreements.

**RESPONSE:**

Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 3

All documents reflecting and/or relating to communications between [Levy] and any Person other than WWE regarding any contract or agreement with WWE, including all communications reflecting and/or relating to the negotiation of any such contracts or agreements and/or the terms of any such contracts or agreements.

**RESPONSE:**

Objection.  Levy objects to this Request insofar as it requests the production of documents relating to privileged communications between Levy and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 4

Copies of all agreements or contracts entered into by and between [Levy] and WCWI, including all drafts of any such agreements or contracts.

**RESPONSE:**

Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 5

All documents reflecting and/or relating to communications between [Levy] and WCWI regarding any contract or agreement with WCWI, including all communications reflecting and/or relating to the negotiation of any such contracts or agreements and/or the terms of any such contracts or agreements.

**RESPONSE:**

Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 6

All documents reflecting and/or relating to communications between [Levy] and any Person other than WCWI regarding any contract or agreement with WCWI, including all communications reflecting and/or relating to the negotiation of any such contracts or agreements and/or the terms of any such contracts or agreements.

**RESPONSE:**

Objection.  Levy objects to this Request insofar as it requests the production of documents relating to privileged communications between Levy and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 7

Copies of all agreements or contracts entered into by and between [Levy] and ECW, including all drafts of any such agreements or contracts.

**RESPONSE:**

Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 8

All documents reflecting and/or relating to communications between [Levy] and ECW regarding any contract or agreement with ECW, including all communications reflecting and/or relating to the negotiation of any such contracts or agreements and/or the terms of any such contracts or agreements.

**RESPONSE:**

Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 9

All documents reflecting and/or relating to communications between [Levy] and any Person other than ECW regarding any contract or agreement with ECW, including all communications reflecting and/or relating to the negotiation of any such contracts or agreements and/or the terms of any such contracts or agreements.

**RESPONSE:**

Objection.  Levy objects to this Request insofar as it requests the production of documents relating to privileged communications between Levy and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 10

All documents reflecting and/or relating to the payment of royalties from WWE to [Levy], including copies of all royalty statements [Levy] received from WWE.

**RESPONSE:**

Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 11

All documents reflecting and/or relating to communications between [Levy] and WWE regarding payment of royalties, including all written objections [Levy] sent to WWE regarding any royalty statement [Levy] received from WWE.

**RESPONSE:**

Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 12

All documents reflecting and/or relating to communications between [Levy] and any Person other than WWE regarding payment or non-payment of royalties from WWE to [Levy], including all communications regarding any objections to any royalty statement [Levy] received from WWE.

**RESPONSE:**

Objection.  Levy objects to this Request insofar as it requests the production of documents relating to privileged communications between Levy and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 13

All documents reflecting and/or relating to the payment of royalties from WCWI to [Levy], including copies of all royalty statements [Levy] received from WCWI.

5

**RESPONSE:**

Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 14

All documents reflecting and/or relating to communications between [Levy] and WCWI regarding payment or non-payment of royalties, including all written objections [Levy] sent to WCWI regarding any royalty statement [Levy] received from WCWI.

**RESPONSE:**

Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 15

All documents reflecting and/or relating to communications between [Levy] and any Person other than WCWI regarding payment or non-payment of royalties from WCWI to [Levy], including all communications regarding any objections to any royalty statement you received from WCWI.

**RESPONSE:**

Objection.  Levy objects to this Request insofar as it requests the production of documents relating to privileged communications between Levy and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 16

All documents reflecting and/or relating to the payment of royalties from ECW to [Levy], including copies of all royalty statements [Levy] received from ECW.

6

**RESPONSE:**

Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 17

All documents reflecting and/or relating to communications between [Levy] and ECW regarding payment of royalties, including all written objections [Levy] sent to WWE regarding any royalty statement [Levy] received from ECW.

**RESPONSE:**

Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 18

All documents reflecting and/or relating to communications between [Levy] and any Person other than ECW regarding payment or non-payment of royalties from ECW to [Levy], including all communications regarding any objections to any royalty statement you received from ECW.

**RESPONSE:**

Objection. Levy objects to this Request insofar as it requests the production of documents relating to privileged communications between Levy and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 19

All Facebook, Twitter, or social media posts by [Levy] relating to this lawsuit and/or payment of royalties from WWE, ECW, and/or WCWI to [Levy].

