UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Marcus Bagwell and Scott Levy,
individually and on behalf of all others
similarly situated,

    Plaintiffs,

v.

World Wrestling Entertainment, Inc.,

    Defendant.

Civil Action No. 3:16-cv-01350-JCH

August 25, 2017

## JOINT STATUS REPORT

Pursuant to the Court's August 11, 2017 Order (Dkt. No. 96), Plaintiffs Marcus Bagwell and Scott Levy ("Plaintiffs") and Defendant World Wrestling Entertainment, Inc. ("Defendant" or "WWE") (individually, a "Party" or collectively, the "Parties") jointly submit this Joint Status Report.

1. **Brief Description of Agenda Items**

    A. **Withdrawing Certain Alleged Subclasses & Moving to Sever Certain Claims Alleged in the Third Amended Complaint**

During the August 11, 2017 telephonic status conference with this Court, Plaintiffs' counsel indicated that based upon information proffered by counsel for WWE and subject to evidentiary support of the representations made, Plaintiffs agreed to refine the alleged class definition and agreed that they would not pursue claims on behalf of individuals who are parties to the following contracts and are part of the following alleged subclasses in this matter: (i) Titan Sports, Inc. d/b/a World Wrestling Federation Booking Contract from signing period of January 1, 1993 until December 31, 1993; and (ii) WCW, Inc. Booking Contract from the signing period of March 24, 2001 to January 1, 2004.

On August 17, 2017, Defendant's counsel provided documentation in the form of an affidavit that sufficiently substantiates the representations made to Plaintiffs' counsel. Accordingly, Plaintiffs' counsel has agreed that the sole remaining alleged class of individuals in this matter consists of all individuals who are parties to a World Wrestling Federation Entertainment, Inc. Booking Contract from the signing period of January 1, 1999 to until January 1, 2004.[1]

Further, after reviewing and considering the information proffered by Defendant's counsel, subject to Court approval, the Parties have tentatively agreed that Plaintiff Bagwell's individual claims will proceed on the same discovery schedule as previously set forth by the Court. Any decision of whether Bagwell's claims should be severed from the pending class action will be based on the determination of class certification and other issues.

### B. Requesting Client Files from Plaintiffs' Former Counsel

Plaintiffs and their lawyers have requested their former lead counsel, Clinton A. Krislov of Krislov & Associates, Ltd., and former local counsel, Brenden P. Leydon of Tooher Wocl & Leydon, LLC, turn over any and all case files and materials pertaining to this litigation to Plaintiffs' counsel. As contemplated by the Court's August 21, 2017 Order (Dkt. No. 101), Plaintiffs' counsel has engaged in several meet-and-confer sessions with Mr. Krislov and attempted to reach a resolution on the transfer of Plaintiffs' legal files. On August 28, 2017, Plaintiffs'

---

[1] Based on information exchanged between the Parties regarding the appropriate class definition, Plaintiffs may revise the alleged class definition to all individuals who are parties to a World Wrestling Federation Entertainment, Inc. Booking Contract from the signing period of August 1996 until April 2004. Plaintiffs reserve the right to amend the class definition based on information learned in discovery.

counsel and Mr. Krislov will file a joint notice, pursuant to the Court's Order, indicating: (i) the status of those discussions; (ii) whether a resolution has been reached; and (iii) a date by which Mr. Krislov will forward the client files to Plaintiffs' counsel.

Further, Plaintiffs' counsel has engaged in discussions with Mr. Leydon relating to the transfer of all files he may have regarding this matter. Plaintiffs' counsel will continue to meet and confer with Mr. Leydon in an effort to arrange for the prompt transfer of any files. In the event that no resolution is reached, Plaintiffs' counsel will seek further intervention from the Court.

In addition to the foregoing, Defendant's counsel has requested that Plaintiffs' counsel obtain files and documents from the following additional attorneys: (i) Brad Small, an attorney in Beverly Hills, California, who negotiated Plaintiff Bagwell's WCW booking contract; (ii) Cary Ichter, Ichter Davis LLC, Atlanta, Georgia, who represented Plaintiff Levy in communications with WWE regarding certain DVD royalties to which Mr. Levy believed he was entitled; (iii) Frank M. Smith, Smith & Verbit, Cooper City, Florida, whom Plaintiff Levy consulted regarding the current litigation; (iv) Joel R. Bennett, Disner Law Corporation, Los Angeles, California, who represented Plaintiff Levy in a previous lawsuit against WWE alleging breach of Levy's booking contract with WWE as a result of his alleged employment misclassification; and (v) David S. Golub, Silver, Golub & Teitell, LLP, Stamford, Connecticut, who also represented Plaintiff Levy in his previous lawsuit against WWE.

