UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARCUS BAGWELL and SCOTT LEVY, Individually and on behalf of all others Similarly situated, | : : : |
| Plaintiffs, | Civil Action No. 3:16-cv-01350-JCH : : |
| vs. | : Hon. Janet C. Hall : |
| WORLD WRESTLING ENTERTAINMENT, INC., | : : : |
| Defendant. | : |

**JOINT STATUS REPORT**

Pursuant to the Court's August 21, 2017 Order (Dkt. No. 101), The Bruno Firm LLC, current counsel for Plaintiffs, Marcus Bagwell and Scott Levy ("Bruno"), and Krislov & Associates, Ltd., predecessor counsel for Plaintiffs ("Krislov"), hereby submit this Joint Status Report.

After multiple meet-and-confer communications, both telephonically and by the exchange of numerous e-mail messages, Bruno and Krislov have unfortunately been unable to agree on the details of how Krislov's fee in this matter will be protected so that Krislov will release the client files and records to Bruno. Therefore, pursuant to the Court's Order, the two sets of counsel set forth their respective positions in this Joint Status Report.

**I.     Bruno's Position on Krislov Legal Fees**

Bruno acknowledges that Krislov has incurred fees and expenses in connection with this case that deserve protection, and agrees to take appropriate steps to do so. During the nine months that Krislov represented Plaintiffs in this

case, from its commencement in August 2016 through May 10, 2017 when attorney Matt Peterson left Krislov and shortly thereafter became associated with Bruno, Krislov has indicated to Bruno that its total time in this case amounts to 411.09 hours, of which 59.65 hours was time spent by Clinton A. Krislov, senior partner, and 351.44 hours constitutes time spent by Mr. Peterson, a junior associate. At their respective hourly rates of $880 for Mr. Krislov and $300 for Mr. Peterson, Krislov's combined lodestar amount is $157,924. In addition, Krislov has spent $1,131.41 in case-related expenses.

Bruno maintains there are two ways it can protect Krislov's fees and reimbursable expenses in the event the *Levy* case were certified as a class action and an award of attorneys' fees becomes subject to Court approval. First, Bruno has proposed that it and Krislov will file a joint fee petition at the successful conclusion of the case seeking approval of fees and reimbursable expenses from the Court. In this scenario, Bruno would require Krislov's detailed time entries and itemized expenses for this matter, and would include them along with Bruno's in any such application. Obviously, any entitlement to legal fees and reimbursable expenses is at this point completely theoretical and, if it were to occur at all, may well not happen for a long time to come, but Bruno would agree to protect Krislov's compensable lodestar and reimbursable expenses in this fashion.

Alternatively, Bruno proposes that it and Krislov can each file its own respective fee petitions at the appropriate time for our respective involvements at different stages of the litigation. Bruno would not object to Krislov's filing a

separate fee petition, if that is the route Krislov chose, in return for Krislov's agreement not to object to Bruno filing a separate fee petition.

In the event either firm believes it should be entitled to a fee in excess of its respective lodestar amount, it should make a separate application for any such entitlement to the Court.

Bruno believes lodestar should be calculated based on billing rates in effect at the time the particular services were rendered, and should not be based on billing rates effective at the time of any fee award.

In addition, Bruno has agreed to pick up the files and records on Plaintiffs' matter from Krislov's office, copy them, and return a complete set to Krislov all at Bruno's expense.

## II.     Krislov's Position on Krislov Legal Fees

We appreciate the court's assistance in resolving this matter.  From the beginning, our position has been that our firm should share in any eventual fee award in the same manner as all other firms in the case.

The Krislov firm's involvement began in March 2016, in analyzing the claims, entering into contingent fee agreements with the plaintiffs, drafting the complaints, initiating the lawsuit, making the initial motion for class certification, and successfully defending against the defendants' aggressive motion to dismiss and for sanctions.  We began the case when it was a much riskier proposition than it is now.  Shortly after this court's decision upholding the complaint, Mr. Peterson left without notice in May 2017.  We were thereafter contacted by Mr. Zagrans (we have never heard from the Bruno firm or Mr. Peterson).  We readily advised him of our investment of time and money to date, and that we merely expected to be protected for our

proportionate share of any fee award, based on our proportionate lodestar share, later adding that the usual norm in such cases is to additionally allocate a 10% producer share to the intiating firm, reflecting its having both produced the case, and pursuing it when it was at its riskiest point.

Until this court's order last week, Mr. Zagrans' communications were all surprisingly hostile, variously declaring that this was "not a negotiation", that the Krislov firm would not share in any fees above "lodestar", and accused us of unethical actions in asserting our attorneys lien and retaining lien. We are happy to provide the court with the email chain. It has been hard to discern what Mr. Zagrans' firms commitment actually is, given his admitted "hyperbole" in the negotiations.

Nonetheless, we wish the case to proceed to success, and bear no ill will to the plaintiffs. Accordingly, while our position has been that the Krislov firm be entitled to the same enhancement, by percentage or multiplier, as all other firms in the case, based on our proportionate lodestars at the time of any fee awards (using rates in effect at the time of the fee awarded), we can agree that, as long as we are kept in the case's cm/ecf system so that we can monitor the progress, and assured of being notified of any resolution, either individual, or class, we reserve the right to petition for an appropriate fee share for our firm, based on the clients' signed contingent fee agreements, and customary process for awarding fees in class action matters.

We are certainly available for a telephone conference/mediation if the court so desires.

Dated: August 28, 2017

/s/ Eric H. Zagrans

Klint L. Bruno
*kb@brunolawus.com*
Eric H. Zagrans
*ez@brunolawus.com*
Michael L. Silverman
*msilverman@brunolawus.com*
Matthew Peterson
*mp@brunolawus.com*
**THE BRUNO FIRM, LLC**
500 North Michigan Avenue
Suite 600
Chicago, Illinois 60611
Phone: 312.321.6481

William H. Clendenen, Jr.
*whj@clenlaw.com*
Maura Mastrony
*mam@clenlaw.com*
**CLENDENEN & SHEA, LLC**
400 Orange Street
New Haven, Connecticut 06511
Phone: 203.787.1183

***Attorneys for Plaintiffs***

/s/ Clinton A. Krislov

Clinton A. Krislov
*clint@krislovlaw.com*
**KRISLOV & ASSOCIATES, LTD.**
Civic Opera Building, Suite 1300
20 North Wacker Drive
Chicago, Illinois 60606
Phone: 312.606.0500

***Former Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Joint Status Report was electronically filed on August 28, 2017, using the Court's electronic filing system, which will automatically serve all counsel of record.

/s/ Michael Silverman
Michael Silverman (phv09160)