# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS BAGWELL and SCOTT LEVY, individually and on behalf of all others similarly situated, | : : : : | NO.  3:16-CV-01350-JCH |
| Plaintiffs, | : : : | |
| vs. | : : | |
| WORLD WRESTLING ENTERTAINMENT, INC., | : : : : | |
| Defendant. | : | SEPTEMBER 25, 2017 |

## JOINT STATUS REPORT

Pursuant to the Court's July 27, 2017 Order (Doc. 84), Plaintiff Marcus Bagwell and

Scott Levy ("Plaintiffs") and Defendant World Wrestling Entertainment, Inc. ("WWE")

(individually, a "Party" and collectively the "Parties") jointly submit this Joint Status Report.

### A.     Detailed Description of Discovery Conducted to Date

#### 1.     Initial Disclosures

Both Parties served their Initial Disclosures on August 4, 2017.

#### 2.     Discovery Conducted by Plaintiffs

Plaintiffs served their First Set of Requests for Production of Documents ("First RFPs")

and First Set of Interrogatories ("First IROGs") on August 4, 2017.  WWE served its objections

and responses to the First RFPs and First IROGs on September 5, 2017.  With its objections and

responses to the First RFPs and First IROGs, WWE produced over 4,600 pages (including

documents produced in native format) of responsive hard copy documents.  In accordance with

the Parties' ESI Protocol, the Parties have agreed upon custodians and search terms with respect

to WWE's ESI, and WWE has committed to producing ESI responsive to the First RFPs and First IROGs by October 20, 2017.  The Parties met and conferred about WWE's objections and responses to Plaintiffs' First RFPs and First IROGs, copies of which are attached hereto as Exhibits "A" and "B," respectively, on September 19 and 20, 2017.

Plaintiffs served their Second Set of Requests for Production of Documents ("Second RFPs") and Second Set of Interrogatories ("Second IROGs") on August 18, 2017.  WWE served its objections and responses to the Second RFPs and Second IROGs on September 18, 2017.  The Parties met and conferred regarding WWE's objections and responses to the Second RFPs and Second IROGs, copies of which are attached hereto as Exhibit "C" and "D," respectively, on September 19 & 20, 2017.

As a result of the meet-and-confer sessions, Plaintiffs have reduced their issues and concerns about WWE's responses and objections to Plaintiffs' written discovery requests to a small number of essential document requests and interrogatories:

(a)     with respect to RFP Nos. 25 and 26, Plaintiffs are ***not*** seeking documents pertaining to monies collected on which royalties were owed, and pertaining to royalty payments made, at events and for non-video products.  Instead, Plaintiffs are seeking documents sufficient to derive (i) the amount of money collected or received by WWE for video product royalty payments made and the methodology for the calculation of those royalty payments, and (ii) the amount of money actually paid to Performers with the applicable kind of booking contracts for video product royalties and the methodology for calculating those royalties.  WWE is willing to provide such documents limited only to the named Plaintiffs.  Plaintiffs are seeking those documents for all 253 relevant Performers.

(b)     RFP No. 33 seeks documents sufficient to show how royalty payments were

computed, including the database of allocated royalty rates for various video products which are used to generate royalty statements for the relevant 253 Performers.  WWE has limited its production of responsive documents to those purportedly sufficient to show how video product royalties that were paid to the named Plaintiffs were computed, claiming that discovery relating to other class members "is outside the scope of Phase I discovery."  Plaintiffs are requesting production of similar documents, from the same royalty database, with respect to the other relevant Performers for the same video product royalties to: (i) obtain evidence in support of the commonality and typicality elements of Rule 23 for class certification; and (ii) develop a model of such calculations on a class-wide basis and to verify whether such a model works accurately across the class as a whole.

