# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS BAGWELL and SCOTT LEVY, individually and on behalf of all others similarly situated, | : | NO.  3:16-CV-01350-JCH |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| WORLD WRESTLING ENTERTAINMENT, INC., | : | |
| | : | |
| Defendant. | : | SEPTEMBER 5, 2017 |

## WORLD WRESTLING ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits the following objections and responses to Plaintiffs' First Set of Requests for the Production of Documents, as amended by Plaintiffs during meet and confer conferences between counsel and memorialized in emails between counsel dated August 17 and August 23, 2017 which are attached hereto as Exhibit 1 (the "Requests").

## OBJECTIONS APPLICABLE TO ALL REQUESTS

1.      WWE objects to the Requests to the extent that they call for the production of documents outside the scope of Phase I discovery under the Court's July 27, 2017 Order (Dkt. 84).  By that Order, the Court limited discovery to (1) discovery on the merits of the two named plaintiffs' cases and (2) discovery related to the certification of a class which may include discovery as to the viability of the class and a substantive inquiry into a small subset of putative class members.  In responding to the Requests, WWE is only producing documents that are

within the scope of the Court's July 27, 2017 Order.  If a document would otherwise be responsive to the Requests but is not within the scope of the July 27, 2017 Order, it is not being produced.

2.     WWE objects to the Requests to the extent that they call for the identification of individuals who have performed for WWE but who are not parties to this lawsuit.  Such information is outside the scope of the Court's July 27, 2017 Order as it is not relevant to the merits of the named Plaintiffs' claims or any class certification issues.  Second Circuit law is clear that the determination of ascertainability does not require the production of a complete list of class members at the certification stage.  *See In re Petrobras Sec.*, 862 F.3d 250, 266 n.16 (2d Cir. 2017); *Brecher v. Republic of Argentina*, 806 F.3d 22, 25 n.2 (2d Cir. 2015).  Additionally, WWE has voluntarily provided Plaintiffs' counsel with the number of WWE performers who are parties to contracts with the so-called "other technology" provision relied upon by Plaintiffs to contend that this is a proper class action case.  Thus, such information is not needed to satisfy numerosity requirements.  To the extent WWE produces documents that contain identifying information for such performers as exemplars in response to any Requests, WWE is producing copies of the documents with the identifying information redacted.

3.     WWE objects to Request Nos. 20-21, 23-26 and 30 which seek information regarding all "Performers" on the grounds that such Requests: (1) improperly seek broad-based class discovery in contravention of the Court's July 27, 2017 Order that class discovery would not proceed until after the Court rules upon Levy's motion for class certification and (2) would require WWE to engage in extensive individual inquiry, review, and analysis of documents for all 253 putative class members which goes beyond that which is relevant to the predominance inquiry on a motion for class certification.  Thus, such Requests are overbroad, unduly

burdensome and not limited to information or documentation that is relevant to any party's claims or defenses and not proportional to the needs of the case.

4.       WWE objects to Request Nos. 17, 22 and 25 which seek information regarding "royalty payments" to performers.  "Royalty payments" as defined by Plaintiffs are not limited to royalty payments on video products and, therefore, these Requests (1) seek information that is outside the scope of the Court's July 27, 2017 Order (i.e., not relevant to the merits of the named Plaintiffs' claims or class certification issues) and (2) are overbroad, unduly burdensome and not limited to information or documentation that is relevant to any party's claims or defenses and not proportional to the needs of the case in that the only claim for non-payment of royalties in this case relates to the fact that WWE does not pay royalties to performers when exploiting copyrighted works owned by WWE on the WWE Network.

5.       WWE objects to Request Nos. 23-26 that call for information regarding purported "liabilities" WWE owes to performers and the "total" or "aggregate" amount of money WWE has collected for and/or paid to performers.  These Requests are not limited to royalty payments on video products or even to Plaintiffs' overbroad definition of "royalty payments."  Rather, these Requests seek "all documents" regarding any monies collected for or paid to any Performer for any reason, which on its face asks WWE to search for and review any document that might implicate any monetary payment (i.e., pay sheets, royalty reports, etc.) for every one of the 253 members of the alleged putative class.  In fact, the named Plaintiffs have refused to produce documents related to **their** "income or revenue" on the grounds that only "royalty income" is relevant to this case.  *See* Plaintiffs' Supplemental Responses to WWE's First Requests for the Production of Documents.  As such, WWE objects to these Requests because they (1) seek information that is outside the scope of the Court's July 27, 2017 Order (i.e., not relevant to the

3

merits of the named Plaintiffs' claims or class certification issues) and (2) are overbroad, unduly burdensome and not limited to information or documentation that is relevant to any party's claims or defenses and not proportional to the needs of the case.

6.      WWE objects to Request Nos. 22-26 on the grounds that they effectively seek to conduct a class-based audit of all royalty payments made to every putative class member despite the absence of any objection or audit request made in the time or manner required by their respective contracts.  Such requests are now barred by the incontestability provisions of their respective contracts, which are the same or similar to the incontestability provisions of the booking contracts of Levy and Bagwell.

7.      WWE objects to the definitions and instructions of the Requests to the extent they are inconsistent with Rule 26 of the Local Rules of Civil Procedure.

8.      WWE objects to the Requests to the extent that they call for the production of documents subject to the attorney-client privilege, the work product doctrine or any other applicable protection or immunity.  To the extent WWE has withheld otherwise responsive documents within the scope of the Court's July 27, 2017 Order on the grounds of any applicable protection or immunity, WWE has or will identify such documents on a privilege log.

9.      WWE objects to the Requests to the extent that they seek the disclosure of booking contracts between WWE and performers who are not parties to this action, as they constitute highly confidential and proprietary business information of WWE.  When exemplars of such contracts are provided, WWE will provide such contracts only in redacted form and designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the Court's Standing Protective Order.

