# EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS BAGWELL and SCOTT LEVY, individually and on behalf of all others similarly situated, | : | NO.  3:16-CV-01350-JCH |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| WORLD WRESTLING ENTERTAINMENT, INC., | : | |
| | : | |
| Defendant. | : | SEPTEMBER 18, 2017 |

## WORLD WRESTLING ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits the following objections and responses to Plaintiffs' Second Set of Requests for the Production of Documents (the "Requests").

### SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

32.     All documents sufficient to show any Licensing Agreement between You and WWE Network, LLC.

**Response**

WWE responds that, after reasonable investigation, it does not possess any responsive documents in its possession, custody or control.

33.     For all Performers for whom Your obligation to pay direct or licensee sale royalties originated or originates from executed agreements where the definition of WWF Video Products or WWE Video Products includes "other technology, including technology not yet

created," all data and documents sufficient to show how royalty payments were or are computed, including but not limited to the database containing allocated Royalty Rates used to generate royalty statements for those Performers to whom You had or have an obligation to pay direct or licensee sale royalties such as that shown in the "Direct" and "Video" sale royalties portions of LEVY-000000270.

**Response**

To the extent that Request No. 33 seeks documents related to Royalty Rates with respect to streaming video such as displayed on the WWE Network, WWE responds that there are no responsive documents because WWE does not pay such royalties.  To the extent that this Request seeks documents unrelated to streaming royalties and seeks records related to royalty payments on the sale of non-streaming Video Products such as CDs or DVDs, WWE has several objections.  WWE specifically objects to Request No. 33 on the grounds that it seeks broad-based class discovery on "all Performers" and, as such, is outside the scope of Phase I discovery under the Court's July 27, 2017 Order.  Request No. 33 would require WWE to engage in extensive individual inquiry, review, and analysis as to all 253 putative class members, including every royalty statement ever provided to each of the putative class members regarding non-streaming Video Products for twenty-one years (i.e., 1996-2017).  WWE further objects on the grounds that the Request effectively seeks to conduct a class-based audit of all royalty payments ever made to every putative class member over that period for non-streaming Video Products and all other products despite the absence of any objection to royalty statements provided to them or request to audit made in the time or manner required by their respective contracts.  Such requests are now barred by the incontestability provisions of their respective contracts, which are the same or similar to the incontestability provisions of the booking contracts of Levy and Bagwell.

WWE further objects because the contractual formulas used to calculate royalties due on the sale of non-streaming Video Products such as CDs or DVDs has no relevance to streaming video on the WWE Network, which does not involve the sale of a discrete unit of a product. Plaintiffs themselves have claimed that there is some formula to be devised by an expert which will be offered to calculate damages, but it has not been disclosed to date. Accordingly, Request No. 33 is overbroad, unduly burdensome, and calls for information that is not relevant to any party's claims or defenses and not proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, and consistent with the Court's July 27, 2017 Order regarding Phase I discovery, WWE responds that it has produced at Bates Numbers WWE_Levy00001310-00001619 documents sufficient to show how video product royalties paid to Plaintiffs Bagwell and Levy were computed.

Respectfully submitted,

DEFENDANT WORLD WRESTLING
ENTERTAINMENT, INC.,

By:  */s/ Jerry S. McDevitt*
    Jerry S. McDevitt (pro hac vice)
    Curtis B. Krasik (pro hac vice)
    K&L GATES LLP
    K&L Gates Center
    210 Sixth Avenue
    Pittsburgh, PA 15222
    Phone: (412) 355-6500
    Fax: (412) 355-6501
    Email: jerry.mcdevitt@klgates.com
    Email: curtis.krasik@klgates.com

    Jonathan B. Tropp (ct11295)
    Jeffrey P. Mueller (ct27870)
    DAY PITNEY LLP

242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jbtropp@daypitney.com
Email: jmueller@daypitney.com

Its Attorneys.

CERTIFICATION OF SERVICE

I hereby certify that on September 18, 2017 a copy of foregoing was served on the following counsel of record via email and regular mail.

Klint Bruno
*kb@brunolawus.com*
Eric Zagrans
*ez@brunolawus.com*
Michael Silverman
*msilverman@brunolawus.com*
Matthew Peterson
*mp@brunolawus.com*
**THE BRUNO FIRM, LLC**
500 North Michigan Avenue
Suite 600
Chicago, Illinois 60611
Phone: 312.321.6481

William H. Clendenen, Jr.
*whj@clenlaw.com*
Maura Mastrony
*mam@clenlaw.com*
**CLENDENEN & SHEA, LLC**
400 Orange Street
New Haven, Connecticut 06511
Phone: 203.787.1183

/s/ *Curtis B. Krasik*

5