# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Marcus Bagwell and Scott Levy, :
individually and on behalf of all others :
similarly situated, : Civil Action No. 3:16-cv-01350-JCH
:
        Plaintiffs, :
:
v. : Hon. Janet C. Hall
:
World Wrestling Entertainment, Inc., :
:
        Defendant. :

**PLAINTIFF'S RESPONSES TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S SECOND SET OF INTERROGATORIES**

Plaintiff Scott Levy ("Plaintiff"), by his attorneys, as and for his responses to Defendant's Second Set of Interrogatories Directed to Plaintiff Scott Levy served by Defendant World Wresting Entertainment, Inc. ("Defendant"), states as follows:

**ANSWERS & OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 13**

Identify and describe in detail the specific objective criteria which You contend can be used to establish that membership in each proposed Class or Subclass is established with definite boundaries, including in Your response a statement whether there are any objective criteria other than a putative Class member being a party to a contract with the "other technology including other technology not yet created" clause You have defined as a "Royalty Payment Agreement" in discovery served on WWE.

**RESPONSE:**

Plaintiff objects to this Interrogatory as premature because it seeks information and evidence that will be developed through ongoing discovery. Plaintiff has reserved the right to amend each Class or Subclass definition if further investigation and discovery indicates that any Class or Subclass definition should be narrowed, expanded, or otherwise modified.

1

Subject to, limited by, and without waiving the foregoing objections, Plaintiff states that there are two objective criteria that will be used to establish membership of the proposed WWE Network Class: (1) whether a person is a party to a contract that includes the "other technology including other technology not yet created" clause; and (2) whether a person is currently entitled to receive royalties from WWE's direct or licensee sale of WWF Video Products or WWE Video Products of WWF Pay-Per-Views or WWE Pay-Per-Views and Non-Pay-Per-Views.

**INTERROGATORY NO. 14**

Identify and describe in detail what act, event and/or content relating to the WWE Network is royalty-generating as to You and the Class members You seek to represent, including in Your response an explanation as to how each identified royalty-generating act, event and/or content is then monetized in Your individual damage calculation.

**RESPONSE:**

Plaintiff objects to this Interrogatory, in part, pursuant to the work-product doctrine. Plaintiff also objects to this Interrogatory as premature because it seeks, in part, information and evidence to be elicited from and developed with the assistance of experts.

Subject to, limited by, and without waiving the foregoing objections, Plaintiff incorporates his supplemental response to Interrogatory No. 5 as part of his response to this Interrogatory. Plaintiff states that WWE has an obligation to pay direct or licensee sale royalties to Performers for all of the following, which are or were available on the WWE Network: WWF Video Products or WWE Video Products of WWF Pay-Per-Views, WWE Pay-Per-Views, or Non-Pay-Per-Views, including but not limited to Video Products reproduced or sold as video cassettes, videodiscs, CD ROM, or DVDs. The existence of any of these items on the WWE Network triggers WWE's obligations to pay royalties to Performers.

For example, in Plaintiff's WWE 2017 first quarter summary of royalty earnings (LEVY-000000270), Plaintiff received royalties from WWE's direct sale of a DVD titled "Ladies and Gentlemen, My Name is Paul Heyman." This DVD is available to access or view on the WWE Network, and WWE is obligated to pay Plaintiff royalties.

Plaintiff further states that individual damages can be calculated, in part, using the allocated Royalty Rate assigned to each Performer for each Video Product that is or was available to access or view on the WWE Network. For instance, WWE has assigned to Plaintiff an allocated Royalty Rate of 0.05747%

2

for the direct sale of the DVD titled "Ladies and Gentlemen, My Name is Paul Heyman." (*See* LEVY-000000270.) The formula used for allocation of damages to Class members will be further developed when WWE provides the data, documents, and database requested in Plaintiffs' Request No. 33 for the Production of Documents.

**INTERROGATORY NO. 15**

Identify the reason(s) Your Class definition at paragraph 139 of the Third Amended Complaint excludes from the Class those who have signed (a) a WWE "Nostalgia" or "Legends" contract, or (b) a settlement agreement with WWE that releases any claims in law or in equity against WWE, except for enforcement of any royalty obligation that may exist.

