UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Marcus Bagwell and Scott Levy, individually: | | |
| and on behalf of all others similarly situated;: | | No. 3:16-cv-01350-JCH |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| World Wrestling Entertainment, Inc., | : | |
| Defendant. | : | |

**MEMORANDUM REGARDING CHARGING OR RETAINING LEIN**

Pursuant to the order of Judge Merriam, former Plaintiffs' counsel Brenden P. Leydon submits this memo regarding the current dispute with Plaintiff's current counsel. The Court requested counsel to review its prior order regarding Attorney Krislov (109) and advise if counsel had any concerns about a similar order entering. Said order provides as follows:

> Order  109 ( No document attached ) Docket Text:
> ORDER. The Court has reviewed the Joint Status Report of plaintiffs' current and former counsel. See Doc. #[106]. Counsel have described their efforts to reach a resolution of the issue of former counsel's fee. Counsel have not come to an agreement regarding the calculation of the amount that Krislov & Associates is entitled to for its prior representation of plaintiffs. However, plaintiffs' current counsel agrees that Krislov & Associates is entitled to some amount of legal fees and expenses, and agrees to take appropriate steps to protect those fees and expenses. Former counsel Krislov & Associates agrees to reserve its right to petition for an appropriate fee share for its firm at the conclusion of this matter, contingent on remaining notified of any case filings through the Court's filing system, CM/ECF. The Court is satisfied that "there is an agreement with the client or successor counsel concerning payment of fees and expenses" sufficient to require Krislov & Associates to relinquish its retaining lien on plaintiffs' legal files. Bershtein, Bershtein & Bershtein, P.C. v. Nemeth, 603 A.2d 389, 392 n.5 (Conn. 1992) (quoting Connecticut Bar Assoc., Formal Opinion 31 (1988 Revision)). Accordingly, Krislov & Associates shall surrender plaintiffs' legal files to plaintiffs' current counsel of record on or before September 1, 2017. Plaintiffs' current counsel shall copy the files at their own expense, and shall return a complete set of the files to plaintiffs' prior counsel. See Doc. #[106] at 3. Attorney Clinton A. Krislov shall continue to receive notices via CM/ECF on this matter for its duration. The Court recognizes Krislov & Associates' reservation of rights to pursue fees and expenses at the conclusion of this matter. It is so ordered. Signed by Judge Sarah A. L. Merriam on 8/29/2017. (Kaczmarek, S.)

1

Counsel is seeking further clarification and/or modification of this order. As phrased it seems reasonably suitable for a resolution of this case in the context of a class settlement or judgment or where the Court would otherwise be ordering prevailing party attorney's fees under a statute or other authority.

What is unclear to counsel is how this order would work in the case of a private settlement of this case where the Court is not otherwise making any fee related decisions. Given that as a statistical matter the percentage of civil cases resolving through a private agreement is somewhere in the nineties, Counsel is looking to protect his interest in that situation also.

While subsequent fee related litigation might be within the Court's ancillary jurisdictional power, such jurisdiction is discretionary and numerous courts within the Second Circuit have declined to entertain such litigation at the conclusion of the "main" dispute. Bretillot v. Burrow, No. 14CV7633 JGK MHD, 2015 WL 5306224, at *22 (S.D.N.Y. June 30, 2015), report and recommendation adopted, No. 14 CIV. 7633 JGK MHD, 2015 WL 6455155 (S.D.N.Y. Oct. 26, 2015)("However, the positions of the parties vis-à-vis petitioner's right to fees and the possibility of continued procedural wrangling in this grey-space-of-a-lawsuit weigh heavily in favor of this court declining to exercise ancillary discretion over this matter.")

> Similarly, the specter of party-joinder hangs over this dispute, which is yet another reason why it should be filed as its own action, and the interested parties afforded the tools and stages of litigation to which an action in *quantum meruit* will entitle them. Accordingly, we recommend that the court decline to exercise ancillary jurisdiction over petitioner's *quantum meruit* application and that it "dismiss" that "claim" without prejudice to refiling as its own action.

Id. Springut Law P.C. v. Rates Technology, Inc., 2014 WL 2751031 at *2–3 (S.D.N.Y. June 17, 2014 ("The parties' litigation history in this District is, in this instance, an insufficient basis for this Court to exercise supplemental jurisdiction over a common-law fees dispute between two New

York parties."); Guallpa v. NY Pro Signs, Inc., 2012 WL 1197178 at *1 (S.D.N.Y. Apr. 5, 2012) ("The Court declines to exercise ancillary jurisdiction over the fee dispute.").

It is unclear to Counsel whether this honorable Court in the context of a discovery ruling is empowered to obligate Judge Hall to exercise ancillary jurisdiction over a potential fee litigation down the road, nor is it clear whether it makes sense to do so at this point in time. Such a decision is probably best left to be made at the end of the case where such a discretionary determination will be in the most fully developed context.

Counsel has proposed to Successor Counsel a simple solution to this dilemma. They should confirm in writing that they will escrow any fees recovered in this case pending resolution of the fee dispute claim. Such confirmation is ethically required under Connecticut Bar Association Formal Opinion 31 and Informal Opinion 16-01. Copies attached hereto. Counsel would also note that Judge Merriam referred to Formal Opinion 31 in Order 109.

Although a number of Successor Counsel have been admitted pro hac vice, they are still obliged to follow our ethical standards. In re Rappaport, 558 F.2d 87, 89 (2d Cir. 1977)("Just as with a regularly admitted attorney, one seeking admission pro hac vice is subject to the ethical standards and supervision of the court."). Copies of Connecticut Bar Association Formal Opinion 31 and Informal Opinion 16-01 were provided to Successor Counsel on September 25 with the proposal that they confirm they will escrow any fees pending resolution of the fee split dispute. Counsel has sought a clear affirmation from Successor Counsel that they will abide by their ethical obligations and escrow any attorney's fees received in this case pending resolution of the fee split claim, which they have thus far refused to do.

Therefore, Counsel requests that Successor Counsel be ordered to comply with our ethical standards and confirm they will escrow any fees received, regardless of whether the Court subsequently retains ancillary jurisdiction over any such claims.

Dated:  October 10, 2017	Respectfully submitted,

By /s/ Brenden P. Leydon
Brenden P. Leydon, Esq.
TOOHER WOCL & LEYDON, L.L.C.
80 Fourth Street
Stamford, Connecticut 06905
Telephone: (203) 324-6164
Fax: (203) 324-1407
Email: BLeydon@tooherwocol.com
Federal Bar No.: CT16026

This is to certify that on this 10th day of October, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/S/ BRENDEN P. LEYDON
Brenden P. Leydon