## Formal 31

FORMAL OPINION 31 (1988 REVISION)

The Obligation to Turn Over a Client's File and the Right to Protect an Earned Legal Fee

In Formal Opinion 31, reported in Conn. Bar Journal 466 (1979), this committee considered the obligation of a discharged lawyer to turn over a client's file in a contingency fee case where (1) his fee is unpaid and (2) he had previously informed physicians that their bills would be honored when the case is settled. In resolving this issue, we held that there apparently is no self-executing lawyers' retaining lien in Connecticut. In the light of Marsh, Day & Calhoun v. Solomon, 204 Conn. 639 (1987), which holds that there is, we must reconsider our opinion. We also reconsider our opinion in the light of the Rules of Professional Conduct.

Some aspects of our opinion remain intact. The client still has the right to discharge his or her lawyer without cause. Rule 1.16(a)(3) and Comment. The lawyer will be paid in quantum meruit rather than by contract. Cole v. Myers, 128 Conn. 223, 229, 21 A.2d 396 (1941). The lawyer still has the obligation in general to surrender papers to protect the client's interests in the pending case. Rule 1.6(d) and Comment. Rule 1.8(j)(1) is virtually identical to DR 5-103(A)(1) in permitting the lawyer to "acquire a lien granted by law to secure the lawyer's fee or expenses." The difference, of course, is that the lien is now "protected by law."

Solomon holds that the lawyer may assert a retaining lien on the file (until he has been paid or furnished adequate security) except in "rare circumstances" where the retention of the file "injures the rights of the client." 203 Conn. at 646, 647, note 4. In distinguishing our opinion, *Solomon* notes that the discharged law firm apparently was willing to cooperate with subsequent counsel but that no amicable negotiations took place. We interpret this to mean that neither the client nor the subsequent counsel was willing to do anything to protect the discharged lawyer's fee.

Solomon also appears not to have been a dispute over a contingency fee or contingent expenses. This is highly significant to our reconsideration, because *Solomon* does not decide what is adequate security or who decides that question. In our opinion, a subsequent lawyer's statement in writing that he will hold settlement proceeds in escrow pending resolution of the fee dispute and payment of the doctors should be ample security to the discharged lawyer.

We therefore consider the core of our opinion to survive *Solomon*. We hold that a discharged lawyer on a contingency fee violates Rule 1.16(d) when he or she retains the file after demand for its surrender if (a) there is an agreement with the client or successor counsel concerning payment of fees and expenses or (b) successor counsel provides the discharged lawyer with a letter that he will hold in his or her client's funds sufficient proceeds from the settlement to pay the discharged lawyer what he or she would have been entitled to under the contingency fee agreement plus the amount he or she promised to pay to physicians on settlement, until the fee dispute is resolved by a court or otherwise.

However, our original opinion also held that, if the client is *pro se* or will not divulge the name of his or her new lawyer, the discharged lawyer must nevertheless turn the file over to the client without proper security. That portion of our opinion is incorrect under *Solomon* unless the failure to turn over the file injures the client's rights. If the discharged lawyer wishes to assume the risk of that issue of fact, he or she may now do so under *Solomon*.

1993 Committee Comment: *See also Bershtein, Bershtein & Bershtein v. Nemeth*, 221 Conn. 236 (1992).