**ETHICS** OPINION

# Duty to Safeguard Discharged Attorney's Fee

**Informal Opinion 16-01**

Formal and informal opinions are drafted by the Committee on Professional Ethics in response to inquiries from CBA members. For instructions on how to seek an informal opinion and to read the most recent informal opinions, see the CBA webpage for the Committee on Professional Ethics at www.ctbar.org/EthicsCommittee. CBA members may also research and review formal and informal opinions in Casemaker.

In the course of civil litigation, a lawyer's handling of the client's employment discrimination case resulted in discovery sanctions that limited the client's damages claims. After the client hired new counsel, the court dismissed the action, in large part because of the discovery issues. Successor counsel refiled the action under the Accidental Failure of Suit Statute, and was able to obtain a settlement for the client.

Predecessor counsel has asserted a lien for a substantial portion of the recovery. The client, however, is considering bringing a legal malpractice claim against her former attorney for the discovery misconduct that, she claims, lowered the settlement value of her claim.

The questions presented are: (1) whether successor counsel has an obligation to safeguard the settlement funds in view of the claimed lien from the prior attorney; (2) whether successor counsel must continue to hold the funds while the malpractice claim is being determined; and (3) whether any portion of the proceeds may be disbursed to the client or the current attorney? In responding to these inquiries, the Committee assumes the existence of an appropriate engagement agreement between the prior attorney and the client.

The short answers are: (1) the lawyer holding the funds has an obligation to safeguard the portion of the funds representing the discharged attorney's fee claim; and (2) the lawyer holding the funds may not take it upon himself to determine the proper distribution of the funds; and (3) the lawyer may disburse any portion of the funds as to which there are no disputed interests.

### Duty to Safeguard

Rule 1.15(f) (Safeguarding Property) governs this situation. That Rule provides as follows:

(f) When in the course of representation a lawyer is in possession of property in which two or more persons (one of whom may be the lawyer) have interests, the property shall be kept separate by the lawyer until any competing interests are resolved. The lawyer shall promptly distribute all portions of the property as to which the lawyer is able to identify the parties that have interests and as to which there are no competing interests. Where there are competing interests in the property or a portion of the property, the lawyer shall segregate and safeguard the property subject to the competing interests.

A lawyer's common law equitable lien on property recovered by the client, usually called a charging lien, qualifies as a "legal interest" subject to protection under Rule 1.15. See Informal Opinion 02-02 (Duty to Protect Discharged Counsel's Fees in Certain Circumstances); Official Commentary to Rule 1.15 (providing examples of interests subject to protection under the Rule). Accordingly, to the extent the lawyer holding the funds is on notice of the former attorney's assertion of a charging lien against the funds, the lawyer is obligated to "segregate and safeguard" the funds that are subject to the competing interests of the client and/or successor counsel. Rule 1.15, Official Commentary (where lawyer has a "duty under applicable law to protect such third-party interests against wrongful interference by the client...the lawyer must refuse to surrender the property to the client until the competing interests are resolved").

The lawyer may, however, disburse any portion of the funds as to which there are no competing interests.

### The Lawyer May Not Decide How the Funds Are to Be Distributed

The Official Commentary Rule 1.15 provides that where there are disputed or conflicting interests in property held subject to the Rule, "[a] lawyer should not unilaterally assume to arbitrate a dispute between the client and the third party." Accordingly, the lawyer holding the funds may not undertake to determine respective rights to the settlement funds, nor may the lawyer make any unilateral determination of the reasonableness of the discharged attorney's fee or the extent, if any, to which the client's malpractice claim may act as an offset to the first lawyer's fee claim. The lawyer may, and probably should, encourage the client and her former attorney to negotiate a resolution. The Committee takes no position on the best mechanism for resolving such disputes, but notes that the Official Commentary suggests that "the lawyer may file an action to have a court resolve the dispute." **CL**

**LAWYERS CONCERNED FOR LAWYERS—CONNECTICUT, INC.**

If you have ever thought what a relief it would be to talk frankly with a person who is sensitive to problems like yours...

If you want support to stop using alcohol or other drugs...

If you have ever been concerned about someone else's alcohol or drug use...

Use the LCL HOTLINE today...leave your first name and telephone number.

Expect a call back...peer support will be made available to you. It's FREE and CONFIDENTIAL.

**HOTLINE: 1-800-497-1422**