UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARCUS BAGWELL and SCOTT LEVY, Individually and on behalf of all others Similarly situated, | : : : : Civil Action No. 3:16-cv-01350-JCH |
| Plaintiffs, | : : |
| vs. | : Hon. Janet C. Hall |
| WORLD WRESTLING ENTERTAINMENT, INC., | : : : : |
| Defendant. | : |

**PLAINTIFFS' RESPONSE TO MEMORANDUM OF BRENDEN P. LEYDON REGARDING CHARGING OR RETAINING LEIN [*SIC*] (DKT. NO. 122)**

Pursuant to the Court's October 10, 2017 Order (Dkt. No. 123), Plaintiffs, Marcus Bagwell and Scott Levy, hereby submit their Response to the Memorandum of Brenden P. Leydon ["Leydon"] Regarding Charging or Retaining Lien (Dkt. No. 122).

First of all, Plaintiffs point out that no legal fees are, or will be, due to any of their counsel on a contingent fee basis unless and until a monetary recovery is eventually achieved by means of judgment or settlement – neither of which is likely to happen for a long time to come.

Nevertheless, as Plaintiffs' counsel explicitly informed Leydon, Plaintiffs acknowledge that Leydon's firm would be entitled to some amount of legal fees and reimbursement of out-of-pocket case expenses in the event of a successful outcome of this case that deserve protection, and Plaintiffs' counsel agree to take all appropriate steps to protect those fees and expenses.

However, based on their review of the files they have received from Krislov & Associates, Ltd. ("Krislov"), the firm that retained Leydon as its local counsel, Plaintiffs' counsel does not believe there was a written fee agreement between Leydon and either Plaintiff or between Leydon and Krislov. Therefore, under the circumstances, Plaintiffs' counsel conclude that any determination or agreement as to the appropriate amount of Leydon's fees or how such fees would

1

be calculated should be discussed and resolved between Leydon and Krislov.

Plaintiffs submit that the best and most appropriate procedure, following a successful resolution of this matter (by judgment or settlement) that results in Plaintiffs' counsels' entitlement to attorneys' fees, would be for each firm to file its own fee petition with the Court for an appropriate fee at the conclusion of the case.

Furthermore, the Court should reject Leydon's argument that Plaintiffs' counsel should be required to "escrow any fees recovered in this case pending resolution of the fee dispute claim." (Leydon Memo., Dkt. No. 122, at 3.) That draconian mechanism is both unnecessary and unfair. At present, there is no "fee dispute" between Leydon and Plaintiffs' counsel nor is there any good-faith basis to suggest that a fee dispute is likely to arise in the future. Plaintiffs' counsel have agreed to protect any fees and expenses to which Leydon may be entitled. It is unreasonable to require Plaintiffs' counsel to escrow *all* of the fees that may be awarded to *all* counsel in the absence of a material fee dispute.

Finally, Plaintiffs' counsel have communicated to Leydon in writing their agreement to pick up, copy, and return at their expense Leydon's paper and electronic files, records and documents pertaining to this case.

Dated: October 12, 2017

>Respectfully submitted,
>
>/s/ *Eric H. Zagrans*
>Eric H. Zagrans (admitted *pro hac vice*)
>ez@brunolawus.com (e-mail)
>Michael Silverman (PHV #09160)
>msilverman@brunolawus.com (e-mail)
>Klint L. Bruno (admitted *pro hac vice*)
>kb@brunolawus.com (e-mail)
>THE BRUNO FIRM LLC
>500 N. Michigan Avenue, Suite 600
>Chicago, IL 60611
>(312) 321-6481 (telephone)

William H. Clendenen, Jr.
whcj@clenlaw.com (e-mail)
Maura Mastrony
mam@clenlaw.com (e-mail)
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, Connecticut 06511
(203) 787-1183 (telephone)

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on October 12, 2017, using the Court's electronic filing system, which will automatically serve all counsel of record.

/s/ *Eric H. Zagrans*
Eric H. Zagrans