UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARCUS BAGWELL and SCOTT LEVY, individually and on behalf of all others similarly situated, | : : : |
| | : Civil Action No. 3:16-cv-01350-JCH |
| Plaintiffs, | : : |
| vs. | : Hon. Janet C. Hall |
| WORLD WRESTLING ENTERTAINMENT, INC., | : : : |
| Defendant. | : : |

**PLAINTIFFS' STATUS REPORT REGARDING FORMER
LOCAL COUNSEL BRENDEN P. LEYDON'S REQUEST TO ESCROW FEES**

Pursuant to the Court's October 16, 2017 Order (Dkt. No. 127), Plaintiffs Marcus Bagwell and Scott Levy hereby submit this Status Report regarding Plaintiffs' former local counsel Brenden P. Leydon's ("Leydon") request to escrow fees.

The Court's October 16, 2017 Order instructed Leydon to provide Plaintiffs' counsel with an accounting of his time and expenses in this matter. (Dkt. No. 127.) Today, Leydon complied with the Court's Order from seven days ago and emailed Plaintiffs' counsel his lodestar and expense, which break down as follows: 107.8 hours at $500 per hour for a total lodestar of $53,900, and $550 in expenses. Leydon's email also stated that he believes he is entitled to a lodestar multiplier.

Plaintiffs' counsel cannot determine what amount should be aside for Leydon's fees and expenses in the event of a successful outcome for several reasons. First, some of the time Leydon is claiming he should be compensated for and all of his claimed expenses were related to different litigation that was voluntarily

1

dismissed in April 2016. *See Goguen v. World Wrestling Entertainment, Inc.*, Case No. 3:16-cv-00542-SRU (D. Conn.). Leydon has not explained how or why the class in this case should compensate him for his work and expenditures in other litigation – litigation he voluntarily dismissed.

While Plaintiffs' counsel has agreed to protect any fees and expenses to which Leydon may be entitled, Plaintiffs' current counsel believes that any determination as to the appropriate amount of Leydon's fees or how such fees would be calculated should be discussed and resolved between Leydon and Krislov & Associates, Ltd. ("Krislov"). In short, Plaintiffs did not hire Leydon; Krislov did. And it is Krislov that should be obligated to pay Leydon in accordance with whatever agreement they entered into.

Plaintiffs' counsel cannot possibly evaluate whether Leydon's hours are reasonable. Leydon submitted detailed billing entries for the time spent on this matter. Krislov has not. It is not possible for Plaintiffs' counsel to review Leydon's time in a vacuum. Plaintiffs' counsel did not hire Leydon and was not working on the case with Leydon. Plaintiffs do not have detailed time records from Krislov, and there is no way for Plaintiffs to determine whether any of Leydon's time entries are duplicative or superfluous. Therefore, the value of the work Leydon performed should be evaluated and determined at the end of the case.

Plaintiffs submit that the best and most appropriate procedure, following a successful resolution of this matter, would be for Leydon to file a petition with the Court for an appropriate fee at the conclusion of the case. That way the Court can analyze the legal work performed, when it was completed, and determine whether

it is proper for Leydon to collect a fee under a theory of quantum meruit or unjust enrichment.

Dated:   October 23, 2017                                Respectfully submitted,

/s/ *Michael L. Silverman*
Michael L. Silverman (PHV #09160)
*msilverman@brunolawus.com*
Klint L. Bruno (admitted *pro hac vice*)
*kb@brunolawus.com*
Eric H. Zagrans (admitted *pro hac vice*)
*ez@brunolawus.com*
THE BRUNO FIRM LLC
500 N. Michigan Avenue, Suite 600
Chicago, Illinois 60611
Telephone: (312) 321-6481

William H. Clendenen, Jr.
*whcj@clenlaw.com*
Maura Mastrony
*mam@clenlaw.com*
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, Connecticut 06511
Telephone: (203) 787-1183

*Attorneys for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on October 23, 2017, using the Court's electronic filing system, which will automatically serve all counsel of record.

/s/ *Michael L. Silverman*
Michael L. Silverman