UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Marcus Bagwell and Scott Levy, individually: | | |
| and on behalf of all others similarly situated;: | : | No. 3:16-cv-01350-JCH |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| World Wrestling Entertainment, Inc., | : | |
| Defendant. | : | |

**RESPONSE TO PLAINTIFFS' STATUS REPORT**

Plaintiff's successor counsel argues that "In short, Plaintiffs did not hire Leydon; Krislov did. And it is Krislov that should be obligated to pay Leydon in accordance with whatever agreement they entered into." Plaintiff's Status Report filed Oct. 23, 2017, p.2. One would think that Attorney Krislov's bringing the undersigned onto the team was some rogue action they didn't authorize.

The fact is as the exhibits to the complaint clearly show the governing documents for Bagwell and Levy's claim expressly select venue for any litigation in Connecticut. More importantly both Bagwell and Levy expressly signed agreements with Attorney Krislov specifically allowing "engaging such co-counsel as Attorney may choose," and that "Attorney is authorized to engage or associate other appropriate counsel under this agreement." Copies of these agreements are attached hereto.

Plaintiff's successor counsel argues that "the value of the work Leydon performed should be evaluated and determined at the end of the case." Plaintiff's Status Report filed Oct. 23, 2017, p.2. The undersigned completely agrees with this point. All that is being asked is that any recovery that is secured for attorney's fees be held in escrow pending a resolution of the dispute. While Plaintiff's successor counsel claims they have agreed to protect any fees and expenses the undersigned may be entitled to, their suggested protection is the advice to go try and collect it from Attorney Krislov, rather than any affirmative undertaking to preserve it themselves.

1

As noted in the earlier memo filed October 10 (Doc. #122) at pp. 2-3, there is no guarantee that the Court will wish to retain jurisdiction over any subsequent fee dispute, nor does it seem prudential to commit to doing so at this point.  Oddly, Plaintiff's successor counsel fails to address this issue in any manner.

A simple agreement to escrow any attorney's fees recovered pending further Court order fully resolves the issue with no further need for any other action at this time.   Should the Court elect to retain jurisdiction at that time (or even if it doesn't) keeping it fully escrowed pending further Court order will incentivize all sides to seek to effectuate a prompt resolution.  There is no practical mechanism to otherwise quantify the escrow without engaging in a detailed and fact intensive adjudication which is not even fully possible as other pieces in the equation such as how much Attorney Krislov and successor counsel would also be entitled to and whether to apply a lodestar multiplier (and if so how much) are not reasonably ascertainable at this time.

Therefore, Counsel requests that Successor Counsel be ordered to confirm they will escrow any fees received, regardless of whether the Court subsequently retains ancillary jurisdiction over any such claims.

Dated:  October 24, 2017             Respectfully submitted,

                                     By /s/ Brenden P. Leydon
                                     Brenden P. Leydon, Esq.
                                     TOOHER WOCL & LEYDON, L.L.C.
                                     80 Fourth Street
                                     Stamford, Connecticut 06905
                                     Telephone: (203) 324-6164
                                     Fax: (203) 324-1407
                                     Email: BLeydon@tooherwocol.com
                                     Federal Bar No.: CT16026


This is to certify that on this 24th day of October, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


/S/ BRENDEN P. LEYDON
Brenden P. Leydon