UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS BAGWELL and SCOTT LEVY, individually and on behalf of all others similarly situated, | : | NO.  3:16-CV-01350-JCH |
| Plaintiffs, | : | |
| vs. | : | |
| WORLD WRESTLING ENTERTAINMENT, INC., | : | |
| Defendant. | : | OCTOBER 27, 2017 |

**DEFENDANT'S MOTION TO COMPEL REGARDING PRIVILEGE ISSUES**

Pursuant to Federal Rule of Civil Procedure 37, Defendant World Wrestling Entertainment, Inc. ("WWE") hereby moves to compel Plaintiff Scott Levy ("Levy") to (1) produce and provide testimony concerning an unsolicited March 16, 2016 email sent to Levy by Attorney Matthew Peterson prior to the formation of their attorney-client relationship, and (2) provide testimony concerning a meeting with Attorney Peterson and Plaintiff Marcus Bagwell ("Bagwell") in late 2016 or early 2017 that was also attended by a non-party, Levy's ex-wife, and produce all withheld communications that were shared with her.[1]

As set forth more fully in the accompanying Memorandum of Law in support of this motion, Levy should be compelled to produce the March 16, 2016 email sent to him by Attorney Peterson for two independent reasons.  First, the document is not privileged since it was sent prior to the existence of an attorney-client relationship.  Second, even assuming that the

---

[1] Pursuant to Local Rule of Civil Procedure 37(a), an affidavit is attached to this motion certifying that counsel for WWE have conferred with counsel for Plaintiffs in a good faith effort to resolve by agreement the issues raised by this motion without the intervention of the Court and have been unable to reach such an agreement.

**ORAL ARGUMENT REQUESTED**

document were privileged, it was reviewed by Levy prior to testifying at his deposition in order to refresh his recollection and therefore should be disclosed.  Levy also should be compelled to testify about the communications that occurred during the in-person meeting with Plaintiff Bagwell and Attorney Peterson because the presence of Levy's ex-wife destroyed any privilege that otherwise might have applied to such communications.

WHEREFORE, the Court should grant WWE's motion to compel and require Plaintiffs to pay WWE its reasonable attorney's fees and expenses incurred in connection with this motion.

                    DEFENDANT WORLD WRESTLING
                    ENTERTAINMENT, INC.,

By: */s/ Jerry S. McDevitt*
    Jerry S. McDevitt (*pro hac vice*)
    Curtis B. Krasik (*pro hac vice*)
    K&L GATES LLP
    K&L Gates Center
    210 Sixth Avenue
    Pittsburgh, PA 15222
    Phone: (412) 355-6500
    Fax: (412) 355-6501
    Email: jerry.mcdevitt@klgates.com
    Email: curtis.krasik@klgates.com

    Jonathan B. Tropp (ct11295)
    Jeffrey P. Mueller (ct27870)
    DAY PITNEY LLP
    242 Trumbull Street
    Hartford, CT 06103
    Phone: (860) 275-0100
    Fax: (860) 275-0343
    Email: jbtropp@daypitney.com
    Email: jmueller@daypitney.com

 Its Attorneys

## CERTIFICATE OF SERVICE

      I hereby certify that on October 27, 2017 a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                */s/ Jeffrey P. Mueller*
                                                Jeffrey P. Mueller (ct27870)