# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS BAGWELL and SCOTT LEVY, individually and on behalf of all others similarly situated, | : : : : | Civil Action No. 3:16-cv-01350-JCH |
| Plaintiffs, | : : | |
| v. | : : | Hon. Janet C. Hall |
| WORLD WRESTLING ENTERTAINMENT, INC., | : : : : | |
| Defendant. | : | |

**PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Plaintiffs, Marcus Bagwell and Scott Levy (individually, "Plaintiff", or collectively, "Plaintiffs"), by their attorneys, as and for their supplemental responses and objections to Defendant's Third Request for the Production of Documents ("Requests") served by Defendant World Wresting Entertainment, Inc. ("Defendant" or "WWE"), state as follows:

**RESPONSES AND OBJECTIONS TO WWE'S THIRD REQUESTS**

**REQUEST NO. 1**

All documents, including itemized phone bills, reflecting the dates of all calls placed by Marcus Bagwell to Matthew T. Peterson prior to the date Bagwell first signed an attorney-client retention agreement with Krislov & Associates, Ltd.

**RESPONSE:**

Plaintiff objects to this Request to the extent it is directed to and seeks personal records from Plaintiff's counsel of record, Matthew T. Peterson, as he is not a party to this litigation. Plaintiff further objects to this Request on the grounds that the Request is overbroad, unduly burdensome and not limited to information or

1

documentation that is relevant to any party's claims or defenses and not proportional to the needs of the case because the burden and expense and searching for and producing "all documents . . . relating to all calls placed" between Plaintiff Bagwell and Matthew T. Peterson prior to the date Plaintiff first signed an attorney-client retention agreement with Krislov & Associates, Ltd. outweighs any purported benefit. Plaintiff is withholding Peterson's personal phone records on the grounds that he is not a party to this litigation.

Subject to, and without waiving any of the foregoing objections, see the following documents:

BAGWELL-000000360; BAGWELL-000000361

**REQUEST NO. 2**

All documents, including itemized phone bills, reflecting the dates of all calls placed by Matthew T. Peterson to Marcus Bagwell prior to the date Bagwell first signed an attorney-client retention agreement with Krislov & Associates.

**RESPONSE:**

Plaintiff objects to this Request to the extent it is directed to and seeks personal records from Plaintiff's counsel of record, Matthew T. Peterson, as he is not a party to this litigation. Plaintiff objects to this Request to the extent that it would require the production of documents relating to communications between Plaintiff and Plaintiff's attorneys which are protected by the attorney-client privilege and/or the attorney-work product doctrine. Plaintiff objects to this Request on the grounds that the Request is overbroad, unduly burdensome and not limited to information or documentation that is relevant to any party's claims or defenses and not proportional to the needs of the case because the burden and expense of searching for and producing "all documents . . . reflecting the dates of all calls" from Matthew T. Peterson to Plaintiff Bagwell prior to the date Plaintiff Bagwell signed an attorney-client retention agreement with Krislov & Associates outweighs any purported benefit. Plaintiff is withholding Peterson's personal phone records on the grounds that he is not a party to this litigation.

Subject to, and without waiving any of the foregoing objections, see the following documents:

BAGWELL-000000359; BAGWELL-000000361

**REQUEST NO. 3**

All documents, including itemized phone records, reflecting the phone call to Matthew Peterson by Marcus Bagwell "in or around May 2016" identified in Bagwell's Supplemental Responses to Interrogatory #10 in WWE's First Set of Interrogatories to him.

**RESPONSE:**

      Plaintiff objects to this Request to the extent it is directed to and seeks personal records from Plaintiff's counsel of record, Matthew T. Peterson, as he is not a party to this litigation. Plaintiff is withholding Peterson's personal phone records on the grounds that he is not a party to this litigation.

Subject to, and without waiving any of the foregoing objections, see the following documents:

BAGWELL-000000360; BAGWELL-000000361

**REQUEST NO. 4**

All documents, including but not limited to itemized phone records, reflecting communications between Bagwell and Matthew Peterson prior to May 2016.

**RESPONSE:**

      Plaintiff objects to this Request to the extent it is directed to and seeks personal records from Plaintiff's counsel of record, Matthew T. Peterson, as he is not a party to this litigation. Plaintiff objects to this Request to the extent that it would require the production of documents relating to communications between Plaintiff Bagwell and Plaintiff's attorneys which are protected by the attorney-client privilege and/or the attorney-work product doctrine. Plaintiff further objects to this Request on the grounds that the Request is overbroad, unduly burdensome and not limited to information or documentation that is relevant to any party's claims or defenses and not proportional to the needs of the case because the burden and expense of searching for and producing "all documents . . . reflecting communications" between Plaintiff Bagwell and Matthew Peterson prior to May 2016 outweighs any purported benefit. Plaintiff also objects to this Request on the grounds that it is duplicative of Request No. 1. Plaintiff is withholding Peterson's personal phone records on the grounds that he is not a party to this litigation.

