# EXHIBIT  G

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS BAGWELL and SCOTT LEVY, individually and on behalf of all others similarly situated, | : : : : | Civil Action No. 3:16-cv-01350-JCH |
| Plaintiffs, | : : | |
| vs. | : : | Hon. Janet C. Hall |
| WORLD WRESTLING ENTERTAINMENT, INC., | : : : | |
| Defendant. | : | |

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT WORLD
WRESTLING ENTERTAINMENT, INC.'S FIRST REQUESTS
FOR THE PRODUCTION OF DOCUMENTS**

Plaintiff, Marcus Bagwell ("Bagwell"), hereby serves, pursuant to the agreement of counsel for the parties, his Supplemental Responses to the First Requests for the Production of Documents ("First Requests") served by Defendant, World Wresting Entertainment, Inc. ("WWE"). Notwithstanding WWE's various references to the Second Amended Complaint in its First Requests, Bagwell's Supplemental Responses to the First Requests below pertain to the claims and allegations set forth in the Third Amended Complaint filed in this case.

**BAGWELL'S SUPPLEMENTAL RESPONSES AND
OBJECTIONS TO WWE'S FIRST REQUESTS**

**REQUEST NO. 1**

Copies of all agreements or contracts entered into by and between [Bagwell] and WWE, including all drafts of any such agreements or contracts.

**RESPONSE:**

Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 2

All documents reflecting and/or relating to communications between [Bagwell] and WWE regarding any contract or agreement with WWE, including all communications reflecting and/or relating to the negotiation of any such contracts or agreements and/or the terms of any such contracts or agreements.

**RESPONSE:**

Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 3

All documents reflecting and/or relating to communications between [Bagwell] and any Person other than WWE regarding any contract or agreement with WWE, including all communications reflecting and/or relating to the negotiation of any such contracts or agreements and/or the terms of any such contracts or agreements.

**RESPONSE:**

Objection.  Bagwell objects to this Request insofar as it requests the production of documents relating to privileged communications between Bagwell and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 4

Copies of all agreements or contracts entered into by and between [Bagwell] and WCW Inc., including all drafts of any such agreements or contracts.

2

**RESPONSE:**

Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 5

All documents reflecting and/or relating to communications between [Bagwell] and WCW, Inc. regarding any contract or agreement with WCW, Inc., including all communications reflecting and/or relating to the negotiation of any such contracts or agreements and/or the terms of any such contracts or agreements.

**RESPONSE:**

Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 6

All documents reflecting and/or relating to communications between [Bagwell] and any Person other than WCW, Inc. regarding any contract or agreement with WCW, Inc., including all communications reflecting and/or relating to the negotiation of any such contracts or agreements and/or the terms of any such contracts or agreements.

**RESPONSE:**

Objection.  Bagwell objects to this Request insofar as it requests the production of documents relating to privileged communications between Bagwell and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 7

Copies of all agreements or contracts entered into by and between [Bagwell] and WCWI, including all drafts of any such agreements or contracts.

3

**RESPONSE:**

Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 8

All documents reflecting and/or relating to communications between [Bagwell] and WCWI regarding any contract or agreement with WCWI, including all communications reflecting and/or relating to the negotiation of any such contracts or agreements and/or the terms of any such contracts or agreements.

**RESPONSE:**

Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 9

All documents reflecting and/or relating to communications between [Bagwell] and any Person other than WCWI regarding any contract or agreement with WCWI, including all communications reflecting and/or relating to the negotiation of any such contracts or agreements and/or the terms of any such contracts or agreements.

**RESPONSE:**

Objection.  Bagwell objects to this Request insofar as it requests the production of documents relating to privileged communications between Bagwell and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 10

All documents reflecting and/or relating to the payment of royalties from WWE to [Bagwell], including copies of all royalty statements [Bagwell] received from WWE.

4

**RESPONSE:**

Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 11

All documents reflecting and/or relating to communications between [Bagwell] and WWE regarding payment of royalties, including all written objections [Bagwell] sent to WWE regarding any royalty statement [Bagwell] received from WWE.

**RESPONSE:**

Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 12

All documents reflecting and/or relating to communications between [Bagwell] and any Person other than WWE regarding payment or non-payment of royalties from WWE to [Bagwell], including all communications regarding any objections to any royalty statement [Bagwell] received from WWE.

**RESPONSE:**

Objection.  Bagwell objects to this Request insofar as it requests the production of documents relating to privileged communications between Bagwell and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 13

All documents reflecting and/or relating to the payment of royalties from WCW, Inc. to [Bagwell], including copies of all royalty statements [Bagwell] received

from WCW, Inc.

