UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Marcus Bagwell and Scott Levy, individually and on behalf of all others similarly situated, | : : : : |
| Plaintiffs, | Civil Action No. 3:16-cv-01350-JCH : : |
| vs. | : : |
| World Wrestling Entertainment, Inc., | : November 9, 2017 : |
| Defendant. | : : |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
TO COMPEL REDACTED INFORMATION FROM PHONE RECORDS**

# INTRODUCTION

Plaintiffs Marcus Bagwell and Scott Levy ("Plaintiffs") respectfully submit this response in opposition to the motion of Defendant World Wrestling Entertainment, Inc. ("WWE") to compel the production of redacted information contained in Plaintiffs' personal phone records. WWE has not articulated a sufficient basis or justification to demonstrate why the requested redacted information—the duration of calls with counsel and the charges incurred for those calls—is relevant to any issue, claim or defense in this case. WWE's failure to provide any reason for the requested information is telling: the duration of calls with counsel and the charges for those calls have no bearing on Plaintiffs' claims, WWE's counterclaims, or the purported reason for the motion to compel – *i.e.*, the veracity of Plaintiffs' interrogatory responses.

First, WWE omits to inform the Court that the discovery requests at issue sought "the dates of all calls" and documents "reflecting communications" between Plaintiffs and their counsel. In response to WWE's document requests, Plaintiffs produced redacted versions of their personal phone records which reflected detailed call information, including the phone numbers involved, the date and time of calls, and whether the calls were incoming or outgoing. Plaintiffs appropriately tailored the fields produced to the information WWE sought in its document requests.

Second, WWE repeatedly claims that the redacted information is "plainly relevant" to establishing whether Plaintiffs were solicited to participate in this action and the truthfulness of Bagwell's discovery responses. However, WWE fails to articulate *any* basis or reason why such information is relevant or any legal

authority supporting its position. Neither the duration of Plaintiffs' calls with counsel nor the charges associated with those calls has any relevance to solicitation or are necessary to evaluate the veracity of Bagwell's interrogatory responses.

For these reasons, the Court should deny WWE's motion to compel.

## ARGUMENT

Federal Rule of Civil Procedure 26(b)(1) states "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1). There are limits, however, on what information a party is entitled to obtain: "[t]he scope of discovery is not without bounds[.]" *Vertrue Inc. v. Meshkin*, No. 3:05-cv-1809 (PCD), 2006 WL 8091500, at *1 (D. Conn. Aug. 4, 2006). A party seeking discovery has the initial burden of making "some threshold showing of relevance" before parties are required to produce information which does not reasonably bear upon the issues in the case. *Id.* (citation omitted).

I.  **Plaintiffs' Redacted Phone Records Sufficiently Provide the Information Sought in WWE's Document Requests.**

WWE's third request for production of documents contains several requests seeking information "reflecting the dates of all calls," "reflecting communications," or "sufficient to show the date of the initial communication" between Plaintiffs and their counsel. (*See* Dkt. No. 144-7, Ex. F, Request Nos. 1-4, 6-8.) After meeting and conferring with counsel for WWE, Plaintiffs' counsel agreed to collect and review several months of Plaintiffs' personal phone records to identify conversations with counsel. WWE misrepresents that "the phone records produced by Plaintiffs were redacted to show only the date that calls were placed." (Def. Mot. at 3.) Instead,

2

Plaintiffs produced redacted versions of several months of their phone records which reflected the following information: (i) Plaintiffs' phone numbers; (ii) the caller or recipient's phone number; (iii) the date and time of the calls; (iv) the origin and destination of the calls; and (v) whether the calls were incoming or outgoing. (Dkt. No. 144-8, Ex. G, filed under seal.) Based in principal part on the scope of the applicable document requests, Plaintiffs redacted other irrelevant informational fields, including the duration of the calls and the charges assessed.

The documents and information Plaintiffs produced are completely responsive to WWE's document requests. They fairly and adequately provide the information sought in WWE's document requests. *See Spano v. Boeing Co.*, No. 3:06-cv-00743 (DRH)(DGW), 2008 WL 1774460, at *2 (S.D. Ill. Apr. 16, 2008) (rejecting argument that "redaction is an improper method of challenging the relevance of a document"); *Schiller v. City of New York*, Nos. 04-cv-7922 (KMK)(JCF), 2006 WL 3592547, at *7 (S.D.N.Y. Dec. 7, 2006) (upholding redaction of portions of meeting minutes that were irrelevant to issues presented in case).

## II.  WWE Has Failed to Articulate Any Legitimate Basis Demonstrating How the Requested Redacted Information is Relevant.

WWE contends that the redacted information in Plaintiffs' personal phone records is "plainly relevant" to the issues of solicitation and the veracity of Bagwell's interrogatory responses (Def. Mot. at 4), but fails to articulate how they are relevant or provide any legal authority for its position. Courts within the Second Circuit have found that redactions are proper where the information redacted was not relevant to the issues in the action. *See, e.g., Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03-cv-5560 (RMB)(HBP), 2007 WL 473726, at *3

3

(S.D.N.Y. Feb. 14, 2007) (holding that "[b]ecause defendants have not established that the redacted portions of document [ ] is responsive to their discovery requests," motion to compel production of un-redacted version was properly denied); *Schiller*, 2006 WL 3592547, at *7 (upholding redaction of portions of meeting minutes which were irrelevant to any claim or defense in the case).

The same is true here. WWE maintains that the redacted information should be produced by erroneously arguing that redacting irrelevant information is inappropriate and that the information sought is not privileged. (Def. Mot. at 4-5.) WWE never explains how the information sought is relevant to the issues presented. It cites not a single case or other authority holding that the duration of calls with counsel, and the charges incurred for those calls, are relevant to establish whether Plaintiffs were solicited to participate in this lawsuit or whether Bagwell's interrogatory responses are truthful. WWE's representation that "it has a good-faith basis [to assert] that the redacted information" will somehow help establish the truthfulness of Bagwell's interrogatory responses (*id.* at 5) is not enough. If that were the case, every party having an undisclosed, good-faith basis would be entitled to an unlimited amount of discovery. Without a rational relevance to any matter at issue in this case, WWE is not entitled to the additional information it seeks to discover.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny WWE's motion to compel in its entirety.

Respectfully submitted,

*/s/ Michael Silverman*
Michael Silverman (Fed. Bar No. phv09160)
*msilverman@brunolawus.com*
Klint L. Bruno
*kb@brunolawus.com*
Eric H. Zagrans
*ez@brunolawus.com*
Matthew Peterson
*mp@brunolawus.com*
**THE BRUNO FIRM, LLC**
500 North Michigan Avenue
Suite 600
Chicago, Illinois 60611
Phone: 312.321.6481

William H. Clendenen, Jr.
*whcj@clenlaw.com*
Maura Mastrony
*mam@clenlaw.com*
**CLENDENEN & SHEA, LLC**
400 Orange Street
New Haven, Connecticut 06511
Phone: 203.787.1183

***Attorneys for Plaintiffs and the Class***

5

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing Plaintiffs' Response in Opposition to Defendant World Wrestling Entertainment, Inc.'s Motion to Compel Redacted Information from Phone Records was filed this 9th day of November 2017 via the electronic filing system of the District of Connecticut, which will automatically serve all counsel of record.

/s/
CLENDENEN & SHEA, LLC