**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| Marcus Bagwell and Scott Levy, individually and on behalf of all others similarly situated, | : : : : | Civil Action No. 3:16-cv-01350-JCH |
| Plaintiffs, | : : | |
| vs. | : : | December 29, 2017 |
| World Wrestling Entertainment, Inc., | : : | |
| Defendant. | : | |

**PLAINTIFFS' OBJECTION TO**
**DEFENDANT'S VERIFIED BILL OF COSTS**

Pursuant to District of Connecticut Local Rule of Civil Procedure 54(b), Plaintiffs Marcus Bagwell and Scott Levy ("Plaintiffs") respectfully submit this Objection to Defendant World Wrestling Entertainment, Inc.'s ("WWE") Verified Bill of Costs.

**INTRODUCTION**

WWE is not a "prevailing party" under Federal Rule of Civil Procedure 54(d). United States Supreme Court precedence makes clear that a party is considered a "prevailing party" only if there was a "judicially sanctioned" change in the legal relationship of the parties that bears the "necessary judicial

imprimatur." Without a court order, this matter concluded when the parties submitted a joint stipulation of dismissal under Rule 41(a)(1)(A)(ii), which immediately became effective and dismissed all claims upon filing. Because neither a court order nor judicial oversight was required to effectuate the parties' joint stipulation of dismissal, no judicially sanctioned change of relationship occurred. The Court's subsequent Order entering the stipulation was merely administrative in nature. Accordingly, WWE is not a prevailing party under Rule 54(d), and the Clerk should deny its request for costs.

Alternatively, even if the Clerk were to find that WWE is the prevailing party under Rule 54(d), certain costs WWE seeks to recover should not be allowed. First, WWE's Bill of Costs does not provide sufficient justification explaining why the video recordings of Plaintiffs' depositions were necessarily obtained for use in the case. WWE already has access to and seeks to be reimbursed for the cost of written deposition transcripts. Simply obtaining the video recordings so that the Court and jury may have access to Plaintiffs' facial expressions and gestures is insufficient to satisfy the burden of showing that the expenses were necessarily obtained for use in the case.

WWE also fails to explain why it was necessary to obtain transcripts of

five court hearings. WWE claims that these transcripts were used in connection with discovery motions and preparing joint status reports, but that is not enough to be recoverable. The Court entered detailed Orders and docket entries after each hearing, which provided all of the pertinent information. WWE also had several attorneys attend each court hearing who presumably took notes reflecting the important issues raised by the parties and the Court. The court hearing transcripts were obtained for the convenience of counsel, but were not necessary as required by Local Rule 54 or 28 U.S.C. § 1920.

For these reasons, the Court should deny WWE's Bill of Costs in its entirety, or alternatively, deny its request to recover the costs of video recordings of Plaintiffs' depositions and transcripts of court hearings.

## **BACKGROUND**

In August 2016, Bagwell filed a class action complaint against WWE asserting various claims for the failure to pay royalties for revenue derived from the WWE Network. (Dkt. No. 1.) In November 2016, Plaintiffs filed an amended complaint adding Levy as a class representative. (Dkt. No. 35.) WWE moved to dismiss Plaintiffs' amended complaint (Dkt. No. 45), and in May 2017, the Court granted that motion in part and denied in substantial part (Dkt. No. 48).

Plaintiffs filed their second amended complaint shortly after the Court's ruling on WWE's motion to dismiss (Dkt. No. 51) and a third amended complaint in June 2017 (Dkt. No. 65). Pursuant to the third amended complaint, Bagwell sought to represent a class of wrestlers who had entered into contracts with WCW, Inc. while Levy sought to represent a class of wrestlers who had entered into contracts with Titan Sports, Inc. or WWE. (Dkt. No. 65 at 31.) Plaintiffs' counsel determined that Plaintiff Bagwell's WCW, Inc. subclass was not viable under Rule 23 based on the information obtained during discovery. In September 2017, Plaintiffs filed a notice withdrawing class claims on behalf of Bagwell. (Dkt. No. 117.)

