# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARCUS BAGWELL and SCOTT LEVY, individually and on behalf of all others similarly situated,<br>　　　　Plaintiffs,<br><br>vs.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br>　　　　Defendant. | : NO.  3:16-CV-01350-JCH<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: JANUARY 2, 2018 |

### REPLY MEMORANDUM IN SUPPORT OF BILL OF COSTS

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits this reply memorandum in support of its bill of costs (Doc. No. 167).

Plaintiffs erroneously argue that WWE is not a prevailing party entitled to recover its costs under Rule 54(d) because the stipulation of dismissal filed by the parties did not constitute a judicially-sanctioned change in their legal relationship. (*See* Doc. No. 168 at 1-2, 5-10.) Plaintiffs ignore controlling Second Circuit law holding that a plaintiff's voluntary dismissal of an action with prejudice constitutes a final adjudication on the merits and makes the defendant a prevailing party for purposes of an award of costs under Rule 54(d).

"In *Buckhannon,* the Supreme Court held that to 'prevail[]' for purposes of attorney's fees, a party (the plaintiff in that case) must have gained through the litigation a 'material alteration of the legal relationship of the parties.'" *Carter v. Inc. Vill of Ocean Beach*, 759 F.3d 159, 165 (2d Cir. 2014) (quoting *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)). In *Buckhannon*, the Supreme Court held that "enforceable judgments on the merits" create the "material alteration of the legal relationship of the parties" necessary to permit an award of attorney's fees or costs. *Buckhannon*, 532 U.S. at

604. Applying *Buckhannon*, the Second Circuit has held that a plaintiff's "voluntary dismissal of an action with prejudice works such alteration, because it constitutes 'an adjudication on the merits for purposes of res judicata,' and an action so dismissed could not be brought again." *Carter*, 659 F.3d at 165 (internal citation omitted); *see also Janik v. Spin Media*, No. 16-cv-7308, 2017 U.S. Dist. LEXIS 199343, at *4-6 (S.D.N.Y. Dec. 4, 2017) ("The Second Circuit Court of Appeals has held expressly that a voluntary dismissal with prejudice is an enforceable judgment on the merits for purposes of an award of attorney's fees and costs, and thus effects a 'material alteration of the legal relationship of the parties.'"); *Balance Point Divorce Funding, LLC v. Scrantom*, 305 F.R.D. 67, 71 (S.D.N.Y. 2015) ("A voluntary dismissal of an action with prejudice satisfies the *Buckhannon* test 'because it constitutes 'an adjudication on the merits for purposes of res judicata' and any action so dismissed could not be brought again.'").

Based on this binding precedent, courts within the Second Circuit have held that a defendant is a prevailing party for purposes of an award of costs when the plaintiff voluntarily dismisses an action with prejudice under Rule 41(a)(1) or the parties stipulate to the dismissal of an action with prejudice under Rule 41(a)(1) – not only when the court orders a dismissal under Rule 41(a)(2), as Plaintiffs contend. *See BWP Media USA, Inc. v. Gossip Cop Media, LLC*, No. 13 Civ. 7474, 2015 U.S. Dist. LEXIS 8804, *12-13 (S.D.N.Y. Jan. 26, 2015) (holding that where the parties agreed to a stipulation of dismissal pursuant to Rule 41(a)(1), "such a dismissal 'has the effect of a final adjudication on the merits favorable to the defendant and bars future suits brought by plaintiff upon the same cause of action'" and "[t]herefore, because the stipulation of dismissal 'immunize[s] [the] defendant from the risk of further litigation on the merits,' Defendant has prevailed") (internal citation omitted); *Opoku v. County of Suffolk*, 123 F. Supp. 3d 404, 411-412 (E.D.N.Y. 2015) (holding that the defendant was the prevailing where the

plaintiff filed a voluntary stipulation of dismissal with prejudice under Rule 41(a)(1) because "the Second Circuit has clearly held that a defendant in an action that is voluntarily dismissed with prejudice is a prevailing party"); *Ninox TV Ltd. v. Fox Entm't Group, Inc.*, No. 04 Civ. 7891, 2006 U.S. Dist. LEXIS 38868, at *4-5 (S.D.N.Y. June 13, 2006) (holding that the defendant was the prevailing party following the parties' stipulation of dismissal with prejudice under Rule 41(a)(1) because "[a] dismissal of an action with prejudice 'has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action'" and "as a matter of policy, requiring a defendant to reject a plaintiff's offer to dismiss its claims with prejudice in order to preserve its right to obtain attorney's fees would burden courts with the necessity of resolving unnecessary summary judgment motions").[1]

In this case, the parties filed a stipulation of dismissal under Rule 41(a)(1) providing that "[t]his action, and all claims and causes of action which were, or which could have been, asserted herein by Bagwell and Levy against WWE are dismissed with prejudice," and the Court entered an order granting that stipulation of dismissal (Doc. Nos. 164-165). It is undisputed that no money was paid by WWE to either Plaintiff in consideration for the dismissal of Plaintiffs' claims with prejudice. The stipulation of dismissal constituted a final adjudication on the merits that bars either Plaintiff from bringing future claims against WWE that were or could have been asserted in this action. Accordingly, under controlling Second Circuit precedent, the stipulation of dismissal resulted in a material alteration in the legal relationship between the parties such that WWE is the prevailing party for purposes of an award of costs under Rule 54(d).

---

[1] The only Second Circuit cases cited by Plaintiffs on the prevailing party issue were decided many years prior to the Second Circuit's ruling in *Carter*, did not involve the question of whether a *defendant* was the prevailing party for purposes of an award of fees or costs, and in any event, are consistent with the foregoing authorities. *See Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir. 2009) (denying attorneys' fees under 42 U.S.C. § 1988(b) because plaintiffs were merely granted a TRO that maintained the status quo and did not alter the parties' legal relationship); *Torres v. Walker*, 356 F.3d 238, 243 (2d Cir. 2004) (concluding that the fee cap in the PLRA did not apply where the plaintiff entered into a settlement agreement with the defendant because a monetary judgment was not entered).

DEFENDANT WORLD WRESTLING
ENTERTAINMENT, INC.

By: */s/ Jerry S. McDevitt*
    Jerry S. McDevitt (*pro hac vice*)
    Curtis B. Krasik *(pro hac vice)*
    K&L GATES LLP
    K&L Gates Center
    210 Sixth Avenue
    Pittsburgh, PA 15222
    Phone: (412) 355-6500
    Fax: (412) 355-6501
    Email: jerry.mcdevitt@klgates.com
    Email: curtis.krasik@klgates.com

    Jonathan B. Tropp (ct11295)
    Jeffrey P. Mueller (ct27870)
    DAY PITNEY LLP
    242 Trumbull Street
    Hartford, CT 06103
    Phone: (860) 275-0100
    Fax: (860) 275-0343
    Email: jbtropp@daypitney.com
    Email: jmueller@daypitney.com

    Its Attorneys

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on January 2, 2018, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

        */s/ Jeffrey P. Mueller*
        Jeffrey P. Mueller (ct27870)