**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------x
                               :
MARCUS BAGWELL and SCOTT LEVY, :
individually and on behalf     :  Civ. No. 3:16CV01350(JCH)
of all others similarly        :
situated,                      :
                               :
v.                             :
                               :
WORLD WRESTLING ENTERTAINMENT, :
INC.                           :  January 22, 2018
                               :
-------------------------------x
```

**RECOMMENDED RULING RE: VERIFIED BILL OF COSTS**

Defendant World Wrestling Entertainment, Inc. ("WWE") has filed a Verified Bill of Costs seeking to recover the costs of depositions and transcripts of pre-trial proceedings. [Doc. #167]. Plaintiffs Marcus Bagwell ("Bagwell") and Scott Levy ("Levy") (collectively, "plaintiffs") have filed an objection. [Doc. #168]. WWE has filed a Reply. [Doc. #169-1]. For the reasons set forth herein, the Court recommends against an award of costs.

**I.   BACKGROUND**

Plaintiffs brought this action on behalf of themselves and all similarly situated individuals for damages, alleging that WWE failed to make certain royalty payments. See Doc. #65 at 1-2. WWE filed a counterclaim against Levy alleging breach of contract. See Doc. #135 at 30-36.

On December 7, 2017, the parties filed a joint Stipulation of Dismissal pursuant to Rule 41(a)(1)(A)(ii). See Doc. #164. The

1

parties stipulated to the dismissal of all of plaintiffs' claims against WWE, with prejudice. See id. at 1. The parties further stipulated to the dismissal of WWE's counterclaim against Levy, without prejudice, permitting WWE to revive the counterclaim "only if Levy ever brings any claim against WWE in the future which, in whole or in part, alleges that WWE breached some contract with Levy." Id. On December 8, 2017, the Court entered an Order granting the Stipulation of Dismissal. See Doc. #165.

On December 15, 2017, WWE filed a Verified Bill of Costs, pursuant to Fed. R. Civ. P. 54(d) and D. Conn. L. Civ. R. 54, seeking $6,105.40 in costs. The costs asserted were incurred to obtain (1) written transcripts and video recordings of the depositions of Levy and Bagwell, and (2) transcripts of several pre-trial proceedings. See generally Doc. #167. Plaintiffs filed an objection on December 29, 2017, asserting that WWE is not entitled to costs because it is not a prevailing party under Federal Rule of Procedure 54(d), and that even if WWE were considered a prevailing party, it would not be entitled to receive costs for obtaining video recordings of depositions or transcripts of pre-trial hearings. See generally Doc. #168. WWE filed a reply.[1]

---

[1] On January 2, 2018, WWE filed a motion for leave to file a Reply. See Doc. #169. WWE attached its proposed Reply to the motion. See Doc. #169-1. The motion for leave to file has been granted in a separate order. See Doc. #172. The Court has considered the arguments set forth in WWE's Reply.

See Doc. #169-1. The Bill of Costs was referred to the undersigned by Chief Judge Janet C. Hall on January 3, 2018. See Doc. #171.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Local Rule 54 provides that "[t]he Clerk shall enter an order allowing costs to the prevailing party unless the Court otherwise directs[,]" but that "[n]o costs shall be allowed to any party if the Court is unable to identify the prevailing party." D. Conn. L. Civ. R. 54(a)(2). The losing party bears the burden of showing that costs should not be imposed. See Giuffre Hyundai, Ltd. v. Hyundai Motor Am., 574 F. App'x 30, 31 (2d Cir. 2014). However, the decision to award costs is ultimately left to the Court's discretion. See Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 565 (2012) ("Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties."); see also, Marx v. Gen. Revenue Corp., 568 U.S. 371, 377 (2013) ("[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court.").

## III. DISCUSSION

### A. Prevailing Party

The Court turns first to the issue of whether WWE is a prevailing party as contemplated by Rule 54(d). WWE asserts that it is entitled to costs as the prevailing party because plaintiffs voluntarily dismissed their claims. See Doc. #167 at 5-7. Plaintiffs disagree, arguing that a voluntary dismissal pursuant to Rule 41(a)(1)(A)(ii) does not constitute the judicially sanctioned relief required for WWE to be a prevailing party. See Doc. #168 at 6-10.

In order for WWE to be a prevailing party, there must be a "judicially sanctioned change in the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 605 (2001); see also Dattner v. Conagra Foods, Inc., 458 F.3d 98, 101 (2d Cir. 2006) ("In the context of fee-shifting statutes, the Supreme Court has held that, for a party to be prevailing, there must be a judicially sanctioned change in the legal relationship of the parties.") (internal quotation marks omitted)).