7

**RESPONSE:**

After conducting a reasonable, good-faith search, Levy states he has found no documents responsive to this Request in his possession, custody or control.

**REQUEST NO. 20**

Documents sufficient to show any income or revenue [Levy] ha[s] received from WWE.

**RESPONSE:**

Objection.  Levy objects to this Request insofar as it seeks information related to "income" or "revenue" not at issue in this lawsuit because it does not limit the income or revenue Levy has received from WWE to royalty income.  Therefore, this Request seeks information that is irrelevant and the Request is overbroad and burdensome and not proportional to the issues involved in this case. Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents relating to "income" or "revenue" in the form of payment of royalties in his possession, custody or control.  Some documents otherwise responsive to this Request have been withheld on relevance grounds.

**REQUEST NO. 21**

Documents sufficient to show any income or revenue [Levy] ha[s] received from WCWI.

**RESPONSE:**

Objection.  Levy objects to this Request insofar as it seeks information related to "income" or "revenue" not at issue in this lawsuit because it does not limit the income or revenue Levy has received from WCWI to royalty income.  Therefore, this Request seeks information that is irrelevant and the Request is overbroad and burdensome and not proportional to the issues involved in this case. Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents relating to "income" or "revenue" in the form of payment of royalties in his possession, custody or control.  Some documents otherwise responsive to this Request have been withheld on relevance grounds.

**REQUEST NO. 22**

Documents sufficient to show any income or revenue [Levy] ha[s] received from ECW.

**RESPONSE:**

Objection.  Levy objects to this Request insofar as it seeks information related to "income" or "revenue" not at issue in this lawsuit because it does not limit the income or revenue Levy has received from ECW to royalty income.  Therefore, this Request seeks information that is irrelevant and the Request is overbroad and burdensome and not proportional to the issues involved in this case. Notwithstanding and without waiving the foregoing Objection, but expressly subject to it, Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents relating to "income" or "revenue" in the form of payment of royalties in his possession, custody or control.  Some documents responsive to this Request have been withheld on relevance grounds.

**REQUEST NO. 23**

All documents that relate to, and/or upon which [Levy] based the allegation in, Paragraph 174 of the SAC that "WWE has repeatedly misrepresented to" [Levy] the royalty amounts purportedly owed to [Levy].

**RESPONSE:**

After conducting a reasonable, good-faith search, Levy states he has found no documents responsive to this Request in his possession, custody or control.

**REQUEST NO. 24**

All documents that relate to and/or upon which [Levy] base[s] [his] contention in Paragraph 177 of the SAC that "WWE obtained substantial benefit as a direct result of its invasion of the privacy of Plaintiffs and members of Class."

**RESPONSE:**

After conducting a reasonable, good-faith search, Levy states he has found no documents responsive to this Request in his possession, custody or control.

**REQUEST NO. 25**

All documents that relate to and/or upon which [Levy] base[s] [his] contention that streaming video on the WWE Network is "other technology and/or technology not yet created" under [Levy's] 2000 Booking Contract.

**RESPONSE:**

      After conducting a reasonable, good-faith search, Levy states he has found no documents responsive to this Request, other than the 2000 Booking Contract itself, in his possession, custody or control.

**REQUEST NO. 26**

All documents that relate to and/or upon which [Levy] base[s] [his] contention that streaming video on the WWE Network is a sale either by WWE or a licensee that triggers a royalty payment under [Levy's] 2000 Booking Contract or [Levy's] 1993 Booking Contract.

**RESPONSE:**

      After conducting a reasonable, good-faith search, Levy states he has found no documents responsive to this Request in his possession, custody or control.

**REQUEST NO. 27**

All documents that relate to and/or upon which [Levy] base[s] [his] contention that [he was] a "featured performer" in any WWF Video Special or WWF Series under [Levy's] 1993 Booking Contract.

**RESPONSE:**

      After conducting a reasonable, good-faith search, Levy states he has found no documents responsive to this Request in his possession, custody or control.

**REQUEST NO. 28**

All documents that relate to and/or upon which [Levy] base[s] [his] contention that streaming video on the WWE Network constitutes a "Video Product" under [Levy's] 1993 Booking Contract.

**RESPONSE:**

After conducting a reasonable, good-faith search, Levy states he has found no documents responsive to this Request in his possession, custody or control.