Plaintiffs' counsel has agreed to obtain the files from these prior attorneys and law firms without agreeing that any such documents would be relevant to the claims, defenses or issues in this litigation. Plaintiffs' counsel is in the process of contacting and obtaining the requested files and documents from Attorneys Ichter, Smith and Golub. Eliot Disner, the senior partner of Disner Law Corporation, died in 2009. Joel R. Bennett died in 2012. The firm dissolved in the wake of Mr. Disner's passing, and the successor firm is Law Offices of Perrin F. Disner. Plaintiffs' counsel is attempting to discover whether any of the requested files and records remain in the possession, custody or control of Law Offices of Perrin F. Disner, with whom Plaintiff Levy has had no connection.

C.  **Status of ESI Protocol and Exchange of Keyword Search Terms**

In accordance with the Court's August 11, 2017 Order (Dkt. No. 96), Plaintiffs' counsel has developed and exchanged proposed keyword search terms with Defendant's counsel that will be used to collect and identify potentially responsive electronically stored information ("ESI"). Moreover, Defendant's counsel has reviewed Plaintiffs' keyword search terms and has provided proposed revisions along with additional proposed keyword search terms for consideration. The Parties have met and conferred with respect to these issues and have reached an agreement on the keyword search terms that Plaintiffs will use to collect and identify potentially responsive ESI.

Based on the anticipated volume of ESI, Plaintiffs' counsel believes that the review and production of responsive ESI can be completed by September 29, 2017.

### D. Issues Relating to Plaintiffs' Discovery Requests

Pursuant to the Court's July 27, 2017 Memorandum of Conference and Scheduling Order (Dkt. No. 84 at 2), Plaintiffs served their initial discovery requests on August 4, 2017. Since that time, the Parties have had numerous meet and confers regarding the information and documents sought in the discovery requests, Defendant's preliminary objections to Plaintiffs' discovery requests[2], and the proper scope of the first phase of discovery. As a result of the Parties' extensive discussions, the Parties have reached several agreements to refine, narrow, and eliminate certain discovery requests. The Parties continue in good faith to have productive conversations in an effort to resolve any other disputes relating to Plaintiffs' discovery requests.

### E. Issues Relating to Case Scheduling

In the course of the Parties' meet and confers, the Parties reached certain agreements with respect to case scheduling subject to the Court's approval. First, Plaintiffs agreed to make Bagwell and Levy available after the disclosure of their expert witness(es) and expert report(s) to re-open their depositions solely with respect to issues relating to Plaintiffs' damages. The Parties jointly request a modification of the Court's July 27, 2017 Scheduling Order (Dkt. No. 84) to reflect this agreement. Second, Plaintiffs agreed that their production of hard copy documents that are responsive to WWE's First Request for the Production of Documents will be substantially completed on or before August 31, 2017, and Plaintiffs will advise WWE by August 31, 2017 if there are additional hard copy

---

[2] Defendant's objections and responses are not due until Tuesday, September 5, 2017.

documents which must be reviewed and a date by which any hard copy documents will be produced.

Dated: August 25, 2017

/s/ Michael Silverman

Michael Silverman
*msilverman@brunolawus.com*
Federal Bar #: phv09160
Klint L. Bruno
*kb@brunolawus.com*
Eric H. Zagrans
*ez@brunolawus.com*
Matthew Peterson
*mp@brunolawus.com*
**THE BRUNO FIRM, LLC**
500 North Michigan Avenue
Suite 600
Chicago, Illinois 60611
Phone: 312.321.6481

William H. Clendenen, Jr.
*whcj@clenlaw.com*
Federal Bar #: ct04261
Maura Mastrony
*mam@clenlaw.com*
Federal Bar #: ct27787
**CLENDENEN & SHEA, LLC**
400 Orange Street
New Haven, Connecticut 06511
Phone: 203.787.1183

**Attorneys for Plaintiffs and the Classes**

/s/ Jeffrey Mueller

Jerry S. McDevitt
*jerry.mcdevitt@klgates.com*
Curtis B. Krasik
*curtis.krasik@klgates.com*
**K&L GATES, LLP**
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
Phone: 412.355.8608

R. Bruce Allensworth
*bruce.allensworth@klgates.com*
Ryan M. Tosi
*ryan.tosi@klgates.com*
**K&L GATES, LLP**
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950
Phone: 617.261.3100

Jeffrey Mueller
*jpmueller@daypitney.com*
Federal Bar #: ct27870
**DAY PITNEY LLP**
242 Trumbull Street
Hartford, Connecticut 06103-1212
Phone: 860.275.0164

Stanley A. Twardy, Jr.
*satwardy@daypitney.com*
Jonathan B. Tropp
*jbtropp@daypitney.com*
**DAY PITNEY LLP**
One Canterbury Green
201 Broad Street
Stamford, Connecticut 06901
Phone: 203.977.7300

**Attorneys for Defendant
World Wrestling Entertainment, Inc.**

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing Joint Status Report was filed this 25th day of August 2017 via the electronic filing system of the District of Connecticut, which will automatically serve all counsel of record.

_____
CLENDENEN & SHEA, LLC