(c)     with respect to IROG Nos. 4, 5, 8 and 9, WWE has responded that (i) it has identified 253 performers who entered into booking contracts containing the "other technology" clause between August 1996 and April 2004, inclusive, (ii) there were 12 different kinds of booking contracts that contained the "other technology" clause during the relevant time period reflecting variations in the royalty provisions regarding video products, and (iii) there were 7 different kinds of subsequent agreements with performers who had booking contracts containing the "other technology" clause that WWE argues exclude such performers from the putative class. WWE has produced exemplars of the 12 different kinds of booking contracts and the 7 different kinds of subsequent agreements.  Of the 253 members of the putative class, Plaintiff is asking WWE to identify which variation of the 12 kinds of booking contracts applies to each performer, and to identify which performers are subject to each of the 7 kinds of subsequent agreements.  In other words, how is the total number of 253 performers broken down in terms of each different kind of booking contracts and royalty payment agreements on the one hand, and each different

3

kind of subsequent agreement on the other hand.  In addition, while WWE has agreed to produce all available royalty reports for the two named Plaintiffs, Plaintiffs are requesting WWE to produce the same documents for all 253 members of the putative class.

(d)      IROG No. 18 asks WWE to identify the video products involving class members for which WWE is obligated to pay royalties, along with the assigned royalty rates applicable to each video product.  Plaintiffs maintain this information is relevant to demonstrate the requisite commonalty and typicality of the class.

(e)      IROG No. 19 seeks WWE to identify the same information as IROG No. 18 for performers it contends are excluded from the class because of language in 7 different kinds of subsequent agreements – in other words, which performer is excluded, in what video products on the WWE Network does that performer appear, and what is the royalty rate that would have been applicable to each such product for each such performer.

(f)      IROG No. 20 asks WWE to identify which of the video products identified in IROGs Nos. 18 and 19 appear on the WWE Network.  This information is critically important to being able to identify the nature and scope of the class-wide injury and the viability of a damages model on a class-wide basis.

In response to the foregoing issues identified by Plaintiffs, WWE notes only that its counsel received this section of the Joint Status report at 12:47 pm on September 25, 2017, and therefore has not had a reasonable opportunity to respond.  Should Plaintiffs file a motion to compel on some or all of these issues, WWE respectfully requests that it be afforded a full and fair opportunity to brief the merits of any such issues and an in-person oral argument before the Court to demonstrate (a) that Plaintiffs are seeking effectively class-wide discovery on merits issues and class damages contrary to the Court's July 27, 2017 Memorandum of Conference and

Scheduling Order (Doc. 84) that would impose a massive burden on WWE; (b) how the documents and information WWE has produced to date amply satisfy the issues involved in Phase I discovery relating to class certification and the merits of the named Plaintiffs claims and are consistent with the Court's guidance on the scope of discovery; and (c) how WWE would be severely prejudiced by the disclosure of the information requested regarding all putative members of the class.  Indeed, WWE's counsel specifically asked in the Parties' meet and confer discussions if there are any documents relevant to Levy's or Bagwell's claims or their ability to derive their supposed damages formula that Plaintiffs' counsel believe WWE has not produced or agreed to produce, and Plaintiffs' counsel conceded that there are none.

### 3.    **Discovery Conducted by WWE**

WWE served its First Request for Production of Documents ("First RFPs") and First Set of Interrogatories ("First IROGs") on June 13, 2017.  Plaintiffs served objections and responses to the First RFPs and First IROGs on July 13, 2017.  Following several meet and confer discussions between the Parties, Plaintiffs served supplemental responses to the First RFPs and First IROGs on August 7, 2017 and further supplemental responses to the First RFPs on August 31, 2017.  Plaintiffs have produced all hard copy documents responsive to the First RFPs and First IROGs.  In accordance with the Parties' ESI Protocol, the Parties have agreed upon custodians and search terms with respect to Plaintiffs' ESI.  On September 22, 2017, Plaintiffs produced all non-privileged ESI responsive to the First RFPs and First IROGs.