10.     WWE's search for and production of hard copy documents and ESI is and/or will

be in accordance with the parties' Stipulation Regarding Discovery of Hard Copy Documents and Electronically Stored Information.

## **REQUESTS FOR PRODUCTION**

1.      All documents that You intend to offer into evidence or otherwise use to oppose certification of this case as a class action.

**Response**

WWE specifically objects to Request No. 1 on the grounds that it is premature at this stage of the litigation.  WWE cannot determine the documents it intends to use to oppose class certification until after Levy discloses the contentions, arguments and evidence he intends to rely upon for class certification.  WWE further objects to Request No. 1 on the grounds that it seeks attorney work product protected under Fed. R. Civ. P. 26(b)(3).

2.      All documents upon which you relied or from which you obtained information in formulating your responses to Plaintiffs' First Set of Interrogatories.

**Response**

WWE is producing or will produce in accordance with the Stipulation Regarding Discovery of Hard Copy Documents and Electronically Stored Information responsive, non-privileged documents identified in its answers to Plaintiffs' First Set of Interrogatories.

3.      All documents identified in any of Your answers to Plaintiffs' First Set of Interrogatories.

**Response**

WWE specifically objects to Request No. 3 to the extent it is duplicative of Request No. 2.  Subject to and without waiver of the foregoing objections, WWE is producing or will produce in accordance with the Stipulation Regarding Discovery of Hard Copy Documents and

5

Electronically Stored Information responsive, non-privileged documents identified in its responses to Plaintiffs' First Set of Interrogatories.

      4.       **(As amended per August 17 and August 23, 2017 emails between counsel)** -- For the five (5) years prior to the filing of the Complaint (i.e., August 9, 2011) to the present time, all of Your board meeting minutes relating to the payment or non-payment of royalties and the WWE Network.

**Response**

      WWE specifically objects to Request No. 4 on the grounds that the request for "board meeting minutes relating to the payment or non-payment of royalties **and** the WWE Network" is overbroad, not limited to information or documentation that is relevant to any party's claims or defenses, not proportional to the needs of the case and potentially seeks non-public, material information regarding Board deliberations about the WWE Network.  WWE is construing this Request as seeking board meeting minutes that discuss, refer or relate to payment or non-payment of royalties to performers with respect to content on the WWE Network.  Subject to and without waiver of the foregoing objections, and after a reasonable investigation, WWE responds that it does not possess any documents responsive to Request No. 4.

      5.      For the five (5) years prior to the filing of the Complaint (i.e., August 9, 2011) to the present time, a copy of each version of Your document retention policy (including but not limited to any retention policy relating to electronic data).

**Response**

      WWE responds that it does not possess any documents responsive to Request No. 5.

      6.      All documents communicating or implementing WWE's litigation hold for this lawsuit.

**Response**

WWE specifically objects to Request No. 6 on the grounds that is not limited to information or documentation that is relevant to any party's claims or defenses in that there is no factual or legal basis for Plaintiffs to seek any information relating to WWE's litigation hold in this case. *See Tracy v. NVR, Inc.*, 2012 WL 1067889 (W.D.N.Y. March 26, 2012). WWE also objects to this Request as it calls for the production of documents subject to the attorney-client privilege and the work product doctrine.

7.      **(As amended per August 17 and August 23, 2017 emails between counsel)** -- For the five (5) years prior to the filing of the Complaint (i.e., August 9, 2011) to the present time, all documents You have submitted to any regulatory body, agency or other governmental entity (state or local) that discuss, refer or relate to the payment or non-payment of royalties and the WWE Network.

**Response**

WWE specifically objects to Request No. 7 on the grounds that request is overbroad, unduly burdensome, not limited to information or documents that is relevant to any party's claims or defenses and not proportional to the needs of the case in two respects. First, it seeks documents "relating to the payment or non-payment of royalties **and** the WWE Network" without any limitation on a connection between the discussion of royalties and the WWE Network. WWE is construing this Request as seeking documents that discuss, refer or relate to payment or non-payment of royalties to performers with respect to content on the WWE Network. Second, the Request seeks documents that are publicly available or already in the possession of Plaintiffs. For example, Plaintiffs specifically cited WWE's SEC filings in their Answering Brief in Opposition to WWE's Motion to Dismiss. *See* Dkt. 46 at p. 13, n.9. Subject

to and without waiver of the foregoing objections, and after a reasonable investigation, WWE responds that, to the extent any documents responsive to this Request exist, it does not possess any such documents beyond its SEC filings that are publicly and equally available to Plaintiffs.

8.     All documents (including but not limited to corporate organizational charts) which discuss or depict Your relationship to or the relationship of companies owned directly or indirectly by You including but not limited to any subsidiary, predecessor or affiliate entities.

**<u>Response</u>**

WWE specifically objects to Request No. 8 on the grounds that it is overbroad, unduly burdensome and not limited to information or documentation that is relevant to any party's claims or defenses and not proportional to the needs of the case because: (1) it seeks information for the entire corporate existence of WWE and is not limited to any discrete time frame, much less any time frame relevant to the claims or defenses at issue; (2) it calls for the production of documents outside the scope of the Court's July 27, 2017 Order in that WWE's relationship to or the relationship of all companies owned directly or indirectly by WWE is not relevant to the merits of the named Plaintiffs' claims or certification of a class; (3) the burden and expense of searching for and producing "all documents" covered by the Request outweighs any purported benefit; and (4) it seeks documents that are publicly available or already in the possession of Plaintiffs (*see* Dkt. 46 at p. 13, n.9).  Subject to and without waiver of the foregoing objections, and after a reasonable investigation, WWE refers Plaintiffs to its SEC filings which are publicly available and which identify WWE's subsidiaries.

9.     All organizational charts and other documents sufficient to show WWE's and the WWE Network's departmental organization, including, but not limited to, its marketing department, advertising department, sales department, finance and accounting departments,

customer service department, together with the names of persons employed in all executive, managerial, or employment positions in the organization.