**RESPONSE:**

Plaintiff states that upon information and belief, "Nostalgia" and "Legends" contracts contain a provision waiving any entitlement to royalties for revenue derived from the WWE Network. Those individuals who subsequently waived their rights to royalties by entering into a "Nostalgia" or "Legends" contract with such a provision would be excluded from the Class. Plaintiff also reserves the right to amend each Class or Subclass definition if further investigation and discovery indicates that any Class or Subclass definition should be narrowed, expanded, or otherwise modified.

With respect to sub-part (b), Plaintiff states that to the extent certain Performers executed individual settlement agreements that released all claims in law or in equity against WWE, and those agreements did not provide for the continuing obligation to pay royalties, those individuals would be excluded from the Class.

**INTERROGATORY NO. 16**

State whether You agree or disagree that there are other reasons to excluded proposed Class members, including (1) death of the individual member which terminates royalty obligations under their contract, (2) a subsequent contract with WWE containing a merger clause and provision negating any entitlement to royalties for revenue derived from the WWE Network such as the contract provision cited by You in Doc. 46, p. 13, n. 9, and/or (3) the individual does not appear in any of the copyrighted works on the WWE Network. If You dispute that any of the aforementioned three enumerated items are a reason to exclude such persons from the Class, please state all reasons for Your position.

**RESPONSE:**

Plaintiff states that he disagrees with the proposition that death of an individual Class member terminates royalty obligations under his or her contract. Section 11.2 of Plaintiff's 2000 Booking Contract states that the agreement "will be terminated by WRESTLER's death *during the Term*, with no further compensation due WRESTLER's heirs, successors, personal representatives, or assigns." WWE is obligated to pay royalties to such Performer or the Performer's estate, heirs, executors, administrators, successors, personal representatives, or assigns if a Performer's death occurred outside of the applicable contract term.

Plaintiff further states that individuals who either (i) signed a subsequent contract with WWE containing a merger clause and provision negating any entitlement to royalties for revenue derived from the WWE Network such as the contract provision cited in Doc. 46, p. 13, n. 9, or (ii) do not appear in any of the copyrighted works on the WWE Network, would be excluded from the current Class definition. Plaintiff also states that he is currently unaware of whether there are other reasons to exclude proposed Class members.

## VERIFICATION OF SCOTT LEVY

Scott Levy, being duly sworn, on oath deposes and states that he has read the foregoing responses to interrogatories, as contained in Plaintiff's Responses to Defendant World Wrestling Entertainment, Inc.'s Second Set of Interrogatories, and that, to the best of his knowledge, information and belief, the responses contained therein are true and correct.

_____   9/12/2017
Scott Levy                              Date

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 14th day of September, 2017, a copy of the foregoing Plaintiff's Responses To Defendant's World Wrestling Entertainment, Inc.'s Second Set Of Interrogatories Directed To Plaintiff Scott Levy was served on the following individuals via electronic mail:

Jerry S. McDevitt
*jerry.mcdevitt@klgates.com*
Curtis B. Krasik
*curtis.krasik@klgates.com*
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
Telephone: (412) 355-8608

R. Bruce Allensworth
*bruce.allensworth@klgates.com*
Ryan M. Tosi
*ryan.tosi@klgates.com*
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950
Telephone: (617) 261-3100

Jeffrey Mueller
*jpmueller@daypitney.com*
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212
Telephone: (860) 275-0164

Stanley A. Twardy, Jr.
*satwardy@daypitney.com*
Jonathan B. Tropp
*jbtropp@daypitney.com*
Day Pitney LLP
One Canterbury Green
201 Broad Street
Stamford, Connecticut 06901
Telephone: (203) 977-7300

/s/ *Michael Silverman*

Michael Silverman
*msilverman@brunolawus.com*
Federal Bar #: phv09160
Klint Bruno
*kb@brunolawus.com*
Eric H. Zagrans
*ez@brunolawus.com*
Matthew Peterson
*mp@brunolawus.com*
**THE BRUNO FIRM, LLC**
500 N. Michigan Avenue, Suite 600
Chicago, Illinois 60611
Telephone: (312) 321-6481

William H. Clendenen, Jr.
*whcj@clenlaw.com*
Maura Mastrony
*mam@clenlaw.com*
**CLENDENEN & SHEA, LLC**
400 Orange Street
New Haven, Connecticut 06511
Phone: 203.787.1183

***Attorneys for Plaintiff and the Class***