Subject to, and without waiving any of the foregoing objections, see the following documents:

BAGWELL-000000359; BAGWELL-000000360

**REQUEST NO. 5**

Documents sufficient to show the date Bagwell first transmitted copies of his contract with WCW, Inc. to Matthew Peterson.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it would require the production of documents relating to communications between Plaintiff Bagwell and Plaintiff's counsel which are protected by the attorney-client privilege and/or the attorney-work product doctrine.

Subject to, and without waiving any of the foregoing objections, after a reasonable search and review of documents, Plaintiff Bagwell does not have any documents showing when he first transmitted a copy of his contract with WCW, Inc. to Matthew Peterson. However, Plaintiff Bagwell's former counsel, Krislov & Associates, Ltd., will be producing email to Plaintiff's current counsel, and Plaintiff will supplement this response in the event any documents reflect the date Plaintiff first transmitted copies of his contract with WCW, Inc. to Matthew Peterson.

**REQUEST NO. 6**

All documents, including itemized phone bills, reflecting the dates of all calls placed by Scott Levy to Matthew T. Peterson prior to the date Bagwell first signed an attorney-client retention agreement with Krislov & Associates, Ltd.

**RESPONSE:**

Plaintiff objects to this Request to the extent it is directed to and seeks personal records from Plaintiff's counsel of record, Matthew T. Peterson, as he is not a party to this litigation. Plaintiff objects to this Request on the grounds that the Request is overbroad, unduly burdensome and not limited to information or documentation that is relevant to any party's claims or defenses and not proportional to the needs of the case because the burden and expense of searching for and producing "all documents . . . reflecting the dates of all calls placed" by Plaintiff Levy to Matthew T. Peterson prior to the date Plaintiff Bagwell first signed an attorney-client retention agreement with Krislov & Associates, Ltd. outweighs any purported benefit. Plaintiff is withholding Peterson's personal phone records on the grounds that he is not a party to this litigation.

Subject to, and without waiving any of the foregoing objections, see the following documents:

LEVY-000001191

**REQUEST NO. 7**

All documents, including itemized phone bills, reflecting the dates of all calls placed by Matthew T. Peterson to Scott Levy prior to the date Levy first signed an attorney-client retention agreement with Krislov & Associates, Ltd.

**RESPONSE:**

Plaintiff objects to this Request to the extent it is directed to and seeks personal records from Plaintiff's counsel of record, Matthew T. Peterson, as he is not a party to this litigation. Plaintiff objects to this Request to the extent that it would require the production of documents relating to communications between Plaintiff Levy and Plaintiff's attorneys which are protected by the attorney-client privilege and/or the attorney-work product doctrine. Plaintiff further objects to this Request on the grounds that the Request is overbroad, unduly burdensome and not limited to information or documentation that is relevant to any party's claims or defenses and not proportional to the needs of the case because the burden and expense of searching for and producing "all documents . . . reflecting the dates of all calls" from Matthew T. Peterson to Plaintiff Levy prior to the date Plaintiff Levy first signed an attorney-client retention agreement with Krislov & Associates, Ltd. outweighs any purported benefit. Plaintiff is withholding Peterson's personal phone records on the grounds that he is not a party to this litigation.

Subject to, and without waiving any of the foregoing objections, see the following documents:

LEVY-000001191

**REQUEST NO. 8**

Documents sufficient to show the date of the initial communication between Scott Levy and Matthew Peterson, including, but not limited to, the telephone records of either Levy and Peterson which reflect the date of the initial communication.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it would require the production of documents relating to communications between Plaintiff Levy and Plaintiff's attorneys which are protected by the attorney-client privilege and/or the attorney-work product doctrine.

5

Subject to, and without waiving any the foregoing objection, after a reasonable search and review of documents, Plaintiff Levy believes that March 16, 2016 is the purported date of the initial communication between himself and Matthew Peterson. The document reflecting the March 16, 2016 communication can be found in Plaintiffs' privilege log associated with their August 7, 2017 document production.

**REQUEST NO. 9**

Documents sufficient to show all phone carriers and associated phone numbers of Levy, Bagwell, and Matthew Peterson between February 2016 – September 2016.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that the Request is not limited to information or documentation that is relevant to any party's claims or defenses and not proportional to the needs of the case.