**RESPONSE:**

      Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 14

All documents reflecting and/or relating to communications between [Bagwell] and WCW, Inc. regarding payment or non-payment of royalties, including all written objections [Bagwell] sent to WCW, Inc. regarding any royalty statement [Bagwell] received from WCW, Inc.

**RESPONSE:**

      Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 15

All documents reflecting and/or relating to communications between [Bagwell] and any Person other than WCW, Inc. regarding payment of royalties from WCW, Inc. to [Bagwell], including all communications regarding any objections to any royalty statement you received from WCW, Inc.

**RESPONSE:**

      <u>Objection</u>. Bagwell objects to this Request insofar as it requests the production of documents relating to privileged communications between Bagwell and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 16

All documents reflecting and/or relating to the payment of royalties from WCWI to [Bagwell], including copies of all royalty statements [Bagwell] received from

WCWI.

**RESPONSE:**

Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 17

All documents reflecting and/or relating to communications between [Bagwell] and WCWI regarding payment of royalties, including all written objections [Bagwell] sent to WWE regarding any royalty statement [Bagwell] received from WCWI.

**RESPONSE:**

Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 18

All documents reflecting and/or relating to communications between [Bagwell] and any Person other than WCWI regarding payment of royalties from WCWI to [Bagwell], including all communications regarding any objections to any royalty statement you received from WCWI.

**RESPONSE:**

Objection. Bagwell objects to this Request insofar as it requests the production of documents relating to privileged communications between Bagwell and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 19

All Facebook, Twitter, or social media posts by [Bagwell] relating to this lawsuit

and/or payment of royalties from WWE, WCWI, and/or WCW, Inc. to [Bagwell].

**RESPONSE:**

After conducting a reasonable, good-faith search, Bagwell states he has found no documents responsive to this Request in his possession, custody or control.


## REQUEST NO. 20

Documents sufficient to show any income or revenue [Bagwell] ha[s] received from WWE.

**RESPONSE:**

Objection.  Bagwell objects to this Request insofar as it seeks information related to "income" or "revenue" not at issue in this lawsuit because it does not limit the income or revenue Bagwell has received from WWE to royalty income.  Therefore, this Request seeks information that is irrelevant and the Request is overbroad and burdensome and not proportional to the issues involved in this case. Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents relating to "income" or "revenue" in the form of payment of royalties in his possession, custody or control. Some documents otherwise responsive to this Request have been withheld on relevance grounds.


## REQUEST NO. 21

Documents sufficient to show any income or revenue [Bagwell] ha[s] received from WCW, Inc.

**RESPONSE:**

Objection.  Bagwell objects to this Request insofar as it seeks information related to "income" or "revenue" not at issue in this lawsuit because it does not limit the income or revenue Bagwell has received from WCW, Inc. to royalty income. Therefore, this Request seeks information that is irrelevant and the Request is overbroad and burdensome and not proportional to the issues involved in this case. Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents relating to "income" or

"revenue" in the form of payment of royalties in his possession, custody or control. Some documents otherwise responsive to this Request have been withheld on relevance grounds.

**REQUEST NO. 22**

Documents sufficient to show any income or revenue [Bagwell] ha[s] received from WCWI.

**RESPONSE:**

Objection.   Bagwell objects to this Request insofar as it seeks information related to "income" or "revenue" not at issue in this lawsuit because it does not limit the income or revenue Bagwell has received from WCWI to royalty income. Therefore, this Request seeks information that is irrelevant and the Request is overbroad and burdensome and not proportional to the issues involved in this case. Notwithstanding and without waiving the foregoing Objection, but expressly subject to it, Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents relating to "income" or "revenue" in the form of payment of royalties in his possession, custody or control. Some documents responsive to this Request have been withheld on relevance grounds.

**REQUEST NO. 23**

All documents that relate to, and/or upon which [Bagwell] based the allegation in, Paragraph 174 of the SAC that "WWE has repeatedly misrepresented to" [Bagwell] the royalty amounts purportedly owed to [Bagwell].

**RESPONSE:**

After conducting a reasonable, good-faith search, Bagwell states he has found no documents responsive to this Request in his possession, custody or control.

**REQUEST NO. 24**

All documents that relate to and/or upon which [Bagwell] base[s] [his] contention in Paragraph 177 of the SAC that "WWE obtained substantial benefit as a direct result of its invasion of the privacy of Plaintiffs and members of Class."