After WWE's deposition of Levy, WWE filed an amended answer and affirmative defenses that asserted a new counterclaim against Levy for breach of a non-disparagement provision contained in his early contract release from WWE. (Dkt. No. 135.) WWE's counterclaim alleged Levy made disparaging statements regarding Vince McMahon, the CEO and Chairman of WWE, and WWE sought compensatory damages, declaratory relief, and costs. (*Id.* at 31, 36.) Levy decided not to continue as a class representative. Simultaneously, the

parties began negotiating a stipulation of dismissal of Bagwell's individual claims and a global resolution of the entire proceeding.

On December 7, the parties filed a joint stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Dkt. No. 164.) The parties' joint stipulation provided Plaintiffs' claims would be dismissed with prejudice and WWE's counterclaim against Levy would be dismissed without prejudice. (*Id.*) Notably, the dismissal of WWE's counterclaim without prejudice was subject to an express condition: WWE is able to assert such counterclaim *only if* Levy ever brings a claim against WWE in the future that alleges a breach of contract. (*Id.*) The next day, this Court entered an Order confirming the parties' joint stipulation of dismissal. (Dkt. No. 165).

## **ARGUMENT**

This action ended with the parties filing a stipulation of dismissal. Federal Rule of Civil Procedure 54(d) states "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorneys' fees – should be allowed to the prevailing party." FED. R. CIV. P. 54(b). A party is considered a "prevailing party" if there was a "judicially sanctioned" change in the legal relationship of the parties that bears the "necessary judicial

imprimatur." *Buckhannon Board & Care Home v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). The Federal Rules permit a stipulation of dismissal "[w]ithout Court Order," and no judicially sanctioned change of relationship occurred. WWE is not a prevailing party under Rule 54(d). Further, WWE's Bill of Costs also fails to demonstrate the necessity of the items for which it seeks reimbursement and how those things were not merely obtained for the convenience of counsel. WWE's request for costs should be denied.

## I.     WWE is not a Prevailing Party Under Rule 54(d).

WWE is not a prevailing party under Federal Rule of Civil Procedure 54(d) because Plaintiffs' voluntary dismissal does not carry the necessary "judicial imprimatur" or "judicially sanctioned" relief. To be considered a prevailing party, there must be a "***court-ordered*** . . . material alteration of the legal relationship of the parties," and that alteration must be "judicially sanctioned"; in other words, a prevailing party is one who "receive[s] at least some relief on the merits of his claim" or a "judicial *imprimatur* on the change." *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. at 604-05 (emphasis added). A prevailing party is "one who

has favorably effected a material alteration of the legal relationship of the parties by court order." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir. 2009) (internal quotation marks and citations omitted).[1]

Federal Rule of Civil Procedure 41(a)(1) provides two methods to voluntarily dismiss an action "without a court order": (i) by submitting a notice of voluntary dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) by filing a stipulation of dismissal signed by the parties. FED. R. CIV. P. 41(a)(1)(A)(i) and (ii). A Rule 41(a)(1) stipulation of dismissal is effective immediately upon filing, and no subsequent court order is required. *Hester Indus., Inc. v. Tyson Foods, Inc.*, 160 F.3d 911, 916 (2d Cir. 1998); *see also* 9 Wright & Miller, *Federal Practice & Procedure* § 2363 (3d ed. 2008). Because a Rule 41(a)(1) dismissal does not involve court action nor requires a court order to become effective, a defendant who obtains relief through such a dismissal—whether with or without prejudice—is not a prevailing party. *Smalley v. Account Servs. Collections, Inc.*, No. 15-cv-1488, 2017 WL 1092678, at *2 (W.D. Pa. Mar. 23 2017).

---

[1] *Buckhannon* interpreted the fee-shifting provisions of the Americans with Disabilities Act, but the Second Circuit recognizes *Buckhannon's* "prevailing party" standard to determine whether costs are appropriate under Rule 54(d). *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006).