Here, the parties filed a stipulated dismissal of their respective claims, pursuant to Rule 41(a)(1)(A)(ii), and the Court merely entered an order "granting" the dismissal. See Doc. ##164, 165. The parties disagree as to whether this constitutes such a judicially sanctioned change in the legal relationship of the

parties. WWE points to the Second Circuit's decision in Carter v. Inc. Vill. of Ocean Beach, see Doc. #169-1 at 3, in which the court determined that defendants were prevailing parties (for purposes of attorney's fees, rather than Rule 54 costs) after some claims were dismissed voluntarily and the Court awarded summary judgment to defendants on the others. See Carter v. Inc. Vill. of Ocean Beach, 759 F.3d 159, 166 (2d Cir. 2014). Conversely, plaintiffs cite to the Second Circuit's decision in Torres v. Walker. See Doc. #168 at 8. In Torres, the Court concluded that "the 'so-ordered' stipulation of dismissal in this case does not carry with it a 'sufficient judicial imprimatur' to warrant treatment as a monetary judgment for the purposes of the PLRA." Torres v. Walker, 356 F.3d 238, 244 (2d Cir. 2004). These decisions are both distinguishable. In Carter, the court actually entered judgment in favor of the defendants, on the merits, on certain claims, and expressly found that "all of Plaintiff's claims against [these defendants] were, from the beginning, frivolous, unreasonable, or without foundation." Carter, 759 F.3d at 164 (internal citation and quotation marks omitted). Torres, on the other hand, involved a very particular statutory fee-shifting scheme, and was not focused on the question of a cost award. See Torres, 356 F.3d at 240 ("[W]e conclude that the PLRA's fee cap does not apply to the 'so-ordered' stipulation of dismissal entered in this case[.]").

The Court is not persuaded that there has been a judicially sanctioned change in the parties' relationship. A voluntary dismissal is effective upon filing, and no court order is required to give it effect. See Lindquist v. Murphy, No. 3:15CV0870(CSH), 2015 WL 6692244, at *2 (D. Conn. Nov. 3, 2015); see also Hester Indus., Inc. v. Tyson Foods, Inc., 160 F.3d 911, 916 (2d Cir. 1998) (noting that a stipulated dismissal pursuant to Rule 41(a)(1)(ii) is not by order of the court). The order "granting" the stipulation is appropriately construed as an acknowledgment of the stipulation's receipt, and a mechanism for triggering closure of the civil case. See Doc. ##165, 166. No judicial sanction was necessary, and none was given. One case cited by defendants for the proposition that a dismissal with prejudice triggers prevailing party status is instructive. In Surprise v. GTE Serv. Corp., 202 F.R.D. 79, 80 (D. Conn. 2000), the plaintiff moved to dismiss a count, under Rule 41(a)(2), which requires a court order. There, the court concluded that the dismissal would render the defendant a prevailing party for Rule 54 purposes. The court granted the motion to dismiss, but, notably, the court "decline[d] to award costs to either party." Surprise, 202 F.R.D. at 82.[2] Here no motion was required and none was filed.

---

[2] WWE also cites to Opoku v. Cty. of Suffolk, 123 F. Supp. 3d 404 (E.D.N.Y. 2015). There, the Court found the defendants to be "prevailing parties," but focused its analysis on the award of fees under 42 U.S.C. §1988, and ultimately concluded: "Accordingly, the Court, in its discretion, declines to award

6

Courts have found "prevailing party" status where the parties reached a stipulated settlement, but only where the Court retained jurisdiction to enforce the settlement agreement or otherwise expressly sanctioned the agreement. See, e.g., Perez v. Westchester Cty. Dep't of Corr., 587 F.3d 143, 152 (2d Cir. 2009) (finding "judicially sanctioned" requirement met where settlement agreement was expressly conditioned on court approval); Roberson v. Giuliani, 346 F.3d 75, 84 (2d Cir. 2003) (holding that "the district court's retention of jurisdiction over the Agreement in this case provides sufficient judicial sanction to convey prevailing party status on plaintiffs[]").