**REQUEST NO. 29**

All documents that relate to the WWE Network.

**RESPONSE:**

Objection.  Levy objects to this Request insofar as it seeks documents that are irrelevant to any claim, defense or issue in this case.  Therefore, the Request is overbroad and burdensome and not proportional to the issues involved in this case. Notwithstanding and without waiving the foregoing Objections, but expressly subject to them, Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control relevant to the issue of royalty payments from the WWE Network.

**REQUEST NO. 30**

All documents reflecting and/or relating to communications between [Levy], on the one hand, and any former performer of WWE, ECW, WCW, Inc. and/or WCWI or his or her representatives, including lawyers, on the other hand, regarding this lawsuit and/or other legal claims against WWE.

**RESPONSE:**

Objection.  Levy objects to this Request insofar as it seeks documents that are irrelevant to any claim, defense or issue in this case, and therefore the Request is overbroad and burdensome and not proportional to the issues involved in this case. Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

**REQUEST NO. 31**

All documents reflecting and/or relating to communications between [Levy] and any lawyer, including Matthew Peterson or Brenden Leydon, soliciting [Levy's] participation in this lawsuit and/or any other lawsuit against WWE, including any solicitation letters sent to [Levy].

11

**RESPONSE:**

Objection.  Levy objects to this Request because it requests the production of documents relating to privileged communications between Levy and his attorneys protected by the attorney-client privilege and/or the work product doctrine.


**REQUEST NO. 32**

All documents reflecting and/or relating to the reasons why Krislov & Associates, Ltd. no longer represents [Levy] in this action and/or did not sign the SAC.

**RESPONSE:**

Objection.  Levy objects to this Request because it requests the production of documents relating to privileged communications between Levy and his attorneys protected by the attorney-client privilege and/or the work product doctrine.


**REQUEST NO. 33**

All retainer agreements, fee agreements, agreements for legal representation, and other documents in which Tooher Wocl & Leydon, L.L.C., Krislov & Associates, Ltd., Matthew T. Peterson, Brenden P. Leydon or any attorney associated with those law firms or individuals agreed to provide legal representation to [Levy], including all documents reflecting or relating to any arrangement or agreement between [Levy] and any lawyer regarding the payment of costs and/or fees incurred by [Levy] in this lawsuit.

**RESPONSE:**

Objection.  Levy objects to this Request because it requests the production of documents relating to privileged communications between Levy and his attorneys protected by the attorney-client privilege and/or the work product doctrine.  Levy further objects to this Request because it seeks documents that are irrelevant to any material issue in this case at this time.  *See Piazza v. First Am. Title Ins. Co.*, No. 3:06-CV-765 AWT, 2007 WL 4287469, at *1-2 (D. Conn. Dec. 5, 2007) (denying motion to compel production of fee and retainer agreements on ground that requested documents are not relevant to class certification); *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12-CV-9350 (VM)(KNF), 2015 WL 5730101, at *5 (S.D.N.Y. Sept. 10 2015) (denying motion to compel production of litigation funding documents on basis that defendants failed to raise any non-speculative reasons demonstrating why information sought was relevant to claims or defenses); *Newberg on Class Actions* § 22:79 (4th ed. 2005) ("Defendants often

request discovery regarding fee arrangements between the plaintiffs and their counsel, but courts usually find such discovery to be irrelevant to the issue of certification"); Federal Judicial Center, *Manual for Complex Litigation* § 21.141 (4th ed. 2004) ("Precertification inquiries into the named parties' finances or the financial arrangements between the class representatives and their counsel are rarely appropriate, except to obtain information necessary to determine whether the parties and their counsel have the resources to represent the class adequately").

Pursuant to the objections asserted above, Plaintiff is withholding the following retention agreements between Plaintiff and his counsel: (1) Krislov & Associates, Ltd. former attorney-client retention agreement; (2) Matthew T. Peterson former attorney-client retention agreement; (3) The Bruno Firm, LLC current attorney-client retention agreement; (4) The Bruno Firm, LLC former consent to affiliate counsel with Tooher Wocl & Leydon, LLC; and (5) The Bruno Firm, LLC current consent to affiliate counsel with Clendenen & Shea, LLC.  Some additional documents responsive to this Request may be withheld on relevance grounds.

## REQUEST NO. 34

Any non-privileged communications or statements by [Levy] concerning the subject matter of this lawsuit or the events alleged in the SAC.