On June 30, 2017, WWE served its Second Request for Production of Documents, to which Plaintiffs served objections and responses on July 31, 2017.

On August 15, 2017, WWE served its Second Set of Interrogatories directed to Plaintiff Levy ("Second IROGs").  Plaintiffs served objections and responses to the Second IROGs on

September 14, 2017, a copy of which is attached hereto as Exhibit E.  The Second IROGS were aimed principally at discovery of (1) Plaintiff Levy's contentions as the putative class representative regarding the objective criteria he contends satisfied the ascertainability standard required to certify a class action (IROG No. 13), and (2) what act, event or content relating to the WWE Network he contends to be a royalty-generating event as to him and the class he seeks to represent (IROG No. 14).  Following numerous meet and confer discussions regarding Levy's response to IROG No. 14 as to his contention on the key issue of what constitutes a royalty-generating event, WWE still has not received a full and adequate response to IROG No. 14. Plaintiffs' counsel has refused, for example, to specify under what circumstances the display of ECW or WCW content on the WWE Network is royalty generating or whether content of WWE, ECW, and WCW for which Plaintiffs were never paid a royalty are contended to be royalty generating because those copyrighted works are available for viewing on the WWE Network. WWE maintains this information is critically relevant to the liability and damages issues, and to define the proper scope of discovery against WWE.  WWE intends to move to compel on this crucial issue absent a timely and fully responsive supplement.

WWE served its Third Request for the Production of Documents on August 25, 2017. Plaintiffs' responses to those requests will be due on September 25, 2017.  If Plaintiffs refuse to produce the requested records, compulsive motions may be necessary on those requests as well.

WWE has advised Plaintiffs of its desire to take the deposition of Plaintiff Levy during the first two weeks of October.  Plaintiffs have agreed to make Levy available to be deposed on October 12, 2017.

**B.**    **Current Deadlines**

Plaintiffs believe that, in light of WWE's anticipated production of documents on

October 20, 2017, all subsequent discovery deadlines should be extended by thirty (30) days. WWE disputes that an extension of the discovery deadlines is necessary.  WWE notes that Plaintiffs' waited to serve their First RFPs and First IROGs until August 4, 2017, and only after the Court ordered Plaintiffs "to propound initial discovery requests on or before the close of business of August 4, 2017" in its July 27, 2017 Memorandum of Conference and Scheduling Order (Doc. 84).  Had Plaintiffs not been dilatory in commencing discovery, there would be no need for the requested extension.  WWE further notes that WWE's anticipated production of ESI on October 20, 2017 is irrelevant to this analysis, as Plaintiffs produced their responsive ESI — precisely 6 non-duplicative pages — 15 weeks after the service of WWE's First RFPs and First IROGs while WWE has committed to reviewing and producing its significantly greater volume of ESI only 11 weeks after the service of Plaintiffs' First RFPs and IROGs.

All case scheduling deadlines remain unchanged from those set forth in the Court's July 27, 2017 Memorandum of Conference and Scheduling Order (Doc. 84), as modified by the Court's August 30, 2017 Memorandum of Conference (Doc. 110) with respect to the parties' agreement to reopen Plaintiffs' depositions solely with respect to issues relating to damages after disclosure of Plaintiffs' expert witnesses, such that any continued depositions of Plaintiffs with respect to damages only shall take place on or before the discovery deadline of February 23, 2018.

**C.**     **Amendments to the Pleadings Contemplated**

As indicated in the Court's August 30, 2017 Memorandum of Conference (Doc. 110), counsel for Plaintiffs stated that they intend to withdraw certain claims alleged in the Third Amended Complaint and that they intend to file a Notice on the docket indicating which claims are withdrawn.  Plaintiffs will file such a Notice on or before September 29, 2017.