**Response**

WWE specifically objects to Request No. 9 on the grounds that it is overbroad, unduly burdensome and not limited to information or documentation that is relevant to any party's claims or defenses and not proportional to the needs of the case because: (1) it seeks information for the entire corporate existence of WWE and is not limited to any discrete time frame, much less any time frame relevant to the claims or defenses at issue; (2) on its face, it calls for the disclosure of the names of every employee of WWE; and (3) it calls for the production of documents outside the scope of the Court's July 27, 2017 Order in that the names of persons employed in all executive, managerial, or employment positions in any WWE department at any time in its corporate history are not relevant to the merits of the named Plaintiffs' claims or certification of a class.  WWE also objects to Request No. 9 on the grounds that the reference to "WWE Network's departmental organization" is based on the false premise that the "WWE Network" is a legal entity and that there is a WWE Network "department."  Subject to and without waiver of the foregoing objections, and after a reasonable investigation, WWE is producing at Bates Numbers WWE_Levy00001620-00004469 organizational charts of WWE for each month since the launch of the WWE Network.

10.    All documents that memorialized (including but not limited to all contracts and all addenda or other amendments or modifications thereto, as well as any e-mail, text messages, Internet chats, or other informal documents) any royalty payment agreement between You and any other person or entity.  Notwithstanding the definition of "document" in the "Definition and Instructions" section of these Requests, for documents responsive to this Request that were

entered into between You and more than one Performer, do not produce multiple copies of documents which are not materially different; production of a template or exemplar is sufficient.

**<u>Response</u>**

In addition to the objections above, WWE specifically objects to Request No. 10 on the grounds that Plaintiffs' description of documents sought pursuant to this Request (i.e., "text messages, Internet chat, or other informal documents") is inconsistent with the parties' Stipulation Regarding Discovery of Hard Copy Documents and Electronically Stored Information.  WWE's search for and production of hard copy documents and ESI in response to this Request is in accordance with the parties' Stipulation Regarding Discovery of Hard Copy Documents and Electronically Stored Information.  WWE also objects to Request No. 10 on the grounds that the term "memorialized" is undefined.  WWE interprets that term for purposes of this Request to mean a WWE booking contract signed by WWE and a performer.  Subject to and without waiver of the foregoing objections, and after a reasonable investigation, WWE responds that, consistent with the Court's July 27, 2017 Order and comments during the parties' July 27 status conference regarding sampling of putative class members, it is producing twelve exemplars of versions of executed WWE booking contracts between August 1996 and April 2004 that contain the "other technology including technology not yet created" clause and which reflect variations in the royalty provisions with respect to video products.  The exemplars are Bates Numbered WWE_Levy00000688-00000962.

11.    **<u>(As amended per August 17 and August 23, 2017 emails between counsel)</u>** -- For each year, produce all versions of standardized or prototype contracts entered into between You and Performers where the definition of Video Products includes "other technology, including technology not yet created" language as set forth in Levy's 2000 Booking Contract.

Notwithstanding the definition of "document" in the "Definition and Instructions" section of these Requests, for documents responsive to this Request that were entered into between You and more than one Performer, do not produce multiple copies of documents which are not materially different; production of a template or exemplar is sufficient.

**Response**

In addition to the objections above, WWE specifically objects to Request No. 11 on the grounds that it is duplicative of Request No. 10.  Subject to and without waiver of the foregoing objections, and after a reasonable investigation, WWE responds that, consistent with the Court's July 27, 2017 Order and comments during the parties' July 27 status conference regarding sampling of putative class members, it is producing twelve exemplars of versions of executed WWE booking contracts between August 1996 and April 2004 that contain the "other technology including technology not yet created" clause and which reflect variations in the royalty provisions with respect to video products.  The exemplars are Bates Numbered WWE_Levy00000688-00000962.

12. **Withdrawn per August 17, 2017 email from Plaintiffs' Counsel**

13. **(As amended per August 17 and August 23, 2017 emails between counsel)** -- Produce data sufficient to show the number of WWE Network subscribers by month and year.

**Response**

WWE is producing documents sufficient to show the number of WWE Network subscribers by month and year.  The documents are Bates Numbered WWE_Levy00000963.

14.     **(As amended per August 17 and August 23, 2017 emails between counsel)** --
Documents sufficient to show the pricing policies or practices with respect to subscriptions for
the WWE Network.

**Response**

      WWE is producing documents sufficient to show the price to subscribe to the WWE
Network since its launch in February 2014.  The documents are Bates Numbered
WWE_Levy00000964-00001209.

15.     **Withdrawn per August 17, 2017 email from Plaintiffs' Counsel**

16.     **(As amended per August 17 and August 23, 2017 emails between counsel)** --
All versions of contracts You have made available or offered to any Performer where the
definition of Video Products includes "other technology, including technology not yet created"
language as set forth in Levy's 2000 Booking Contract.  Notwithstanding the definition of
"document" in the "Definition and Instructions" section of these Requests, for documents
responsive to this Request that were entered into between You and more than one Performer, do
not produce multiple copies of documents which are not materially different; production of a
template or exemplar is sufficient.

**Response**

      In addition to the objections above, WWE specifically objects to Request No. 16 on the
grounds that the request for contracts "made available or offered to any Performer" is overbroad,
unduly burdensome and not limited to information or documentation that is relevant to any
party's claims or defenses and not proportional to the needs of the case in that the burden or
expense of the proposed discovery outweighs any purported benefit.  WWE interprets that phrase
for purposes of this Request to mean a WWE booking contract signed by WWE and a performer.