**REQUEST NO. 10**

All documents, including itemized phone bills, reflecting communications between Bagwell and/or Levy and Rene Goguen a/k/a Rene Dupree regarding litigation and/or claims against WWE.

**RESPONSE:**

Plaintiffs object to this Request on the grounds that the Request is overbroad and not limited to information or documentation that is relevant to any party's claims or defenses and not proportional to the needs of the case because the burden and expense of searching for and producing "all documents . . . reflecting communications" between Bagwell or Levy and Rene Goguen regarding litigation and/or claims against WWE outweighs any purported benefit.

Subject to, and without waiving any the foregoing objection, after conducting a reasonable, good-faith search, Plaintiffs state that they have not found any documents responsive to this Request.

**REQUEST NO. 11**

All documents, including but not limited to itemized phone bills, emails, text messages, notes, and memoranda, reflecting unsolicited communications from Matthew T. Peterson to any former or current wrestler regarding potential lawsuits against WWE for royalties related to the WWE Network.

**RESPONSE:**

Plaintiffs objects to this Request to the extent that it would require the production of documents relating to communications between Plaintiffs and Plaintiffs' counsel which are protected by the attorney-client privilege and/or the attorney-work product doctrine. Plaintiffs further object to this Request to the extent that it would require the production of documents relating to communications between Plaintiffs' counsel and any former or current wrestler regarding potential lawsuits against WWE for royalties related to the WWE Network, which are protected by the attorney-work product doctrine.

Notwithstanding and without waiving the foregoing objections, but expressly subject to them, Plaintiffs will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents, to the extent they exist, in their possession, custody or control. Plaintiffs' former counsel, Krislov & Associates, Ltd., will be producing email to Plaintiffs' current counsel, and Plaintiffs will supplement this response with any relevant, non-privileged, responsive materials.

**REQUEST NO. 12**

All documents reflecting communications between Matthew T. Peterson and current and/or former wrestlers regarding potential lawsuits against WWE for royalties related to the WWE Network who did not retain him or the Krislov firm to represent them in such manners.

**RESPONSE:**

Plaintiffs object to this Request to the extent that it would require the production of documents relating to communications between Plaintiffs' counsel and any former or current wrestler regarding potential lawsuits against WWE for royalties related to the WWE Network, which are protected by the attorney-work product doctrine.

Respectfully submitted,

*/s/ Michael Silverman*

Michael Silverman
*msilverman@brunolawus.com*
Federal Bar #: phv09160
Klint L. Bruno
*kb@brunolawus.com*
Eric H. Zagrans
*ez@brunolawus.com*
Matthew Peterson
*mp@brunolawus.com*
**THE BRUNO FIRM, LLC**
500 North Michigan Avenue
Suite 600
Chicago, Illinois 60611
Phone: 312.321.6481

William H. Clendenen, Jr.
*whcj@clenlaw.com*
Maura Mastrony
*mam@clenlaw.com*
**CLENDENEN & SHEA, LLC**
400 Orange Street
New Haven, Connecticut 06511
Phone: 203.787.1183

***Attorneys for Plaintiffs and the Class***

8

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiffs' Supplemental Responses and Objections to Defendant World Wrestling Entertainment, Inc.'s Third Request for the Production of Documents was served by electronic mail this 5th day of October, 2017, on the following counsel of record for Defendant:

Jerry S. McDevitt
*jerry.mcdevitt@klgates.com*
Curtis B. Krasik
*curtis.krasik@klgates.com*
**K&L GATES, LLP**
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
Phone: 412.355.8608

R. Bruce Allensworth
*bruce.allensworth@klgates.com*
Ryan M. Tosi
*ryan.tosi@klgates.com*
**K&L GATES, LLP**
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950
Phone: 617.261.3100

Jeffrey Mueller
*jpmueller@daypitney.com*
Federal Bar #: ct27870
**DAY PITNEY LLP**
242 Trumbull Street
Hartford, Connecticut 06103-1212
Phone: 860.275.0164

Stanley A. Twardy, Jr.
*satwardy@daypitney.com*
Jonathan B. Tropp
*jbtropp@daypitney.com*
**DAY PITNEY LLP**
One Canterbury Green

201 Broad Street
Stamford, Connecticut 06901
Phone: 203.977.7300

***Attorneys for Defendant***
***World Wrestling Entertainment, Inc.***

                                    */s/ Michael Silverman*
                                    Michael Silverman