**RESPONSE:**

 After conducting a reasonable, good-faith search, Bagwell states he has found no documents responsive to this Request in his possession, custody or control.

## REQUEST NO. 25

All documents that relate to and/or upon which [Bagwell] base[s] [his] contention that streaming video on the WWE Network is "other technology and/or technology not yet created" under [Bagwell's] 2001 Booking Contract.

**RESPONSE:**

 After conducting a reasonable, good-faith search, Bagwell states he has found no documents responsive to this Request, other than the 2001 Booking Contract itself, in his possession, custody or control.

## REQUEST NO. 26

All documents that relate to and/or upon which [Bagwell] base[s] [his] contention that streaming video on the WWE Network is a sale either by WWE or a licensee that triggers a royalty payment under [Bagwell's] 2001 Booking Contract.

**RESPONSE:**

 After conducting a reasonable, good-faith search, Bagwell states he has found no documents responsive to this Request in his possession, custody or control other than the 2001 Booking Contract itself.

## REQUEST NO. 27

All documents that relate to the WWE Network.

**RESPONSE:**

 Objection.  Bagwell objects to this Request insofar as it seeks documents that are irrelevant to any claim, defense or issue in this case.  Therefore, the Request is overbroad and burdensome and not proportional to the issues involved in this case. Notwithstanding and without waiving the foregoing Objections, but expressly subject to them, Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession,

custody or control relevant to the issue of royalty payments from the WWE Network.

## REQUEST NO. 28

All documents reflecting and/or relating to communications between [Bagwell], on the one hand, and any former performer of WWE, ECW, WCW, Inc. and/or WCWI or his or her representatives, including lawyers, on the other hand, regarding this lawsuit and/or other legal claims against WWE.

**RESPONSE:**

Objection.  Bagwell objects to this Request insofar as it seeks documents that are irrelevant to any claim, defense or issue in this case, and therefore the Request is overbroad and burdensome and not proportional to the issues involved in this case. Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 29

All documents relating to [Bagwell's] request to examine WWE's books and records in or around June 23, 2016, including all communications relating to the decision to request an examination of WWE's books and records.

**RESPONSE:**

Objection.  Bagwell objects to this Request insofar as it seeks the production of documents relating to privileged communications between Bagwell and his attorneys protected by the attorney-client privilege and/or the work product doctrine.  Notwithstanding and without waiving the foregoing objection, but expressly subject to it, Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 30

All documents reflecting and/or relating to communications between [Bagwell] and any lawyer, including Matthew Peterson or Brenden Leydon, soliciting [Bagwell's] participation in this lawsuit and/or any other lawsuit against WWE, including any solicitation letters sent to [Bagwell].

11

**RESPONSE:**

Objection. Bagwell objects to this Request because it requests the production of documents relating to privileged communications between Bagwell and his attorneys protected by the attorney-client privilege and/or the work product doctrine.

## REQUEST NO. 31

All documents reflecting and/or relating to the reasons why Krislov & Associates, Ltd. no longer represents [Bagwell] in this action and/or did not sign the SAC.

**RESPONSE:**

Objection. Bagwell objects to this Request because it requests the production of documents relating to privileged communications between Bagwell and his attorneys protected by the attorney-client privilege and/or the work product doctrine.

## REQUEST NO. 32

All retainer agreements, fee agreements, agreements for legal representation, and other documents in which Tooher Wocl & Leydon, L.L.C., Krislov & Associates, Ltd., Matthew T. Peterson, Brenden P. Leydon or any attorney associated with those law firms or individuals agreed to provide legal representation to [Bagwell], including all documents reflecting or relating to any arrangement or agreement between [Bagwell] and any lawyer regarding the payment of costs and/or fees incurred by [Bagwell] in this lawsuit.

**RESPONSE:**

Objection. Bagwell objects to this Request because it requests the production of documents relating to privileged communications between Bagwell and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Bagwell further objects to this Request because it seeks documents that are irrelevant to any material issue in this case at this time. *See Piazza v. First Am. Title Ins. Co.*, No. 3:06-CV-765 AWT, 2007 WL 4287469, at *1-2 (D. Conn. Dec. 5, 2007) (denying motion to compel production of fee and retainer agreements on ground that requested documents are not relevant to class certification); *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12-CV-9350 (VM)(KNF), 2015 WL 5730101, at *5 (S.D.N.Y. Sept. 10 2015) (denying motion to compel production of litigation funding documents on basis that defendants failed to raise any non-speculative reasons demonstrating why information sought was relevant to claims or defenses); *Newberg on Class Actions* § 22:79 (4th ed. 2005) ("Defendants often

request discovery regarding fee arrangements between the plaintiffs and their counsel, but courts usually find such discovery to be irrelevant to the issue of certification"); Federal Judicial Center, *Manual for Complex Litigation* § 21.141 (4th ed. 2004) ("Precertification inquiries into the named parties' finances or the financial arrangements between the class representatives and their counsel are rarely appropriate, except to obtain information necessary to determine whether the parties and their counsel have the resources to represent the class adequately").