Once the parties' stipulation was filed, the case immediately came to an end. *See Reagan v. Fox Navigation, LLC*, 302-cv-627-CFD, 2005 WL 2001177, at *1-2 (D. Conn. Aug. 17, 2005). "The change in the parties' relationship was voluntary and occurred before the dismissal order was entered." *Gibson v. Walgreen Co.*, No. 07-cv-1053-Orl-29KRS, 2008 WL 2607775, at *3 (M.D. Fla. July 1, 2008). The "so-ordered" stamp on a stipulation of voluntary dismissal does not carry a "sufficient judicial imprimatur" to warrant prevailing party status because it does not result in the court's alteration of the legal relationship of the parties. *Torres v. Walker*, 356 F.3d 238, 244 (2d Cir. 2003); *Choudhary v. Barnhart*, No. 04-cv-0142 (RJH/AJP), 2005 WL 2592048, at *2 (S.D.N.Y. Oct. 11, 2005).[2] A court's order entering a stipulation of dismissal is "administrative in nature," (*Smalley*, 2017 WL 1092678, at *3), is "of no

---

[2] *See also Hopkins Mfg. Corp. v. Cequent Performance Prod., Inc.*, No. 14-2208-JAR, 2016 WL 7188281, at *7 (D. Kan. Dec. 12, 2016) ("dismissal under Rule 41(a)(1)(A)(ii) [is] insufficient to confer prevailing party status under the Supreme Court's standards announced in *Buckhannon*"); *Malibu Media LLC, v. Baizid*, 152 F. Supp. 3d 496, 502 (E.D. Va. 2015) ("Because a stipulation of dismissal does not result in judgment or judicially sanctioned relief, on which *Buckhannon* premises prevailing party status, it follows that a defendant dismissed pursuant to a stipulation of dismissal is not a prevailing party."); *F4W v. Tracstar Sys., Inc.*, No. 12-cv-1539-Orl-28KRS, 2015 WL 12838856, at *4 (M.D. Fla. Apr. 3, 2015) (where parties dismissed claims by stipulation with prejudice under Rule 41(a)(1)(A)(ii) and "no Court approval was needed or given," court held there was no court-ordered alteration in the legal relationship in the parties to confer prevailing party status and denied request for fees), *adopted* 2015 WL 12840464 (M.D. Fla. June 18, 2015).

consequence, superfluous, and do[es] not constitute a judgment by the district court," (*Manhattan Constr. Co. v. Phillips*, No. 09-cv-1917-WSD, 2012 WL 13001901, at *3 (N.D. Ga. Dec. 12, 2012)), and does not carry a sufficient imprimatur to confer prevailing party status. *Hugee v. Kismo Apartments, LLC*, 852 F. Supp. 2d 281, 293 (S.D.N.Y. 2012).

WWE ignores the overwhelming weight of authority denying costs in cases dismissed pursuant to Rule 41(a)(1)(A)(ii)[3] and invites the Court to instead apply the standard for cases dismissed under Rule 41(a)(2). WWE incorrectly relies on cases that involved voluntary dismissals by court order under Rule 41(a)(2), not Rule 41(a)(1). *See, e.g.*, Bill of Costs, Dkt. No. 167 at 7 (citing *Commercial Recovery Corp. v. Bilateral Credit Corp., LLC*, No. 12-cv-5287(CM), 2013 WL 8350184, at *5 (S.D.N.Y. Dec. 19, 2013) (dismissal with prejudice under Rule 41(a)(2)); *Sunrise v. GTE Serv. Corp.*, 202 F.R.D. 79, 80-81

---

[3] *But see BWP Media USA v. Gossip Cop Media, LLC*, No. 13-cv-7574 (KPF), 2015 WL 321877, at *4 (S.D.N.Y. Jan. 26, 2015) (concluding that court's subsequent order implementing stipulation "effected a material change in the legal relationship" of the parties). Another federal court, however, has criticized the *BWP Media* decision as "unpersuasive" and in the minority. *See Malibu Media*, 152 F. Supp. 3d at 501 (observing that while "*BWP Media* concludes that a judicial order on a stipulated dismissal constitutes judicial relief[,]" the "significant weight of authority holds than order on a stipulation of dismissal has no independent legal effect because Rule 41(a)(1)(A) operates without a court order") (internal quotations marks omitted).

(D. Conn. 2008) (dismissal with prejudice under Rule 41(a)(2)). "Rule 41(a)(2) operates in a way that is significantly different from Rule 41(a)(1)(ii)," and "the court plays a significant role in resolving a case that is dismissed under Rule 41(a)(2)." *Bryant v. MV. Transp.*, 231 F.R.D. 480, 482 (E.D. Va. 2005) (citations omitted). A dismissal under Rule 41(a)(2) is not valid absent a court order. *See* FED. R. CIV. P. 41(a)(2). Consequently, the cases cited above by WWE for the proposition that a Rule 41(a) voluntary dismissal with prejudice satisfies the prevailing party standard are inapposite.