There was no judicial ruling on a motion to dismiss in this case. The Court did not retain jurisdiction over the action to enforce any agreement between the parties. The parties' agreement was not conditioned upon court approval. Without a <u>judicially sanctioned</u> change in the parties' positions, WWE is not a

---

attorney's fees in this case." Opoku, 123 F. Supp. 3d at 419. The Court likewise declined to award attorney's fees, and only mentioned Rule 54 costs in passing, in Ninox Television Ltd. v. Fox Entm't Grp., Inc., No. 04CV7891(DLC), 2006 WL 1643300, at *3 (S.D.N.Y. June 13, 2006), also cited by WWE. WWE also cites an unpublished decision in BWP Media USA, Inc. v. Gossip Cop Media, LLC, 1:13CV07574(KPF) (S.D.N.Y.), in which the court declined to award attorney's fees under the Copyright Act to a "prevailing party" defendant. See BWP Media, Doc. #41. WWE fails to note that in BWP Media, the dismissal was by order of the court. See BWP Media, Doc. #17 (Order of Dismissal); Doc. #41 at 11 ("The Court ordered the dismissal with prejudice to which the parties had stipulated on March 4, 2014, which order effected a material change in the legal relationship" of the parties.).

prevailing party. The Court therefore recommends that the Bill of Costs be denied.

As discussed below, however, even if WWE were a prevailing party, the Court would not find that an award of the full amount of costs claimed is appropriate in this case.

### B. Necessary Costs

WWE seeks $2,618.05 for written transcripts and $2,480.00 for video recordings of the depositions of Levy and Bagwell, for a total of $5,098.05. See Doc. #167 at 9. WWE further requests a total of $1,007.35 for the transcripts of five pre-trial proceedings. See id. at 10.

#### 1. *Deposition Transcripts and Video Recordings*

Local Rule 54 provides that the following deposition costs are taxable by a prevailing party:

> [A]ny paper deposition transcript (as well as electronic text, audio, or audiovisual transcript if used in that form) ... if used at trial in lieu of live testimony, for cross-examination or impeachment, if used in support of a successful motion for summary judgment, or if they are necessarily obtained for the preparation of the case and not for the convenience of counsel.

D. Conn. L. Civ. R. 54(c)(2)(ii).

The deposition transcripts were not used in support of summary judgment, or at trial; thus, for these costs to be taxable, WWE must establish that the materials were "necessarily obtained for the preparation of the case and not for the convenience of counsel." WWE contends that it used the transcript

of Levy's deposition in support of a motion to compel, and that it was in the process of drafting a similar motion using Bagwell's deposition transcript when the parties filed the stipulation of dismissal. See Doc. #167 at 8. WWE states that it obtained the video recordings to "use in submissions to the Court and/or as potential impeachment material at trial." Id. Plaintiffs do not dispute that WWE would be entitled to recover the cost of the written transcripts if it were a prevailing party, but contend that WWE has failed to show that the video recordings were necessary. See Doc. #168 at 11.

The Court agrees that if it were a prevailing party, WWE would be permitted to recover the costs of the written transcript of plaintiff Levy's deposition under Local Rule 54, because the transcript was used to prepare a motion filed with the Court.[3] The transcript of the deposition of Bagwell had not been used to prepare a motion filed on the docket, but the Court concludes that the transcript was necessary. However, the Court does not find that video recordings were necessarily obtained for the preparation of the case. The written transcripts proved sufficient for WWE's use in pre-trial submissions. They would have been equally suitable for potential impeachment at trial. There is no

---

[3] Specifically, WWE relied upon testimony from Mr. Levy's deposition in its Motion to Compel. See Doc. #132-1 at 9-15. Counsel attached 21 four-page excerpts from the deposition to the motion. See Doc. #132-3 at 5-26.

indication that either Bagwell or Levy suffered from any health condition or otherwise was likely to be unavailable for trial. Accordingly, WWE would be entitled to reimbursement for the $2,618.05 it seeks for obtaining the written deposition transcripts, but not to payment of the $2,480.00 cost of the video recordings.[4]

### 2.  *Transcripts of Pre-Trial Proceedings*

Local Rule 54 provides that the cost of "transcripts of pre-trial proceedings" are taxable costs "if authorized in advance by the Court or if necessarily obtained for use in the case." D. Conn. L. Civ. R. 54(c)(2)(i). The Rule further expressly provides that the cost of "an expedited or daily copy transcript produced for the convenience of counsel" is not taxable. D. Conn. L. Civ. R. 54(c)(7)(iv).

The Court did not authorize the ordering of transcripts of pre-trial hearings in advance. WWE argues that the transcripts of pre-trial proceedings were "necessarily obtained" because "they were used in connection with, among other things, informing WWE's positions on discovery and the preparation of various joint status reports and discovery motions." Doc. #167 at 10. Plaintiffs argue that the transcripts were not "necessarily obtained," because the

---

[4] The Court notes that it is possible for parties to elect to memorialize a deposition solely by video recording, with no court reporter present. The Court does not address here, because the question is not presented, whether the costs of a video recording of a deposition would be taxable in such circumstances.