**RESPONSE:**

Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 35

All documents related to any harm, damages and/or losses that [Levy] claim[s] to have suffered by reason of the actions alleged in the SAC.

**RESPONSE:**

Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

**REQUEST NO. 36**

All documents reflecting and/or relating to the "formula" that [Levy] contend[s] in Paragraph 150 of the SAC can be used to calculate the supposed royalty amount [Levy] claim[s] is owed to [him] and other putative class members in this case.

**RESPONSE:**

Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

**REQUEST NO. 37**

All documents identified by [Levy] in [his] answer to WWE's First Set of Interrogatories to [Levy].

**RESPONSE:**

Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

**REQUEST NO. 38**

All documents reflecting when [Levy] first learned that WWE was not paying [him] royalties on WCWI and ECW works after WWE acquired such works.

**RESPONSE:**

Objection.  Levy objects to this Request insofar as it requests the production of documents relating to privileged communications between Levy and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding and without waiving the foregoing Objection, but expressly subject to it, Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

**REQUEST NO. 39**

All documents reflecting any actions [Levy] took after learning that WWE was not

14

paying [him] royalties on WCWI and ECW works after WWE acquired such works.

**RESPONSE:**

Objection.  Levy objects to this Request insofar as it requests the production of documents relating to privileged communications between Levy and his attorneys protected by the attorney-client privilege and/or the work product doctrine.  Levy further objects to this Request insofar as it seeks documents that are irrelevant to any claim, defense or issue in this case, and therefore the Request is overbroad and burdensome and not proportional to the issues involved in this case.  Notwithstanding and without waiving the foregoing Objections, but expressly subject to them, Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.  Some additional documents responsive to this Request have been withheld on relevance grounds.

## REQUEST NO. 40

All documents that relate to, and/or upon which [Levy] base[s], [Levy's] contention that a class should be certified in this lawsuit, including all documents [Levy] intend[s] to offer in support of class certification in this lawsuit.

**RESPONSE:**

Objection.  Levy objects to this Request insofar as it requests the production of documents relating to privileged communications between Levy and his attorneys protected by the attorney-client privilege and/or the work product doctrine.  Levy further objects to this Request insofar as it seeks documents that are protected from discovery pursuant to Fed.R.Civ.P. 26(b)(3).  Notwithstanding and without waiving the foregoing Objections, but expressly subject to them, Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 41

All documents reflecting and/or relating to [Levy's] participation in, or [his] seeking to participate in, any other lawsuit, including copies of any testimony or affidavits provided by [Levy] in any other lawsuit in which [Levy] [was] a class representative, a putative class representative, or otherwise, and copies of any complaints filed by [Levy] in any action.

**RESPONSE:**

Objection.  Levy objects to this Request insofar as it requests the production of documents relating to privileged communications between Levy and his attorneys protected by the attorney-client privilege and/or the work product doctrine.  Levy further objects to this Request insofar as it seeks documents that are irrelevant to any claim, defense or issue in this case, and therefore the Request is overbroad and burdensome and not proportional to the issues involved in this case.  Notwithstanding and without waiving the foregoing Objections, but expressly subject to them, Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control for the lawsuit styled *Levy, et al. v. World Wrestling Entertainment, Inc.*, No. 08-cv-01289 (D. Conn.).

**REQUEST NO. 42**

All documents reflecting and/or relating to any agreements with, or promises, representations, or inducements by any lawyer regarding (a) [Levy's] proposed representation of the putative class or (b) any monies [Levy] may receive from this lawsuit, [his] lawyers, or as a result of [his] role as a class representative, including any monies or anything of value that [his] lawyers have given, or have proposed giving, to [Levy] in exchange for service as a class representative.