301099771 v1

**D.**     **Issues Relating to Plaintiffs' Prior Counsel**

Plaintiffs' prior counsel, Krislov & Associates, has not yet fully complied with the Court's August 29, 2017 Order (Dkt. No. 109), directing Krislov & Associates to "surrender plaintiffs' legal files to plaintiffs' current counsel of record on or before September 1, 2017." At present, while Krislov & Associates has provided part of Plaintiffs' legal files to Plaintiffs' current counsel of record, Krislov & Associates has not yet turned over any e-mail communications from its files and records. Plaintiffs' current counsel will be producing to WWE's counsel the non-privileged documents responsive to WWE's discovery requests that it has received from Krislov & Associates, together with a privilege log for all responsive documents being withheld on the basis of attorney-client privilege or work product, on or before September 29, 2017. Plaintiffs' current counsel will also produce to WWE's counsel the non-privileged e-mail communications from the Krislov & Associates files and records, together with a privilege log for all responsive e-mail communications that are withheld on the basis of attorney-client privilege or work product, promptly following their receipt of such documents. WWE notes that its Third RFPs call for the production of phone records and other non-email documents in the possession of Krislov & Associates. WWE will not know until after the filing of this Joint Status Report if such documents are produced but, if not, WWE may require the Court's assistance in compelling their production.

Plaintiffs' prior local counsel, Tooher, Wocl & Leydon LLC, has not turned over any documents or files despite repeated efforts by Plaintiffs' current counsel to obtain Mr. Leydon's agreement to do so. Pursuant to the Court's recommendation, Plaintiffs' counsel provided Mr. Leydon with a copy of the Court's Order dated August 29, 2017 (Dkt. No. 109) regarding the transfer of Plaintiffs' client files from Krislov & Associates. Under the circumstances, Plaintiffs'

301099771 v1

counsel suggested that Mr. Leydon submit a separate fee application to the Court for his

attorneys' fees and expenses.  Mr. Leydon has not responded to Plaintiffs' counsel's most recent

communications, has not provided his position with respect to Plaintiffs' counsel's proposal, and

has not provided a date by which he will deliver Plaintiffs' files and documents in his possession.

Accordingly, Plaintiffs respectfully request an Order requiring Mr. Leydon to promptly transfer

all of the client files, documents and records in his possession to Plaintiffs' current counsel.

Furthermore, Plaintiffs' counsel has offered to pay for the cost of copying and shipping

Plaintiffs' files, documents and records.


*/s/ Eric H. Zagrans* _____
Klint L. Bruno
*kb@brunolawus.com*
Eric H. Zagrans
*ez@brunolawus.com*
Michael Silverman
*msilverman@brunolawus.com*
Matthew Peterson
*mp@brunolawus.com*
**THE BRUNO FIRM, LLC**
500 North Michigan Avenue
Suite 600
Chicago, Illinois 60611
Phone: 312.321.6481

William H. Clendenen, Jr.
*whj@clenlaw.com*
Maura Mastrony
*mam@clenlaw.com*
**CLENDENEN & SHEA, LLC**
400 Orange Street
New Haven, Connecticut 06511
Phone: 203.787.1183

***Attorneys for Plaintiffs and the Classes***


*/s/ Jerry S. McDevitt* _____
Jerry S. McDevitt
*jerry.mcdevitt@klgates.com*
Curtis B. Krasik
*curtis.krasik@klgates.com*
**K&L GATES, LLP**
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
Phone: 412.355.8608

Jeffrey Mueller
*jpmueller@daypitney.com*
**DAY PITNEY LLP**
242 Trumbull Street
Hartford, Connecticut 06103-1212
Phone: 860.275.0164

Stanley A. Twardy, Jr.
*satwardy@daypitney.com*
Jonathan B. Tropp
*jbtropp@daypitney.com*
**DAY PITNEY LLP**
One Canterbury Green
201 Broad Street
Stamford, Connecticut 06901
Phone: 203.977.7300

***Attorneys for Defendant
World Wrestling Entertainment, Inc.***

301099771 v1