WWE further objects to Request No. 16 on the grounds that it is duplicative of Request Nos. 10 and 11.  Subject to and without waiver of the foregoing objections, and after a reasonable investigation, WWE responds that, consistent with the Court's July 27, 2017 Order and comments during the parties' July 27 status conference regarding sampling of putative class members, it is producing twelve exemplars of versions of executed WWE booking contracts between August 1996 and April 2004 that contain the "other technology including technology not yet created" clause and which reflect variations in the royalty provisions with respect to video products.  The exemplars are Bates Numbered WWE_Levy00000688-00000962.

17.    **(As amended per August 17 and August 23, 2017 emails between counsel)** -- For each year since the WWE Network has existed, all documents (including but not limited to every filing with any governmental body (state or local)) (e.g., registration statements, 10-Ks, 10-Qs, or prospectuses filed with the Securities and Exchange Commission) in which You have made any disclosure(s) about the payment or non-payment of royalties to Performers and the WWE Network, including but not limited to royalty payment agreements with Performers and royalty payment obligations to Performers.

**Response**

In addition to the objections above, WWE specifically objects to Request No. 17 on the grounds that the term "disclosure" is undefined.  WWE interprets that term for purposes of this Request to mean a submission to a regulatory body, agency or other governmental entity.  WWE further objects to Request No. 17 on the grounds that it is duplicative of Request No. 7.  WWE also objects to Request No. 17 on the grounds that Request is overbroad, unduly burdensome, not limited to information or documents that is relevant to any party's claims or defenses and not proportional to the needs of the case in two respects.  First, it seeks documents "relating to the

payment or non-payment of royalties **and** the WWE Network" without any limitation on a connection between the discussion of royalties and the WWE Network.  WWE is construing this Request as seeking documents that discuss, refer or relate to payment or non-payment of royalties to performers with respect to content on the WWE Network.  Second, the Request seeks documents that are publicly available or already in the possession of Plaintiffs (*see* Dkt. 46 at p. 13, n.9).  Subject to and without waiver of the foregoing objections, and after a reasonable investigation, WWE responds that, to the extent any documents responsive to this Request exist, it does not possess any such documents beyond its SEC filings that are publicly and equally available to Plaintiffs.  By way of further response, WWE is producing at Bates Numbers WWE_Levy00001308-1309 a letter from its outside counsel to Attorney Peterson disclosing that WWE does not pay royalties to Performers with respect to the WWE Network.

18.     All contracts and all addenda or other amendments or modifications thereto relating to a [sic] Your promotion, sales and marketing of the WWE Network.

**Response**

WWE specifically objects to Request No. 18 on the grounds that it calls for the production of documents outside the scope of the Court's July 27, 2017 Order as WWE's promotion or marketing of the WWE Network is not relevant to the merits of the named Plaintiffs' claims or certification of a class.  Subject to and without waiver of the foregoing objections, and after a reasonable investigation, WWE responds that it is producing at Bates Numbers WWE_Levy00000964-00001209 documents sufficient to show the WWE Network purchase confirmations and terms of use provided or made available to subscribers of the WWE Network.

19.     All documents relating to or describing Your promotion, sales, advertising and

14

marketing of the WWE Network.

**<u>Response</u>**

WWE specifically objects to Request No. 19 on the grounds that it is duplicative of Request No. 18.  WWE also objects to Request No. 19 on the grounds that it calls for the production of documents outside the scope of the Court's July 27, 2017 Order as WWE's promotion, advertising and marketing of the WWE Network is not relevant to the merits of the named Plaintiffs' claims or certification of a class.  WWE further objects to Request No. 19 on the grounds that the Request is overbroad, unduly burdensome and not limited to information or documentation that is relevant to any party's claims or defenses and not proportional to the needs of the case because the burden and expense of searching for and producing "all documents relating to" the four different corporate functions covered by the Request outweighs any purported benefit.  In fact, Request No. 19 is written so broadly that it would require WWE to search through thousands of hours of programs it has aired at any time through which WWE promotes the WWE Network.  Subject to and without waiver of the foregoing objections, and after a reasonable investigation, WWE responds that it is producing at Bates Numbers WWE_Levy00000964-00001209 documents sufficient to show the WWE Network purchase confirmations and terms of use provided or made available to subscribers of the WWE Network.

20.    For each year since You entered into royalty payment agreements with Performers, produce each agreement (including all contracts and all addenda or other amendments or modifications thereto) that contained a royalty payment agreement that You entered into with each Performer.  Notwithstanding the definition of "document" in the "Definition and Instructions" section of these Requests, for documents responsive to this Request that were entered into between You and more than one Performer, do not produce multiple

copies of documents which are not materially different; production of a template or exemplar is sufficient.

**Response**

      In addition to the objections above, WWE specifically objects to Request No. 20 on the grounds that it is duplicative of Request Nos. 10, 11 and 16.  Subject to and without waiver of the foregoing objections, and after a reasonable investigation, WWE responds that, consistent with the Court's July 27, 2017 Order and comments during the parties' July 27 status conference regarding sampling of putative class members, it is producing twelve exemplars of versions of executed WWE booking contracts between August 1996 and April 2004 that contain the "other technology including technology not yet created" clause and which reflect variations in the royalty provisions with respect to video products.  The exemplars are Bates Numbered WWE_Levy00000688-00000962.

      21.    **(As amended per August 17 and August 23, 2017 emails between counsel)** -- For Performers who initially executed a contract from August 1996 to April 2004 that contained the term "other technology including technology not yet created," all agreements (including all contracts and all addenda or other amendments or modifications thereto) executed post-April 2004 that do not contain the term "the other technology, including technology not yet created." Notwithstanding the definition of "document" in the "Definition and Instructions" section of these Requests, for documents responsive to this Request that were entered into between You and more than one Performer, do not produce multiple copies of documents which are not materially different; production of a template or exemplar is sufficient.