Pursuant to the objections asserted above, Plaintiff is withholding the following retention agreements between Bagwell and his counsel: (1) Krislov & Associates, Ltd. former attorney-client retention agreement; (2) Matthew T. Peterson former attorney-client retention agreement; (3) The Bruno Firm, LLC current attorney-client retention agreement; (4) The Bruno Firm, LLC former consent to affiliate counsel with Tooher Wocl & Leydon, LLC; and (5) The Bruno Firm, LLC current consent to affiliate counsel with Clendenen & Shea, LLC.  Some additional documents responsive to this Request may be withheld on relevance grounds.

## REQUEST NO. 33

Any non-privileged communications or statements by [Bagwell] concerning the subject matter of this lawsuit or the events alleged in the SAC.

## RESPONSE:

Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 34

All documents related to any harm, damages and/or losses that [Bagwell] claim[s] to have suffered by reason of the actions alleged in the SAC.

## RESPONSE:

Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

**REQUEST NO. 35**

All documents reflecting and/or relating to the "formula" that [Bagwell] contend[s] in Paragraph 150 of the SAC can be used to calculate the supposed royalty amount [Bagwell] claim[s] is owed to [him] and other putative class members in this case.

**RESPONSE:**

Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

**REQUEST NO. 36**

All documents identified by [Bagwell] in [his] answer to WWE's First Set of Interrogatories to [Bagwell].

**RESPONSE:**

Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

**REQUEST NO. 37**

All documents reflecting conversations between your lawyer, Matthew Peterson, and any employee of WWE, including Thomas Bergamasco.

**RESPONSE:**

Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

**REQUEST NO. 38**

All documents reflecting communications initiated by [Bagwell] and/or [his] lawyers with current or former performers of WWE, WCWI, or ECW regarding this lawsuit.

**RESPONSE:**

Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 39

All documents that relate to, and/or upon which [Bagwell] base[s], [Bagwell's] contention that a class should be certified in this lawsuit, including all documents [Bagwell] intend[s] to offer in support of class certification in this lawsuit.

**RESPONSE:**

Objection.  Bagwell objects to this Request insofar as it requests the production of documents relating to privileged communications between Bagwell and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Bagwell further objects to this Request insofar as it seeks documents that are protected from discovery pursuant to Fed.R.Civ.P. 26(b)(3).   Notwithstanding and without waiving the foregoing Objections, but expressly subject to them, Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 40

All documents reflecting and/or relating to [Bagwell's] participation in, or [his] seeking to participate in, any other lawsuit, including copies of any testimony or affidavits provided by [Bagwell] in any other lawsuit in which [Bagwell] [was] a class representative, a putative class representative, or otherwise, and copies of any complaints filed by [Bagwell] in any action.

**RESPONSE:**

Objection.  Bagwell objects to this Request insofar as it requests the production of documents relating to privileged communications between Bagwell and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Bagwell further objects to this Request insofar as it seeks documents that are irrelevant to any claim, defense or issue in this case, and therefore the Request is overbroad and burdensome and not proportional to the issues involved in this case. Notwithstanding and without waiving the foregoing Objections, but expressly subject to them, Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession,

15

custody or control for any other class action lawsuit in which Bagwell was or is a class representative or putative class representative.

## REQUEST NO. 41

All documents reflecting and/or relating to any agreements with, or promises, representations, or inducements by any lawyer regarding (a) [Bagwell's] proposed representation of the putative class or (b) any monies [Bagwell] may receive from this lawsuit, [his] lawyers, or as a result of [his] role as a class representative, including any monies or anything of value that [his] lawyers have given, or have proposed giving, to [Bagwell] in exchange for service as a class representative.