This action ended immediately when the parties' filed a joint stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii) – i.e., it ended without a court order. (Dkt. No. 164.) The joint stipulation of dismissal was self-executing and did not require the Court's approval or any other judicial action, and the Court's Order entering the parties' stipulation (Dkt. No. 165) did not alter the legal relationship of the parties. The change in the parties' status was completely voluntary and occurred before the Court entered the dismissal order. The relief obtained by WWE in the dismissal did not result from "court ordered" action. Therefore, WWE has failed to establish that it was the prevailing party, and its request for costs should be denied.

**II.      Even if WWE is Considered to be a Prevailing Party Under Rule 54(d), it is not Entitled to Some of the Taxable Costs Requested.**

District of Connecticut Local Rule of Civil Procedure 54(c)2 provides for reimbursement of the cost of an original and one copy of any deposition transcript (including electronic text, audio, or audiovisual transcript) or pre-trial proceeding transcript "if they are necessarily obtained for the preparation of the case and not for the convenience of counsel." D. CONN. L. CIV. R. 54(c)2(ii); *see also* 28 U.S.C. § 1920(2). Whether transcripts were "necessarily obtained" for use in a case is a matter within the discretion of the district court. *Oscar Gruss and Son v. Lumbermens Mut. Cas. Co.*, 422. F.2d 1278, 1285 (2d Cir. 1970) (citation omitted).

**A.      WWE has not Sufficiently Demonstrated that Video Recordings of Depositions Were Necessarily Obtained for Use in this Case.**

WWE seeks to recover the costs of written deposition transcripts and the costs of video recordings of Plaintiffs' depositions. (Bill of Costs at 8-9.) A party seeking costs for the expenses of both video and printed transcripts of a deposition must show those costs were reasonably necessary to the preparation of case to be recoverable. *Christie v. Gen. Elec. Capital Servs., Inc.*, No. 05-cv-0379 (TLM), 2010 WL 3081500, at *1 (D. Conn. Aug. 5, 2010). The

sole rationale WWE provides as the basis for requesting costs for the video transcripts – to use in Court filings or for impeachment purposes as to allow the Court and jury to view Plaintiffs' "demeanor, facial expressions, and gestures" – has been rejected by other federal courts as insufficient to recover the cost of video recordings. *Halasa v. ITT Educ. Servs., Inc.*, No. 10-cv-437-WTL-MJD, 2012 WL 639520, at *3 (S.D. Ind. Feb. 27, 2012); *Loomis v. Exelon Corp.*, No. 06-cv-4900, 2010 WL 1005037, at *2 (N.D. Ill. Mar. 11, 2010).[4]

Therefore, even if WWE is deemed to be the prevailing party, it should not be permitted to recover the costs associated with the videotapes of Plaintiffs' depositions because it has failed to meet its burden. WWE failed to offer any sufficient reason why the video recordings were necessary *in this case*, and it has not shown any risk that either Plaintiff would be unavailable to testify at trial so that the videotaped recordings would be necessary. WWE has already requested reimbursement for the costs of an original and copy of the written deposition transcripts. (Bill of Costs at 7-9.) The written deposition transcripts would be more than sufficient to use in submissions to the Court

---

[4] *See also, McCoy v. Ltd. Driving Sch.*, No. 15-cv-00639 (MCA/LAM), 2017 WL 3610552, at *6 (D.N.M. Feb. 21, 2017); *Citigroup Global Mkts., Inc. v. Abbar*, 63 F. Supp. 3d 360, 362 (S.D.N.Y. 2014) (affirming disallowance of costs of video copies of deposition testimony as duplicative); *Christie*, 2010 WL 3081500, at *1-2.

and/or as potential impeachment material at trial. (*Id.* at 8.) Allowing WWE to recover the costs for video recordings as well as the paper transcripts would be duplicative.

### B. WWE has not Sufficiently Demonstrated that Transcripts of Court Hearings Were Necessarily Obtained for Use in the Case.