Court's Orders and docket entries, along with notes taken by WWE's counsel, "were more than adequate to 'inform' the parties' positions on discovery-related issues." Doc. #168 at 15.

The Court first notes that the transcripts of three of these five conferences were ordered on an expedited basis. See Doc. #167-2 at 8, 10, 14. Local Rule 54 expressly provides that "[c]osts of an expedited or daily copy transcript produced for the convenience of counsel" are not taxable. D. Conn. L. Civ. R. 54(c)(7)(iv). There is no indication in the record or in WWE's briefing of any reason other than the convenience of counsel that these expedited transcripts were obtained. Another of the transcripts was ordered a day before the hearing was conducted. See Doc. #167-2 at 6 (indicating transcript was ordered November 3, 2016, for hearing to be conducted on November 4, 2016). It does not appear that counsel made a considered decision that this transcript was "necessary," since at the time it was ordered, counsel could not have known what would transpire during the conference.

The Court finds that the costs of the July 27, 2017; August 11, 2017; and October 6, 2017; hearing transcripts are not taxable under Local Rule 54(c)(7)(iv). The Court finds that the transcript of the November 4, 2016, hearing was not "necessarily obtained" for use in this case, in light of its having been ordered in advance of the hearing itself. Furthermore, the Court finds as a

11

general matter that transcripts of these proceedings were not necessary to the conduct of this case, but rather were obtained for the convenience of counsel. Defendant was represented by multiple attorneys at each conference. Notes taken by these counsel, coupled with the Court's Orders and docket entries, would have been sufficient to inform WWE's position on pre-trial issues. Accordingly, the Court would not recommend an award of the $1,007.35 cost of obtaining transcripts of pre-trial proceedings.

### C. Discretion of the Court

As the Court has observed, WWE is not a "prevailing party" for purposes of an award of costs, because there was no "judicially sanctioned" change in the parties' positions. Many of the costs sought by WWE are not taxable under the Local Rules. But even if WWE were a prevailing party, the Court would not be required to award the $2,618.05 in allowable costs for the written transcripts of the depositions of Bagwell and Levy.

"Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 442 (1987); see also Wilder v. GL Bus Lines, 258 F.3d 126, 129 (2d Cir. 2001) ("Rule 54(d)(1) is phrased permissively ... because it permits a court to refuse to impose costs on the losing party at all."). Given the presumption in favor of an award of costs, however, if a court denies an award of costs, it must explain its decision. See

Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001), abrogated on other grounds by Bruce v. Samuels, 136 S. Ct. 627 (2016). Here, there are equitable reasons to decline an award of costs.

First, in exchange for the withdrawal of their claims with prejudice, the plaintiffs secured a benefit: withdrawal of the counterclaim. Although this withdrawal was without prejudice, the parties' agreement closely limited the circumstances in which such a claim could be reasserted. "In a case such as this where the defendant counter-claims for affirmative relief and neither party prevails on its claim, it is quite appropriate to deny costs to both parties[.]" Srybnik v. Epstein, 230 F.2d 683, 686 (2d Cir. 1956). Second, a court may decline to award costs where the parties are "dissimilar in terms of resources or bargaining power." Rubinow v. Boehringer Ingelheim Pharm., Inc., No. 3:08CV01697(SRU), 2013 WL 4402368, at *2 (D. Conn. Aug. 14, 2013). The defendant's "ability to absorb this loss" is a relevant consideration. See id.

"This Court's authority to deny costs to a prevailing party upon a showing that such an award would be inequitable, is inherent in the equitable powers granted to the district courts pursuant to Article III of the U.S. Constitution." DLC Mgmt. Corp. v. Town of Hyde Park, 45 F. Supp. 2d 314, 315 (S.D.N.Y. 1999). Where a court has "familiarity with the merits and trial tactics employed throughout" a case, the court may simply "find[] an award

of costs inequitable based on the factual predicate of this case and its history." Id.

## IV. CONCLUSION

For the reasons set forth herein, the Court recommends against an award of costs as requested in WWE's Bill of Costs **[Doc. #167]**.

This is a recommended ruling. **Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with this order**. See Fed. R. Civ. P. 72(b)(2). Failure to object within fourteen (14) days will preclude appellate review. See 28 U.S.C. §636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; D. Conn. L. Civ. R. 72.2(a); Small v. Secretary of H.H.S., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED at New Haven, Connecticut, this 22nd day of January, 2018.

                                        /s/
                                HON. SARAH A. L. MERRIAM
                                UNITED STATES MAGISTRATE JUDGE