**RESPONSE:**

Objection.  Levy objects to this Request insofar as it requests the production of documents relating to privileged communications between Levy and his attorneys protected by the attorney-client privilege and/or the work product doctrine.  Levy further objects to this Request insofar as it seeks documents that are irrelevant to any claim, defense or issue in this case, and therefore the Request is overbroad and burdensome and not proportional to the issues involved in this case.  *See Piazza v. First Am. Title Ins. Co.*, No. 3:06-CV-765 AWT, 2007 WL 4287469, at *1-2 (D. Conn. Dec. 5, 2007) (denying motion to compel production of fee and retainer agreements on ground that requested documents are not relevant to class certification); *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12-CV-9350 (VM)(KNF), 2015 WL 5730101, at *5 (S.D.N.Y. Sept. 10 2015) (denying motion to compel production of litigation funding documents on basis that defendants failed to raise any non-speculative reasons demonstrating why information sought was relevant to claims or defenses); *Newberg on Class Actions* § 22:79 (4th ed. 2005) ("Defendants often request discovery regarding fee arrangements between the plaintiffs and their counsel, but courts usually find such discovery to be irrelevant to the issue of certification"); Federal Judicial Center, *Manual for Complex Litigation* § 21.141 (4th ed. 2004) ("Precertification inquiries into the named

parties' finances or the financial arrangements between the class representatives and their counsel are rarely appropriate, except to obtain information necessary to determine whether the parties and their counsel have the resources to represent the class adequately"). Pursuant to the foregoing objections, Levy is withholding the following retention agreements between himself and his counsel: (1) Krislov & Associates, Ltd. former attorney-client retention agreement; (2) Matthew T. Peterson former attorney-client retention agreement; and (3) The Bruno Firm, LLC current attorney-client retention agreement.

## REQUEST NO. 43

All documents sent to [Levy] by the attorneys or law firms acting as [his] lawyers in this action (including [Levy's] current lawyers and any prior lawyers) before [Levy] retained them in this lawsuit.

**RESPONSE:**

Objection. Levy objects to this Request insofar as it requests the production of documents relating to privileged communications between Levy and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Levy further objects to this Request insofar as it seeks documents that are irrelevant to any claim, defense or issue in this case, and therefore the Request is overbroad and burdensome and not proportional to the issues involved in this case. *See Piazza v. First Am. Title Ins. Co.*, No. 3:06-CV-765 AWT, 2007 WL 4287469, at *1-2 (D. Conn. Dec. 5, 2007) (denying motion to compel production of fee and retainer agreements on ground that requested documents are not relevant to class certification); *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12-CV-9350 (VM)(KNF), 2015 WL 5730101, at *5 (S.D.N.Y. Sept. 10 2015) (denying motion to compel production of litigation funding documents on basis that defendants failed to raise any non-speculative reasons demonstrating why information sought was relevant to claims or defenses); *Newberg on Class Actions* § 22:79 (4th ed. 2005) ("Defendants often request discovery regarding fee arrangements between the plaintiffs and their counsel, but courts usually find such discovery to be irrelevant to the issue of certification"); Federal Judicial Center, *Manual for Complex Litigation* § 21.141 (4th ed. 2004) ("Precertification inquiries into the named parties' finances or the financial arrangements between the class representatives and their counsel are rarely appropriate, except to obtain information necessary to determine whether the parties and their counsel have the resources to represent the class adequately").

**REQUEST NO. 44**

All documents reflecting [Levy's] current monthly personal income from any sources, [his] assets, or any other documents evidencing [his] ability to pay the costs of this lawsuit or to reimburse [his] lawyers for the costs of this lawsuit if so ordered.

**RESPONSE:**

    <u>Objection</u>.  Levy objects to this Request insofar as it requests the production of documents relating to privileged communications between Levy and his attorneys protected by the attorney-client privilege and/or the work product doctrine.  Levy further objects to this Request insofar as it seeks documents that are irrelevant to any claim, defense or issue in this case, and therefore the Request is overbroad and burdensome and not proportional to the issues involved in this case.  *See Piazza v. First Am. Title Ins. Co.*, No. 3:06-CV-765 AWT, 2007 WL 4287469, at *1-2 (D. Conn. Dec. 5, 2007) (denying motion to compel production of fee and retainer agreements on ground that requested documents are not relevant to class certification); *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12-CV-9350 (VM)(KNF), 2015 WL 5730101, at *5 (S.D.N.Y. Sept. 10 2015) (denying motion to compel production of litigation funding documents on basis that defendants failed to raise any non-speculative reasons demonstrating why information sought was relevant to claims or defenses); *Newberg on Class Actions* § 22:79 (4th ed. 2005) ("Defendants often request discovery regarding fee arrangements between the plaintiffs and their counsel, but courts usually find such discovery to be irrelevant to the issue of certification"); Federal Judicial Center, *Manual for Complex Litigation* § 21.141 (4th ed. 2004) ("Precertification inquiries into the named parties' finances or the financial arrangements between the class representatives and their counsel are rarely appropriate, except to obtain information necessary to determine whether the parties and their counsel have the resources to represent the class adequately").  Some documents responsive to this Request have been withheld on relevance grounds.