**Response**

      Subject to and without waiver of the objections above, and after a reasonable

investigation, WWE responds that, consistent with the Court's July 27, 2017 Order and comments during the parties' July 27 status conference regarding sampling of putative class members, it is producing seven exemplars of subsequent agreements entered into by performers who had previously entered into booking contracts containing the "other technology, including technology not yet created" clause which exclude such performers from the putative plaintiff class, such exemplars consisting of nostalgia agreements, early contract releases, and booking contracts that provide the performer shall not be paid royalties with respect to, among other things, television subscription fees, internet subscription fees and/or subscription video on demand fees.  The exemplars are Bates Numbered WWE_Levy00001211-00001301.  WWE is not producing individual settlement agreements that exclude particular performers from the alleged putative class as producing such documents would require extensive individual inquiry, review, and analysis for all 253 putative class members.  It is WWE's position that the issue for the Court on class certification is whether the **existence** of such individualized inquiries predominates over common issues and that it is neither necessary nor proper to resolve the merits of the individualized inquiries at the class certification phase.

22.   **(As amended per August 17 and August 23, 2017 emails between counsel)** -- For each year since You entered into royalty payment agreements with Performers, produce all accounts into which royalty payments were held for Performers whose Booking Contracts contained the term "other technology including technology not yet created."  For each account, provide all statements.

**Response**

In addition to the objections above, WWE specifically objects to Request No. 22 on the grounds that the Request is overbroad, unduly burdensome and not limited to information or

documentation that is relevant to any party's claims or defenses and not proportional to the needs of the case because (1) it covers a twenty-one year time period (i.e., 1996-2017) and (2) WWE's "accounts into which royalty payments were held for Performers whose Booking Contracts contained the term 'other technology including technology not yet created'" and all statements for any such accounts has no relevance to Plaintiffs' claims or class certification issues.

23.     **(As amended per August 17 and August 23, 2017 emails between counsel)** -- For each year since You entered into royalty payment agreements with Performers, produce all documents (including but not limited to bank statements, payment statements, or any other books or records) that reference the aggregate amount of money that You paid to the Performers whose Booking Contracts contained the term "other technology including technology not yet created."

**Response**

In addition to the objections above, WWE specifically objects to Request No. 23 on the grounds that the request is overbroad, unduly burdensome and not limited to information or documentation that is relevant to any party's claims or defenses and not proportional to the needs of the case because (1) it covers a twenty-one year time period (i.e., 1996-2017) and (2) the burden and expense of searching for and producing "all documents" covered by the Request outweighs any purported benefit.  WWE further objects because this Request goes well beyond even class damages discovery and seeks information not only on royalties paid for non-video products, but also the amounts paid to performers for their performances at various events. WWE further objects to this Request because Plaintiffs have objected to providing this information for the named Plaintiffs, claiming that such information is not relevant.

24.     **(As amended per August 17 and August 23, 2017 emails between counsel)** -- For each year since You entered into royalty payment agreements with Performers, produce all

documents (including but not limited to bank statements, payment statements, or any other books or records) that reference any liabilities (realized or unrealized) that You owe to the Performers whose Booking Contracts contained the term "other technology including technology not yet created," including the methodology for such royalty payment calculations.

**<u>Response</u>**

In addition to the objections above, WWE specifically objects to Request No. 24 on the grounds that the request is overbroad, unduly burdensome and not limited to information or documentation that is relevant to any party's claims or defenses and not proportional to the needs of the case because (1) it covers a twenty-one year time period (i.e., 1996-2017) and (2) the burden and expense of searching for and producing "all documents" covered by the Request outweighs any purported benefit.  Additionally, as phrased, the Request seeks all documents reflecting any "liabilities" that WWE purportedly owes to performers, which would include monies owed or paid to performers having nothing to do with video royalties or even royalties of any kind.  This Request goes well beyond permissible class damages discovery, and as noted previously, seeks information that Plaintiffs have claimed is irrelevant when responding to WWE's discovery requests.

25.    **<u>(As amended per August 17 and August 23, 2017 emails between counsel)</u>** -- For each year since You entered into royalty payment agreements with Performers, produce all documents reflecting the total amount of money collected or otherwise received by You for which royalty payments were owed to Performers whose Booking Contracts contained the term "other technology including technology not yet created," including the methodology for the calculations.

**Response**

In addition to the objections above, WWE specifically objects to Request No. 25 on the grounds that the request is overbroad, unduly burdensome and not limited to information or documentation that is relevant to any party's claims or defenses and not proportional to the needs of the case because (1) it covers a twenty-one year time period (i.e., 1996-2017) and (2) the burden and expense of searching for and producing "all documents" covered by the Request outweighs any purported benefit.  Subject to and without waiver of the foregoing objections, and after a reasonable investigation, WWE is producing at Bates Numbers WWE_Levy00001310-00001619 non-privileged, responsive documents sufficient for the named Plaintiffs to derive the amount of money collected or received by WWE for video product royalty payments made to Plaintiffs and the methodology for the calculation of those royalty payments.

26.     **(As amended per August 17 and August 23, 2017 emails between counsel)** -- For each year since You entered into royalty payment agreements with Performers, produce all documents reflecting the total amount of money paid or otherwise distributed by You to Performers whose Booking Contracts contained the term "other technology including technology not yet created," including the methodology for the calculations.

**Response**

In addition to the objections above, WWE specifically objects to Request No. 26 on the grounds that it is duplicative of Request No. 23.  WWE also objects to Request No. 26 on the grounds that the Request is overbroad, unduly burdensome and not limited to information or documentation that is relevant to any party's claims or defenses and not proportional to the needs of the case because (1) it covers a twenty-one year time period (i.e., 1996-2017) and (2) the burden and expense of searching for and producing "all documents" covered by the Request

outweighs any purported benefit.  WWE further objects because this Request goes well beyond

even class damages discovery and seeks "all documents" reflecting monies paid for

performances at events and royalties for non-video products.  WWE further objects to this

Request because Plaintiffs have objected to providing this information for the named Plaintiffs,

claiming that such information is not relevant.  Subject to and without waiver of the foregoing

objections, and after a reasonable investigation, WWE is producing at Bates Numbers

WWE_Levy00001310-00001619 non-privileged, responsive documents sufficient for Plaintiffs

to derive the amount of money paid to Plaintiffs for video product royalties and the methodology

for calculating those royalties.