**RESPONSE:**

Objection. Bagwell objects to this Request insofar as it requests the production of documents relating to privileged communications between Bagwell and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Bagwell further objects to this Request insofar as it seeks documents that are irrelevant to any claim, defense or issue in this case, and therefore the Request is overbroad and burdensome and not proportional to the issues involved in this case. *See Piazza v. First Am. Title Ins. Co.*, No. 3:06-CV-765 AWT, 2007 WL 4287469, at *1-2 (D. Conn. Dec. 5, 2007) (denying motion to compel production of fee and retainer agreements on ground that requested documents are not relevant to class certification); *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12-CV-9350 (VM)(KNF), 2015 WL 5730101, at *5 (S.D.N.Y. Sept. 10 2015) (denying motion to compel production of litigation funding documents on basis that defendants failed to raise any non-speculative reasons demonstrating why information sought was relevant to claims or defenses); *Newberg on Class Actions* § 22:79 (4th ed. 2005) ("Defendants often request discovery regarding fee arrangements between the plaintiffs and their counsel, but courts usually find such discovery to be irrelevant to the issue of certification"); Federal Judicial Center, *Manual for Complex Litigation* § 21.141 (4th ed. 2004) ("Precertification inquiries into the named parties' finances or the financial arrangements between the class representatives and their counsel are rarely appropriate, except to obtain information necessary to determine whether the parties and their counsel have the resources to represent the class adequately"). Pursuant to the foregoing objections, Bagwell is withholding the following retention agreements between himself and his counsel: (1) Krislov & Associates, Ltd. former attorney-client retention agreement; (2) Matthew T. Peterson former attorney-client retention agreement; and (3) The Bruno Firm, LLC current attorney-client retention agreement.

**REQUEST NO. 42**

All documents sent to [Bagwell] by the attorneys or law firms acting as [his] lawyers in this action (including [Bagwell's] current lawyers and any prior lawyers) before [Bagwell] retained them in this lawsuit.

**RESPONSE:**

Objection.  Bagwell objects to this Request insofar as it requests the production of documents relating to privileged communications between Bagwell and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Bagwell further objects to this Request insofar as it seeks documents that are irrelevant to any claim, defense or issue in this case, and therefore the Request is overbroad and burdensome and not proportional to the issues involved in this case. *See Piazza v. First Am. Title Ins. Co.*, No. 3:06-CV-765 AWT, 2007 WL 4287469, at *1-2 (D. Conn. Dec. 5, 2007) (denying motion to compel production of fee and retainer agreements on ground that requested documents are not relevant to class certification); *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12-CV-9350 (VM)(KNF), 2015 WL 5730101, at *5 (S.D.N.Y. Sept. 10 2015) (denying motion to compel production of litigation funding documents on basis that defendants failed to raise any non-speculative reasons demonstrating why information sought was relevant to claims or defenses) *Newberg on Class Actions* § 22:79 (4th ed. 2005) ("Defendants often request discovery regarding fee arrangements between the plaintiffs and their counsel, but courts usually find such discovery to be irrelevant to the issue of certification"); Federal Judicial Center, *Manual for Complex Litigation* § 21.141 (4th ed. 2004) ("Precertification inquiries into the named parties' finances or the financial arrangements between the class representatives and their counsel are rarely appropriate, except to obtain information necessary to determine whether the parties and their counsel have the resources to represent the class adequately").

**REQUEST NO. 43**

All documents reflecting [Bagwell's] current monthly personal income from any sources, [his] assets, or any other documents evidencing [his] ability to pay the costs of this lawsuit or to reimburse [his] lawyers for the costs of this lawsuit if so ordered.

**RESPONSE:**

Objection.  Bagwell objects to this Request insofar as it requests the production of documents relating to privileged communications between Bagwell and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Bagwell further objects to this Request insofar as it seeks documents that are

17

irrelevant to any claim, defense or issue in this case, and therefore the Request is overbroad and burdensome and not proportional to the issues involved in this case. *See Piazza v. First Am. Title Ins. Co.*, No. 3:06-CV-765 AWT, 2007 WL 4287469, at *1-2 (D. Conn. Dec. 5, 2007) (denying motion to compel production of fee and retainer agreements on ground that requested documents are not relevant to class certification); *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12-CV-9350 (VM)(KNF), 2015 WL 5730101, at *5 (S.D.N.Y. Sept. 10 2015) (denying motion to compel production of litigation funding documents on basis that defendants failed to raise any non-speculative reasons demonstrating why information sought was relevant to claims or defenses); *Newberg on Class Actions* § 22:79 (4th ed. 2005) ("Defendants often request discovery regarding fee arrangements between the plaintiffs and their counsel, but courts usually find such discovery to be irrelevant to the issue of certification"); Federal Judicial Center, *Manual for Complex Litigation* § 21.141 (4th ed. 2004) ("Precertification inquiries into the named parties' finances or the financial arrangements between the class representatives and their counsel are rarely appropriate, except to obtain information necessary to determine whether the parties and their counsel have the resources to represent the class adequately").  Some documents responsive to this Request have been withheld on relevance grounds.