WWE contends that transcripts of five court hearings were necessarily obtained for the case because they "inform[ed] WWE's positions on discovery and the preparation of various joint status reports and discovery motions." (*Id.* at 10.) Local Rule 54(c)2(i) states that "[t]he cost of the original and one copy of . . . transcripts of pre-trial proceedings . . . [is] taxable if authorized in advance by the Court or if necessarily obtained for use in the case." D. CONN. L. CIV. R. 54(c)2(i).  WWE provides no explanation as to why the Court's detailed Orders and associated docket entries along with counsel's notes were insufficient to provide the required information. Where a party seeking costs neglects to provide sufficient reasoning demonstrating why transcripts of court hearings were necessarily obtained for use in the case, courts have denied requests to recover those costs. *See Advanced Video Techs., LLC v. HTC Corp.*, No. 11-cv-6604 (CM)(RLE), 2016 WL 1253899, at *3 (S.D.N.Y. Feb. 23, 2016) (denial of

request for transcript costs where party failed to identify any portion of transcript that was used).

The chart below shows that for each court hearing in which WWE ordered a transcript at significant cost, the Court entered Orders and docket entries that provided detailed information regarding the matters addressed, briefing schedules, or case deadlines.

| Date of Hearing | Associated Docket Entry or Court Order |
|---|---|
| November 4, 2016 | Dkt. No. 37: granting motion to amend and setting briefing schedule on motion to dismiss |
| July 27, 2017 | Dkt. No. 84: six-page Memorandum of Conference and Scheduling Order extensively addressing discovery issues and setting case deadlines |
| August 11, 2017 | Dkt. No. 96: Order summarizing status conference in detail and setting deadline to submit joint status report on discovery issues<br>Dkt. No. 97: Order setting deadlines to file motion to compel and submit joint status report |
| August 30, 2017 | Dkt. No. 110: Memorandum of Conference summarizing status conference in detail and ordering the filing of status report on transfer of Plaintiffs' client files from local counsel |
| October 6, 2017 | Dkt. No. 119: Order setting briefing schedule on motion to compel |

In addition to the Court's Orders and docket entries, WWE had several attorneys attend each court hearing. (*See, e.g.*, Dkt. No. 110 (August 30, 2017

memorandum of status conference reflecting attendance by three WWE lawyers from two different law firms).) Certainly, counsel for WWE took copious notes memorializing the important highlights of each court hearing. The Court's detailed Orders and docket entries, along with counsel's notes, were more than adequate to "inform" the parties' positions on discovery-related issues. Consequently, WWE has not satisfied its burden of showing that the court hearing transcripts were necessarily obtained, and thus, should not be permitted to recover those costs.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny WWE's Verified Bill of Costs in its entirety. Alternatively, in the event the Court finds that WWE is a prevailing party, WWE should not be permitted to recover the costs of video recordings of Plaintiffs' depositions or transcripts of court hearings because it has not sufficiently shown that these materials were necessarily obtained for use in the case as required by Local Rule 54(c)2 and 28 U.S.C. § 1920(2).

15

Dated:  December 29, 2017          Respectfully submitted,


                                   */s/ William H. Clendenen Jr.*
                                   William H. Clendenen, Jr.
                                   *whcj@clenlaw.com*
                                   **CLENDENEN & SHEA, LLC**
                                   400 Orange Street
                                   New Haven, Connecticut 06511
                                   Phone: 203.787.1183
                                   Fed. Bar. No. ct04261

                                   Michael Silverman
                                   *msilverman@brunolawus.com*
                                   Fed. Bar No. phv09160
                                   Klint L. Bruno
                                   *kb@brunolawus.com*
                                   Eric H. Zagrans
                                   *ez@brunolawus.com*
                                   **THE BRUNO FIRM, LLC**
                                   500 North Michigan Avenue
                                   Suite 600
                                   Chicago, Illinois 60611
                                   Phone: 312.321.6481


                                   ***Attorneys for Plaintiffs and the Class***

## CERTIFICATE OF SERVICE

This is to certify that on this 29th day of December, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


_/s/ William H. Clendenen, Jr._____
CLENDENEN & SHEA, LLC