**REQUEST NO. 45**

Any responses [Levy] or [his] lawyers have received to any inquiries, questionnaires, or solicitations made by [Levy's] lawyers, in any manner, or distributed in any fashion, including on any website, regarding any of the allegations in the SAC.

**RESPONSE:**

    <u>Objection</u>.  Levy objects to this Request insofar as it requests the production of documents relating to privileged communications between Levy and his attorneys

protected by the attorney-client privilege and/or the work product doctrine.  Levy further objects to this Request insofar as it seeks documents that are irrelevant to any claim, defense or issue in this case, and therefore the Request is overbroad and burdensome and not proportional to the issues involved in this case.

## REQUEST NO. 46

All documents reflecting and/or relating to any personal bankruptcy [Levy] filed, including the date upon which [Levy] declared bankruptcy, the court in which [his] bankruptcy was filed, and the docket number for the filing.

**RESPONSE:**

Objection.  Levy objects to this Request insofar as it seeks documents relating to any personal bankruptcy Levy may have ever filed that are irrelevant to any claim, defense or issue in this case.  Therefore, the Request is overbroad and burdensome and not proportional to the issues involved in this case.  Notwithstanding and without waiving the foregoing Objections, but expressly subject to them, Levy states that, after conducting a reasonable, good-faith search, he has found no documents responsive to this Request in his possession, custody or control.

## REQUEST NO. 47

All documents reflecting and/or relating to any effort, act, or step by [Levy] to mitigate, in whole or in part, the damages that [Levy] allege[s] [he] ha[s] suffered as a result of the acts or omissions complained of in the SAC.

**RESPONSE:**

Levy will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 48

All reports, including any exhibits thereto, prepared by, correspondence with, and other documents sent to or received from any expert witness who has been retained or specifically employed by [Levy] and who is expected to testify at any class certification hearing in this lawsuit or at the trial of any claim [Levy] make[s] in this lawsuit.

**RESPONSE:**

<u>Objection</u>.  This Request is premature insofar as it seeks documents that will in the future be received from or prepared by Levy's expert witnesses.  Levy further objects to this Request insofar as it seeks documents that are protected from disclosure in discovery pursuant to the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.  Notwithstanding and without waiving the foregoing Objections, but expressly subject to them, Levy states that he will adhere to the Court's scheduling Orders, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert witness reports, testimony and other evidence.

Respectfully submitted,

/s/ *Eric H. Zagrans*

Klint L. Bruno (admitted *pro hac vice*)
kb@brunolawus.com (e-mail)
Eric H. Zagrans (admitted *pro hac vice*)
ez@brunolawus.com (e-mail)
Michael L. Silverman (admitted *pro hac vice*)
msilverman@brunolawus.com (e-mail)
Matthew T. Peterson (admitted *pro hac vice*)
mp@brunolawus.com (e-mail)
THE BRUNO FIRM, LLC
500 North Michigan Avenue, Suite 600
Chicago, Illinois 60611
312.321.6481  (telephone)

and

William H. Clendenen, Jr.
office@clenlaw.com (e-mail)
Maura Mastrony
mam@clenlaw.com (e-mail)
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, Connecticut 06511
203.787.1183  (telephone)

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Plaintiff's Supplemental Responses to Defendant's First Requests for the Production of Documents was served by electronic mail this 7th day of August, 2017, on the following counsel of record for Defendant:

Jerry S. McDevitt (jerry.mcdevitt@klgates.com)
Curtis B. Krasik (curtis.krasik@klgates.com)
K&L GATES, LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613

R. Bruce Allensworth (bruce.allensworth@klgates.com)
Ryan M. Tosi (ryan.tosi@klgates.com)
K&L GATES, LLP - MA
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950

Jeffrey P. Mueller (jpmueller@daypitney.com)
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212

Jonathan B. Tropp (jbtropp@daypitney.com)
DAY PITNEY LLP
One Canterbury Green
201 Broad Street
Stamford, Connecticut 06901

/s/ *Eric H. Zagrans*
Eric H. Zagrans