    27.    All documents (including but not limited to all contracts and all addenda or other

amendments or modifications thereto, as well as any e-mail, text messages, Internet chat, or other

informal documents) relating to the payment of, obligation to pay or any other discussion of

payment of royalties to Performers for any revenue generated by the WWE Network.

**Response**

    WWE specifically objects to Request No. 27 to the extent it is duplicative of Request No.

21.  WWE further objects to Request No. 27 on the grounds that Plaintiffs' description of

documents sought pursuant to this Request (i.e., "text messages, Internet chat, or other informal

documents") is inconsistent with the parties' Stipulation Regarding Discovery of Hard Copy

Documents and Electronically Stored Information.  WWE's search for and production of hard

copy documents and ESI in response to this Request is in accordance with the parties'

Stipulation Regarding Discovery of Hard Copy Documents and Electronically Stored

Information.  Subject to and without waiver of the foregoing objections, WWE responds that it

will produce in accordance with the Stipulation Regarding Discovery of Hard Copy Documents

and Electronically Stored Information responsive, non-privileged ESI found after reasonable investigation, to the extent such ESI exists.  WWE further responds that there are no contracts that relate to the "payment of royalties to Performers for any revenue generated by the WWE Network" because WWE has never agreed to pay such royalties.  WWE is also producing exemplars of agreements that provide the performer shall not be paid royalties with respect to, among other things, television subscription fees, internet subscription fees and/or subscription video on demand fees at Bates Numbers WWE_Levy00001211-00001301.

28.     All documents (including but not limited to all contracts and all addenda or other amendments or modifications thereto, as well as any e-mail, text messages, Internet chat, or other informal documents) relating to the payment of, obligation to pay or any other discussion of payment of royalties for any revenue generated by the WWE Network.

**<u>Response</u>**

WWE specifically objects to Request No. 28 to the extent it is duplicative of Request Nos. 21 and 27.  WWE further objects to Request No. 28 on the grounds that Plaintiffs' description of documents sought pursuant to this Request (i.e., "text messages, Internet chat, or other informal documents") is inconsistent with the parties' Stipulation Regarding Discovery of Hard Copy Documents and Electronically Stored Information.  WWE's search for and production of hard copy documents and ESI in response to this Request is in accordance with the parties' Stipulation Regarding Discovery of Hard Copy Documents and Electronically Stored Information.  Subject to and without waiver of the foregoing objections, WWE responds that it will produce in accordance with the Stipulation Regarding Discovery of Hard Copy Documents and Electronically Stored Information responsive, non-privileged ESI found after reasonable investigation, to the extent such ESI exists.  WWE further responds that there are no contracts

that relate to the "payment of royalties" to Performers "for any revenue generated by the WWE Network" because WWE has never agreed to pay such royalties.  WWE is also producing exemplars of agreements that provide the performer shall not be paid royalties with respect to, among other things, television subscription fees, internet subscription fees and/or subscription video on demand fees at Bates Numbers WWE_Levy00001211-00001301.

29.    All documents (including but not limited to all contracts and all addenda or other amendments or modifications thereto, as well as any e-mail, text messages, Internet chat, or other informal documents) [sic] with all Performers (including but not limited to communications with his managers, agents, attorneys or other designee) relating to the payment of royalties for any revenue generated by the WWE Network.

**Response**

WWE specifically objects to Request No. 29 to the extent it is duplicative of Request Nos. 21 and 27-28.  WWE further objects to Request No. 29 on the grounds that Plaintiffs' description of documents sought pursuant to this Request (i.e., "text messages, Internet chat, or other informal documents") is inconsistent with the parties' Stipulation Regarding Discovery of Hard Copy Documents and Electronically Stored Information.  WWE's search for and production of hard copy documents and ESI in response to this Request is in accordance with the parties' Stipulation Regarding Discovery of Hard Copy Documents and Electronically Stored Information.  Subject to and without waiver of the foregoing objections, WWE responds that it is producing at Bates Numbers WWE_Levy00001302-00001309 correspondence between WWE and/or its representatives and Bagwell's representatives regarding the **non**-payment of royalties with respect to content on the WWE Network.  WWE further responds that it will produce in accordance with the Stipulation Regarding Discovery of Hard Copy Documents and

Electronically Stored Information responsive, non-privileged ESI, found after reasonable investigation, that reflect any communications with performers or their managers, agents, attorneys or other designees, relating to the payment of royalties to performers with respect to content on the WWE Network, to the extent such ESI exists.  Additionally, WWE further responds that there are no contracts that relate to the "payment of royalties" to Performers "for any revenue generated by the WWE Network" because WWE has never agreed to pay such royalties.  WWE is also producing exemplars of agreements that provide the performer shall not be paid royalties with respect to, among other things, television subscription fees, internet subscription fees and/or subscription video on demand fees at Bates Numbers WWE_Levy00001211-00001301.

30.    Any provision contained in any agreement between You and any Performer that exempts you from payment of royalties for revenue generated by the WWE Network.

**<u>Response</u>**

In addition to the objections above, WWE specifically objects to Request No. 30 to the extent it is duplicative of Request No. 21.  Subject to and without waiver of the objections above, and after a reasonable investigation, WWE responds that, consistent with the Court's July 27, 2017 Order and comments during the parties' July 27 status conference regarding sampling of putative class members, it is producing seven exemplars of subsequent agreements entered into by performers who had previously entered into booking contracts containing the "other technology, including technology not yet created" clause which exclude such performers from the putative plaintiff class, such exemplars consisting of nostalgia agreements, early contract releases, and booking contracts that provide the performer shall not be paid royalties with respect to, among other things, television subscription fees, internet subscription fees and/or subscription

video on demand fees.  The exemplars are Bates Numbered WWE_Levy00001211-00001301.