## REQUEST NO. 44

Any responses [Bagwell] or [his] lawyers have received to any inquiries, questionnaires, or solicitations made by [Bagwell's] lawyers, in any manner, or distributed in any fashion, including on any website, regarding any of the allegations in the SAC.

**RESPONSE:**

Objection.  Bagwell objects to this Request insofar as it requests the production of documents relating to privileged communications between Bagwell and his attorneys protected by the attorney-client privilege and/or the work product doctrine. Bagwell further objects to this Request insofar as it seeks documents that are irrelevant to any claim, defense or issue in this case, and therefore the Request is overbroad and burdensome and not proportional to the issues involved in this case.


## REQUEST NO. 45

All documents reflecting and/or relating to any personal bankruptcy [Bagwell] filed, including the date upon which [Bagwell] declared bankruptcy, the court in which [his] bankruptcy was filed, and the docket number for the filing.

**RESPONSE:**

Objection.  Bagwell objects to this Request insofar as it seeks documents relating to any personal bankruptcy Bagwell may have ever filed that are irrelevant to any claim, defense or issue in this case.  Therefore, the Request is overbroad and burdensome and not proportional to the issues involved in this case.  Bagwell states that some documents that may otherwise be responsive to this Request have been withheld on relevance grounds.

## REQUEST NO. 46

All documents reflecting and/or relating to any effort, act, or step by [Bagwell] to mitigate, in whole or in part, the damages that [Bagwell] allege[s] [he] ha[s] suffered as a result of the acts or omissions complained of in the SAC.

**RESPONSE:**

Bagwell will produce at a time and place mutually agreed to by the parties any relevant, non-privileged, responsive documents in his possession, custody or control.

## REQUEST NO. 47

All reports, including any exhibits thereto, prepared by, correspondence with, and other documents sent to or received from any expert witness who has been retained or specifically employed by [Bagwell] and who is expected to testify at any class certification hearing in this lawsuit or at the trial of any claim [Bagwell] make[s] in this lawsuit.

**RESPONSE:**

Objection.  This Request is premature insofar as it seeks documents that will in the future be received from or prepared by Bagwell's expert witnesses. Bagwell further objects to this Request insofar as it seeks documents that are protected from disclosure in discovery pursuant to the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.  Notwithstanding and without waiving the foregoing Objections, but expressly subject to them, Bagwell states that he will adhere to the Court's scheduling Orders, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence regarding the disclosure of expert witness reports, testimony and other evidence.

Respectfully submitted,

/s/ *Eric H. Zagrans*

Klint L. Bruno (admitted *pro hac vice*)
kb@brunolawus.com (e-mail)
Eric H. Zagrans (admitted *pro hac vice*)
ez@brunolawus.com (e-mail)
Michael L. Silverman (admitted *pro hac vice*)
msilverman@brunolawus.com (e-mail)
Matthew T. Peterson (admitted *pro hac vice*)
mp@brunolawus.com (e-mail)
THE BRUNO FIRM, LLC
500 North Michigan Avenue, Suite 600
Chicago, Illinois 60611
312.321.6481  (telephone)

and

William H. Clendenen, Jr.
office@clenlaw.com (e-mail)
Maura Mastrony
mam@clenlaw.com (e-mail)
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, Connecticut 06511
203.787.1183  (telephone)

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Supplemental Responses to Defendant's First Requests for the Production of Documents was served by electronic mail this 7th day of August, 2017, on the following counsel of record for Defendant:

Jerry S. McDevitt (jerry.mcdevitt@klgates.com)
Curtis B. Krasik (curtis.krasik@klgates.com)
K&L GATES, LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613

R. Bruce Allensworth (bruce.allensworth@klgates.com)
Ryan M. Tosi (ryan.tosi@klgates.com)
K&L GATES, LLP - MA
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950

Jeffrey P. Mueller (jpmueller@daypitney.com)
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212

Jonathan B. Tropp (jbtropp@daypitney.com)
DAY PITNEY LLP
One Canterbury Green
201 Broad Street
Stamford, Connecticut 06901

/s/ *Eric H. Zagrans*
Eric H. Zagrans