WWE is not producing individual settlement agreements that exclude particular performers from

the alleged putative class as producing such documents would require extensive individual

inquiry, review, and analysis for all 253 putative class members.  It is WWE's position that the

issue for the Court on class certification is whether the **existence** of such individualized inquiries

predominates over common issues and that it is neither necessary nor proper to resolve the merits

of the individualized inquiries at the class certification phase.

31.     For the six (6) years prior to the filing of the complaint, all federal, state, local or

foreign tax returns filed by You or on behalf of You or the WWE Network.

**Response**

In addition to the objections above, WWE specifically objects to Request No. 31 on the

grounds that it calls for the production of documents outside the scope of the Court's July 27,

2017 Order as six years worth of all of WWE's federal, state, local and foreign tax returns are

not relevant to the merits of the named Plaintiffs' claims or class certification issues.  WWE

further objects to Request No. 31 on the grounds that the request for "all federal, state, local or

foreign tax returns filed by You or on behalf of You or the WWE Network" is overbroad, unduly

burdensome and not limited to information or documentation that is relevant to any party's

claims or defenses and not proportional to the needs of the case in that the burden and expense of

the proposed discovery outweighs any purported benefit.

Respectfully submitted,

DEFENDANT WORLD WRESTLING
ENTERTAINMENT, INC.,

By: _/s/ Jerry S. McDevitt_____
    Jerry S. McDevitt (pro hac vice)
    Curtis B. Krasik (pro hac vice)
    K&L GATES LLP
    K&L Gates Center
    210 Sixth Avenue
    Pittsburgh, PA 15222
    Phone: (412) 355-6500
    Fax: (412) 355-6501
    Email: jerry.mcdevitt@klgates.com
    Email: curtis.krasik@klgates.com

    Jonathan B. Tropp (ct11295)
    Jeffrey P. Mueller (ct27870)
    DAY PITNEY LLP
    242 Trumbull Street
    Hartford, CT 06103
    Phone: (860) 275-0100
    Fax: (860) 275-0343
    Email: jbtropp@daypitney.com
    Email: jmueller@daypitney.com

    Its Attorneys.

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that on September 5, 2017 a copy of foregoing was served on the following counsel of record via email and regular mail.


Klint Bruno
*kb@brunolawus.com*
Eric Zagrans
*ez@brunolawus.com*
Michael Silverman
*msilverman@brunolawus.com*
Matthew Peterson
*mp@brunolawus.com*
**THE BRUNO FIRM, LLC**
500 North Michigan Avenue
Suite 600
Chicago, Illinois 60611
Phone: 312.321.6481

William H. Clendenen, Jr.
*whj@clenlaw.com*
Maura Mastrony
*mam@clenlaw.com*
**CLENDENEN & SHEA, LLC**
400 Orange Street
New Haven, Connecticut 06511
Phone: 203.787.1183


 _/s/ *Curtis B. Krasik*_____

# EXHIBIT 1

**Verdini, Christopher M.**

| | |
|---|---|
| **From:** | Krasik, Curtis B. |
| **Sent:** | Friday, August 18, 2017 8:06 AM |
| **To:** | Verdini, Christopher M.; Miller, Daniel R.; Lacy, Stefanie M. |
| **Subject:** | FW: Bagwell v. WWE: Proposal to Revise Plaintiffs' Discovery Requests |

---

**From:** Michael Silverman [mailto:msilverman@brunolawus.com]
**Sent:** Thursday, August 17, 2017 10:25 PM
**To:** McDevitt, Jerry; Krasik, Curtis B.; jpmueller@daypitney.com
**Cc:** 'Klint Bruno'; 'Eric H. Zagrans'
**Subject:** Bagwell v. WWE: Proposal to Revise Plaintiffs' Discovery Requests

Counsel-

Thank you again for taking the time to meet and confer with us regarding Plaintiffs' discovery requests.

Based on the concerns and issues raised during our meet and confers, we propose revising our discovery requests as set forth below:

RFP 4: For the five (5) years prior to the filing of the Complaint (i.e., August 9, 2011) to the present time, all of Your board meeting minutes relating to: (i) the payment or non-payment of royalties or (ii) the WWE Network.
- Proposed Revision: For the five (5) years prior to the filing of the Complaint (i.e., August 9, 2011) to the present time, all of Your board meeting minutes relating to the WWE Network.

RFP 11: For each year, produce all versions of standardized or prototype contracts entered into between You and Performers. Notwithstanding the definition of "document" in the "Definition and Instructions" section of these Requests, for documents responsive to this Request that were entered into between You and more than one Performer, do not produce multiple copies of documents which are not materially different; production of a template or exemplar is sufficient.
- Proposed Revision: For each year, produce all versions of standardized or prototype contracts entered into between You and Performers where the definition of Video Products includes "other technology, including technology not yet created" language as set forth in Levy's 2000 Booking Contract
- From our discussions, it is our understanding that there are 5 different versions of booking contracts that contain the "other technology, including technology not yet created" language

RFP 12: All documents that discuss, state, detail, show, reflect or refer to how the WWE Network assesses, charges or receives payment from its subscribers.
- Proposal: withdraw RFP

RFP 13: All documents that discuss, state, detail, show, reflect or refer to the number of subscribers of the WWE Network.
- Proposal: produce data showing the number of WWE Network subscribers by month/year

RFP 15: All documents that discuss, refer to or relate to WWE's status as a fiduciary with respect to any royalty payment agreements, royalty payments or any monies otherwise owed to Performers. Notwithstanding the definition of "document" in the "Definition and Instructions" section of these requests, for documents responsive to this request that were entered into between You and more than one Performer, do not produce multiple copies of documents which are not materially different; production of a template or exemplar is sufficient.
- Proposal: withdraw RFP

RFP 16: All versions of contracts You have made available or offered to any Performer that provide for the payment of royalties. Notwithstanding the definition of "document" in the "Definition and Instructions" section of

these Requests, for documents responsive to this Request that were entered into between You and more than one Performer, do not produce multiple copies of documents which are not materially different; production of a template or exemplar is sufficient.

- Proposal: Similar to RFP #11, limit RFP #16 to those contracts that include the "other technology, including technology not yet created" language

RFP 21: All agreements (including all contracts and all addenda or other amendments or modifications thereto) between You and any Performer that do not contain any type of royalty payment agreement. Notwithstanding the definition of "document" in the "Definition and Instructions" section of these Requests, for documents responsive to this Request that were entered into between You and more than one Performer, do not produce multiple copies of documents which are not materially different; production of a template or exemplar is sufficient.

- Proposal: For performers who initially executed a contract from August 1996 to April 2004 that contained the "other technology, including technology not yet created" language, narrow RFP to those performers who executed post-April 2004 agreements that do not contain the "other technology, including technology not yet created" language

RFPs 22-26: account information relating to royalty payments (account statements, aggregate amount of money paid to Performers, liabilities for monies owed & methodologies for such royalty payment calculations, total amount of money collected/received for which royalty payments were owed, total amount of money paid to Performers)

- Proposal: limit RFP to those performers with contracts that contain the "other technology, including technology not yet created" language

If you would like further clarification or wish to discuss any of these RFPs, we are glad to do so tomorrow during our meet and confer.

Thank you.

```
Michael L. Silverman
The Bruno Firm, LLC
500 North Michigan Avenue, Suite 600
Chicago, Illinois 60611
Phone: 312.321.6481
Direct: 773.969.6160
Email: msilverman@brunolawus.com
```

PRIVILEGED ATTORNEY/CLIENT COMMUNICATION AND/OR ATTORNEY WORK PRODUCT. The information in this transmittal may be privileged and/or confidential. It is intended only for the recipient(s) listed above.  If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

**Verdini, Christopher M.**

---

| | |
|---|---|
| **From:** | Krasik, Curtis B. |
| **Sent:** | Wednesday, August 23, 2017 10:21 AM |
| **To:** | Verdini, Christopher M.; Lacy, Stefanie M.; Sobolak, Rachael C. |
| **Subject:** | FW: Bagwell and Levy v. WWE |

**From:** Michael Silverman [mailto:msilverman@brunolawus.com]
**Sent:** Wednesday, August 23, 2017 10:20 AM
**To:** Krasik, Curtis B.; eric@zagrans.com
**Cc:** McDevitt, Jerry; 'Mueller, Jeffrey P.'
**Subject:** RE: Bagwell and Levy v. WWE

Curtis-

We agree with a majority of the proposed RFP revisions set forth below, with the following exceptions:

RFP #4 is amended to read as follows: "For the five (5) years prior to the filing of the Complaint (i.e., August 9, 2011) to the present time, all of Your board meeting minutes relating to the payment or non-payment of royalties and the WWE Network."

RFP #7 is amended to read as follows: "For the five (5) years prior to the filing of the Complaint (i.e., August 9, 2011) to the present time, all documents You have submitted to any regulatory body, agency or other governmental entity (state or local) that discuss, refer or relate to the payment or non-payment of royalties and the WWE Network."

We agree with the proposed revisions to RFP #14.

RFP #17 is amended to read as follows: "For each year since the WWE Network has existed, all documents (including but not limited to every filing with any governmental body (state or local)) (e.g., registration statements, 10-Ks, 10-Qs, or prospectuses filed with the Securities and Exchange Commission) in which You have made any disclosure(s) about the payment or non-payment of royalties to Performers and the WWE Network, including but limited to royalty payment agreements with Performers and royalty payment obligations to Performers.

Thank you.

**From:** Krasik, Curtis B. [mailto:Curtis.Krasik@klgates.com]
**Sent:** Wednesday, August 23, 2017 8:48 AM
**To:** eric@zagrans.com; msilverman@brunolawus.com
**Cc:** McDevitt, Jerry <Jerry.McDevitt@klgates.com>; Mueller, Jeffrey P. (jmueller@daypitney.com)
<jmueller@daypitney.com>; Krasik, Curtis B. <Curtis.Krasik@klgates.com>
**Subject:** Bagwell and Levy v. WWE

Eric and Michael -

To confirm our discussions yesterday, in addition to narrowing Plaintiffs' RFPs consistent with your August 17, 2017 email, Plaintiffs have further agreed to narrow the RFPs as follows:

RFP #4 is amended read as follows: "For the five (5) years prior to the filing of the Complaint (i.e., August 9, 2011) to the present time, all of Your board meeting minutes relating to the payment or non-payment of royalties to Performers for video products streamed on the WWE Network."

RFP #7 is amended to read as follows: "For the five (5) years prior to the filing of the Complaint (i.e., August 9, 2011) to the present time, all documents You have submitted to any regulatory body, agency or other governmental entity (state or local) that discuss, refer or relate to the payment or non-payment of royalties to Performers for video products streamed on the WWE Network."

RFP #14 is amended to read as follows: "Documents sufficient to show the pricing policies or practices with respect to subscriptions for the WWE Network."

RFP # 17 is amended to read as follows: "For each year since the WWE Network has existed, all documents (including but not limited to every filing with any governmental body (state or local)) (e.g., registration statements, 10-Ks, 10-Qs, or prospectuses filed with the Securities and Exchange Commission) in which You have made any disclosure(s) about the payment or non-payment of royalties to Performers for video products streamed on the WWE Network.

If your understanding differs in any way from the foregoing, please advise as soon as possible.  Thank you.



**Curt Krasik**
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Phone: 412.355.8696
Fax: 412.355.6501
curtis.krasik@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Curtis.Krasik@klgates.com.